# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| SYCAMORE PARTNERS MANAGEMENT, L.P. (F/K/A SYCAMORE PARTNERS MANAGEMENT, L.L.C.), SYCAMORE PARTNERS, L.P., and SYCAMORE PARTNERS A, L.P., <br><br> Plaintiffs, <br><br> v. <br><br> ENDURANCE AMERICAN INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, ZURICH AMERICAN INSURANCE COMPANY, XL SPECIALTY INSURANCE COMPANY, STARR INDEMNITY & LIABILITY COMPANY, MARKEL AMERICAN INSURANCE COMPANY, ARGONAUT INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, IRONSHORE INDEMNITY INC., and EVEREST NATIONAL INSURANCE COMPANY, <br><br> Defendants. | Case No. <br><br> [State Case No. N18C-09-211; Filed: September 24, 2018] |

## DEFENDANT STARR INDEMNITY & LIABILITY COMPANY NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1452 AND 1334

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

**PLEASE TAKE NOTICE** that defendant Starr Indemnity & Liability Company ("defendant" or "Starr") hereby removes Civil Action No. N18C-09-211

1

from the Superior Court of the State of Delaware to the United States District Court for the District of Delaware.[1]  A true and correct copy of the Summons, Complaint, and all prior pleadings filed from Civil Action No. N18C-09-211 is attached as Exhibit A.  The nature of the state action and bankruptcy proceedings and the grounds for removal are as follows:

## NATURE OF THE STATE ACTION AND THE BANKRUPTCY PROCEEDINGS

1.  Sycamore allegedly is a private equity group that consists of entities that manage and hold investments in portfolio companies through a variety of strategies, including leveraged buyouts, distressed buyouts, corporate carve outs, and debt investments. (Exh. A, Compl. ¶ 2).  Various parties have asserted claims against Sycamore alleging that Sycamore committed wrongful acts in connection with Sycamore's investing in and transactions involving a portfolio company called Nine West Holdings, Inc. ("Nine West"). (Exh. A, Compl. ¶ 5).

2.  On April 6, 2018, Nine West filed Chapter 11 petitions in the United States Bankruptcy Court for the Southern District of New York styled *In re Nine West Holdings, Inc. et al.,* Case No. 1:2018-bk-10947 (the "Nine West

---

[1] By removing this matter, the removing defendant does not waive, and expressly preserves, any and all defenses that it may have, including, but not limited to, lack of subject matter jurisdiction, improper venue, and failure to state a claim for which relief can be granted.

Bankruptcy"). Sycamore contends that, at the time of the bankruptcy filing, the Nine West Bankruptcy Estate became empowered to pursue claims against Sycamore and negotiate potential settlements for the purported wrongdoing of Sycamore. *Id.* Nine West creditors also have asserted claims against Sycamore for, *inter alia*, fraudulent conveyances, and breach of fiduciary duties relating to various proposed "restructuring agreements" of Nine West, and have demanded that Sycamore compensate them for the alleged damages caused by Sycamore to Nine West and/or its creditors. (Exh. A, Compl. ¶ 42-43).

3. On September 24, 2018, the action styled *Sycamore Partners Management, L.P., (F/K/A Sycamore Partners Management, L.L.C.), et al v. Endurance American Insurance Company, et al.,* Case No. N18C-09-211 was filed in the Superior Court of the State of Delaware (the "Coverage Action"). In the Coverage Action, Sycamore sued ten insurers (Endurance American Insurance Company, Continental Casualty Company, Zurich American Insurance Company, XL Specialty Insurance Company, Starr, Markel American Insurance Company, Argonaut Insurance Company, Great American Insurance Company, Ironshore Indemnity, Inc., and Everest National Insurance Company) who issued primary and excess policies to Sycamore Partners Management, L.P. effective from December 31, 2016 to June 30, 2018. In the Coverage Action, Sycamore seeks coverage for creditor claims asserted against it in the Nine West Bankruptcy.

Sycamore alleges claims for breach of contract and declaratory relief against the primary insurer, Endurance American Insurance Company. Sycamore alleges claims for declaratory relief only against the nine excess insurers.

## THIS COURT HAS JURISDICTION UNDER 28 U.S.C. § 1334(b) BECAUSE THE COVERAGE ACTION IS RELATED TO THE NINE WEST BANKRUPTCY

4. This Court has original jurisdiction over the instant civil action pursuant to 28 U.S.C. § 1334(b), which provides that the United States district courts shall have jurisdiction over all civil proceedings "related to cases under title 11 [the United States Bankruptcy Code]." In addition, 28 U.S.C. § 1452(a) provides that any "party may remove any claim or cause of action . . . to the district court for the district where such civil action is pending, if such district courts has jurisdiction of such claim or cause of action under section 1334 of this title."

5. The Third Circuit has explained that "related to" jurisdiction is "extremely broad, extending to any action the outcome of which could conceivably have any effect on the estate being administered in the bankruptcy." *John Wyeth & Brother Limited v. Cigna International Corp.*, 119 F.3d 1070, 1075 (3d Cir. 1997) (quoting *Pacor v. Higgins,* 743 F.2d 984, 994 (3d Cir. 1984) (quotation marks and emphasis removed). The "key word in the test is 'conceivable'"; certainty or likelihood is not a requirement. *Zinchiak v. CIT Small Business Lending Corp.,* 406 F.3d 214, 226 (3d Cir. 2005). Further, a state action is "related to" a

4

bankruptcy proceeding even when the claim is between third parties. *See Celotex Corp. v. Edwards,* 514 U.S. 300, 308 n.5 (1995) (holding that disputes between parties other than the debtor may be "related to" bankruptcy proceeding). Here, the instant Coverage Action and the Nine West Bankruptcy Action are related for purposes of this removal because Sycamore seeks coverage for the creditor claims asserted against it in the Nine West Bankruptcy.

## **THIS REMOVAL IS PROPER AND TIMELY**

6. This Notice of Removal is timely filed. Pursuant to 28 U.S.C. § 1446(b), a notice of removal must be filed within thirty (30) days of service of the Summons and Complaint on defendant Starr. Here, Sycamore served a copy of the summons and Complaint on Starr's agent for service of process on October 4, 2018. A true and correct copy of the Notice of Service of Process is included in Exhibit A following the Complaint.

7. Pursuant to 28 U.S.C. § 1446(d), defendant Starr will give notice of this Notice of Removal to plaintiff and defendants by filing this Notice of Removal with the Clerk of the Superior Court of the State of Delaware. Exhibit A includes copies of all process, pleadings, and orders in the state court case.

8. On removal of the Coverage Action, the proceeding will be non-core under 28 U.S.C. § 157(b) because the Coverage Action is not listed among the non-exhaustive list of core proceedings in section 157(b)(2). Further, the Coverage

Action is a non-core proceeding because it does not invoke a substantive right provided by the Bankruptcy Code; rather, the Coverage Action will raise issues of coverage under the insurance policies issued by the primary and excess insurers to Sycamore, which generally arises outside the context of a bankruptcy case. *See Halper v. Halper,* 164 F.3d 830, 836-37 (3d Cir. 1999).

9. Further, Starr does not consent to entry of any final orders or judgment by a bankruptcy court should this Court refer the Coverage Action to a bankruptcy court.

10. For these reasons, defendant Starr hereby removes the action now pending in the Superior Court of the State of Delaware, Civil Action No. N18C-09-211, to the United States District Court for the District of Delaware.

Dated:  October 23, 2018

    */s/ Barry M. Klayman*
Barry M. Klayman (#3676)
COZEN O'CONNOR
1201 N. Market Street
Suite 1001
Wilmington, DE 19801
(302) 295-2035
bklayman@cozen.com

*Attorneys for Defendant,* STARR INDEMNITY & LIABILITY COMPANY