# EXHIBIT A

EFiled: Sep 24 2018 07:02PM EDT
Transaction ID 62437386
Case No. N18C-09-211 AML

SUMMONS UNDER 10 *DEL. C.* § 310

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| SYCAMORE PARTNERS MANAGEMENT, L.P. (F/K/A SYCAMORE PARTNERS MANAGEMENT, L.L.C.), SYCAMORE PARTNERS, L.P., and SYCAMORE PARTNERS A, L.P., <br><br> Plaintiffs, <br><br> v. <br><br> ENDURANCE AMERICAN INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, ZURICH AMERICAN INSURANCE COMPANY, XL SPECIALTY INSURANCE COMPANY, STARR INDEMNITY & LIABILITY COMPANY, MARKEL AMERICAN INSURANCE COMPANY, ARGONAUT INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, IRONSHORE INDEMNITY INC., and EVEREST NATIONAL INSURANCE COMPANY, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

C.A. No. _____ (CCLD)

**TRIAL BY JURY OF TWELVE DEMANDED**

## SUMMONS

TO:  **PLAINTIFFS' COUNSEL**

**YOU ARE COMMANDED:**

1.     To summon the below-named Defendants so that, within twenty (20) days after service hereof upon Defendants, exclusive of the day of service,

Defendants shall serve upon David J. Baldwin, Plaintiffs' attorney, whose address

is c/o Potter Anderson & Corroon LLP, Hercules Plaza, Sixth Floor, 1313 N. Market

Street, Wilmington, DE 19801, answers to the Complaint (and, if an Affidavit of

Demand has been filed, an Affidavit of Defense).

     2.    To serve upon Defendants a copy hereof and of the Complaint (and of

the Affidavit of Demand if any has been filed by Plaintiffs).

Dated: 10-2-18

SUSAN A. HEARN
Prothonotary

Per Deputy

Continental Casualty Company
Zurich American Insurance Company
Starr Indemnity & Liability Company
Markel American Insurance Company
Argonaut Insurance Company
Great American Insurance Company
Ironshore Indemnity Inc.

**TO THE ABOVE-NAMED DEFENDANTS:**

     In case of your failure, within twenty (20) days after service hereof upon you,

exclusive of the day of service, to serve on Plaintiffs' attorney named above answers

to the Complaint (and, if an Affidavit of Demand has been filed, an Affidavit of

Defense), judgment by default will be rendered against you for the relief demanded

in the Complaint (or in the Affidavit of Demand, if any).

SUSAN A. HEARN
Prothonotary

5918552/45380

Per Deputy

2

EFiled: Sep 24 2018 07:02PM EDT
Transaction ID 62437386
Case No. N18C-09-211 AML CCLD

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| SYCAMORE PARTNERS MANAGEMENT, L.P. (F/K/A SYCAMORE PARTNERS MANAGEMENT, L.L.C.), SYCAMORE PARTNERS, L.P., and SYCAMORE PARTNERS A, L.P., | ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) C.A. No. _____ (CCLD) ) |
| ENDURANCE AMERICAN INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, ZURICH AMERICAN INSURANCE COMPANY, XL SPECIALTY INSURANCE COMPANY, STARR INDEMNITY & LIABILITY COMPANY, MARKEL AMERICAN INSURANCE COMPANY, ARGONAUT INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, IRONSHORE INDEMNITY INC., and EVEREST NATIONAL INSURANCE COMPANY | ) ) **TRIAL BY JURY OF** ) **TWELVE DEMANDED** ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

Plaintiffs Sycamore Partners Management, L.P. (f/k/a Sycamore Partners Management, L.L.C), Sycamore Partners, L.P. and Sycamore Partners A, L.P. (collectively "Plaintiffs" or "Sycamore") for their Complaint against Defendants Endurance American Insurance Company ("Endurance"), Continental Casualty

Company ("CNA"), Zurich American Insurance Company ("Zurich"), XL Specialty Insurance Company ("XL"), Starr Indemnity & Liability Company ("Starr"), Markel American Insurance Company ("Markel"), Argonaut Insurance Company ("Argonaut"), Great American Insurance Company ("Great American"), Ironshore Indemnity, Inc. ("Ironshore"), and Everest National Insurance Company ("Everest") (collectively "Defendants" or the "Insurers") allege as follows:

### NATURE OF THE ACTION

1.      This is an action for declaratory judgment and breach of contract arising from the Insurers' failure to provide insurance coverage to Sycamore in accordance with the terms of insurance policies the Insurers issued to Sycamore.

2.      Sycamore is a private equity group that consists of entities that, respectively, manage and hold investments in portfolio companies through a variety of strategies, including leveraged buyouts, distressed buyouts, corporate carveouts, and debt investments.

3.      In order to protect Sycamore, certain of its other affiliates (together, with Sycamore, the "Sycamore Entities"), and their officers, directors, employees, and other key individuals (the "Sycamore Individuals") against the types of claims that are sometimes asserted against those involved in the private equity business, each year Sycamore purchases a significant amount of broad and comprehensive liability insurance. Sycamore purchased a $100 million program of such liability

2

insurance from the Insurers, covering management liability claims (often referred to as directors and officers liability or "D&O" claims) and professional liability claims (often referred to as errors and omissions or "E&O" claims) made during the period from December 31, 2016 through June 30, 2018 (and subsequent claims that are related to claims first made during that period).

4.     In the insurance policies that the Insurers issued to Sycamore as part of this program (the "Policies"), the Insurers promised to provide coverage for all of the Sycamore Entities and the Sycamore Individuals for, among other things, the costs of investigating and defending against claims asserted against them ("Defense Expenses") and for the costs of settling such claims.

5.     Sycamore's decision to purchase this substantial amount of broad liability insurance – and pay the hefty premiums charged by the Insurers for such insurance – proved prudent.  Starting in August of 2017, various parties began to assert claims against Sycamore alleging that Sycamore and various Sycamore Individuals committed wrongful acts in connection with Sycamore's investment in and transactions involving a portfolio company called Nine West Holdings, Inc. ("Nine West").  Nine West and certain affiliated companies subsequently filed for Chapter 11 petitions on April 6, 2018 in the United States Bankruptcy Court for the Southern District of New York, at which time the Nine West bankruptcy estate

became empowered to pursue claims against Sycamore and the Sycamore Individuals and negotiate potential settlement of such claims.

6.     Sycamore has already incurred several million dollars of Defense Expenses in the investigation and defense of the claims asserted against Sycamore and the Sycamore Individuals (the "Nine West Claims") and continues to incur substantial Defense Expenses.

7.     After the Nine West Claims were asserted, Sycamore turned to the Insurers to provide the insurance coverage promised in the Policies.  However, despite having explicitly promised to provide coverage to Sycamore for the costs of investigating, defending and settling claims, when called upon to provide this promised coverage, the Defendant Insurers have failed to live up to their contractual promises.

8.     Sycamore has submitted millions of dollars of Defense Expenses it has incurred for the Nine West Claims to its primary insurer, Endurance, for reimbursement, including nearly $1.7 million which is now overdue under the terms of the Policies, which require payment within 60 days. Yet, breaching its contractual promise, Endurance has failed to pay Sycamore even a single penny in coverage for such Defense Expenses.  Additionally, the Insurers have repeatedly and consistently advised Sycamore that they (erroneously) believe that they have no obligation to

4

provide coverage for any settlement of the Nine West Claims, making clear that they will not comply with their contractual obligation to indemnify Sycamore.

9.      By this action, Plaintiffs accordingly seek declarations that (a) the Insurers are obligated to provide coverage for all Defense Expenses incurred for the Nine West Claims and (b) the Insurers are obligated to provide coverage for any settlement of the Nine West Claims.  Additionally, Plaintiffs seek damages from the primary insurer, Endurance, for its breach of contract in failing to pay Defense Expenses within 60 days as contractually required.

## THE PARTIES

10.     Plaintiff Sycamore Partners Management, L.P. (f/k/a Sycamore Partners Management, L.L.C.) is a Delaware limited partnership with its principal place of business in New York and is listed as the "Named Insured" under the Policies that are at issue in this action.

11.     Plaintiff Sycamore Partners, L.P. is a Delaware limited partnership with its principal place of business in New York and is covered as an "Insured" under the Policies that are at issue in this action.

12.     Plaintiff Sycamore Partners A, L.P. is a Delaware limited partnership with its principal place of business in New York and is covered as an "Insured" under the Policies that are at issue in this action.

5

13.   Upon information and belief, Defendant Endurance is a Delaware corporation with its principal place of business in New York.   Endurance is a licensed insurance company in Delaware.

14.   Upon information and belief, Defendant CNA is an Illinois corporation with its principal place of business in Illinois.   CNA is a licensed insurance company in Delaware.

15.   Upon information and belief, Defendant Zurich is a New York corporation with its principal place of business in Illinois.   Zurich is a licensed insurance company in Delaware.

16.   Upon information and belief, Defendant XL is a Delaware corporation with its principal place of business in Connecticut.   XL is a licensed insurance company in Delaware.

17.   Upon information and belief, Defendant Starr is a Texas corporation with its principal place of business in New York.   Starr is a licensed insurance company in Delaware

18.   Upon information and belief, Defendant Markel is a Virginia corporation with its principal place of business in Virginia.   Markel is a licensed insurance company in Delaware.

19.   Upon information and belief, Defendant Argonaut is an Illinois corporation with its principal place of business in Texas.  Argonaut is a licensed insurance company in Delaware.

20.   Upon information and belief, Defendant Great American is an Ohio corporation with its principal place of business in Ohio.  Great American is a licensed insurance company in Delaware.

21.   Upon information and belief, Defendant Ironshore is a Minnesota corporation with its principal place of business in New York.  Ironshore is a licensed insurance company in Delaware

22.   Upon information and belief, Defendant Everest is a Delaware corporation with its principal place of business in New Jersey.  Everest is a licensed insurance company in Delaware.

## JURISDICTION AND VENUE

23.   This Court has subject matter jurisdiction pursuant to Art. IV, § 7 of the Delaware Constitution and 10 *Del. C.* § 541.

24.   This Court has personal jurisdiction over the Defendant Insurers because, among other reasons, (a) three of the Defendant Insurers – Endurance, XL and Everest – are citizens of Delaware; (b) all of the Defendant Insurers are authorized to sell or write insurance in Delaware and all transact business in Delaware; (c) the Policies at issue in this case were all issued by the Defendant

7

Insurers to Sycamore Partners Management, L.P. – a Delaware limited partnership – as the Named Insured, and the Policies also insure numerous other Sycamore Entities that are organized under the laws of Delaware (including each of the Plaintiffs); and (d) the claims for which Sycamore is seeking coverage include claims brought on behalf of the bankruptcy estate of a Delaware corporation, Nine West.

25.     This Court has the power to declare the parties' rights and obligations under 10 *Del. C.* §§ 6501–6513.

26.     This case is properly designated for the Complex Commercial Litigation Division (CCLD) because the amount in controversy exceeds $1 million.

## FACTUAL BACKGROUND

### A.     The Policies Sycamore Purchased from the Insurers

27.     Each year, Sycamore Partners Management, L.P. purchases an insurance program that provides broad "claims-made" protection for claims asserted against the Sycamore Entities and Sycamore Individuals.  It purchased $100 million of such coverage for the period of December 31, 2016 to June 30, 2018 (the "Sycamore 2017-18 Program").

28.     Endurance issued the primary policy for the Sycamore 2017-18 Program (the "Primary Endurance Policy") which provides a coverage limit of $10 million in excess of a $500,000 retention borne by Sycamore.

8

29.   The other Insurers (the "Excess Insurers") provided the remaining $90 million in coverage limits pursuant to a series of excess insurance policies (the "Excess Policies") as follows:

| Layer | Insurance Company | Policy No. | Coverage Limits |
|---|---|---|---|
| Primary | Endurance | FIP100004512002 | $10 Million |
| 1st Excess | CNA | 425584030 | $10 Million in excess of ("x/s") $10 Million |
| 2nd Excess | Zurich | EOC017917801 | $10 Million x/s $20 Million |
| 3rd Excess | XL | ELU148147-16 | $10 Million x/s $30 Million |
| 4th Excess | Starr | 1000057797161 | $10 Million x/s $40 Million |
| 5th Excess | Markel | MKLM6EL0002892 | $10 Million x/s $50 Million |
| 6th Excess | Argonaut | MLX7602316-00 | $10 Million x/s $60 Million |
| 7th Excess | Great American | PEX2788290 | $10 Million x/s $70 Million |
| 8th Excess | Ironshore | 003018000 | $10 Million x/s $80 Million |
| 9th Excess | Everest | FL5PE00038-161 | $10 Million x/s $90 Million |

30.   Each of the Excess Policies provide that they "follow-form" to the coverage provided by the Primary Endurance Policy, except where the Excess Policies specifically provide otherwise.

9

31.    The Policies contain three coverage parts:  Coverage Parts A, B, and C.

32.    Coverage Part A provides, in part, that the Insurers "shall pay on behalf of each Insured Person, all Loss for which an Insured Entity does not pay indemnification to such Insured Person and which the Insured Person becomes obligated to pay on account of any Claim" which is "made against such Insured Person…"

33.    Coverage Part B provides, in relevant part, that the Insurers "shall pay on behalf of an Insured Entity, all Loss for which an Insured Entity pays indemnification to each Insured Person, which the Insured Persons become obligated to pay on account of any Claim" which is "made against such Insured…"

34.    Coverage Part C provides, in relevant part, that the Insurers "shall pay on behalf of an Insured Entity, all Loss for which the Insured Entity becomes obligated to pay on account of any Claim…"

35.    The Policies define "Insured Entity" to include Sycamore Partners Management, L.P. as the Named Insured and the other Sycamore Entities.  The Policies define "Insured Persons" to include, among others, all past, present or future directors, officers, employees or other specified positions at any of the Sycamore Entities (again, the "Sycamore Individuals").

36.    Thus, under Coverage Parts B and C of the Policies, the Insurers agreed to pay all "Loss" incurred by the Sycamore Entities as a result of any "Claim"

asserted against any of the Sycamore Entities or against any of the Sycamore Individuals.

37.   The Policies define a "Claim" to include not only lawsuits and other legal proceedings but also, among other things, "any written demand for monetary or non-monetary relief (including, but not limited to, injunctive relief) commenced by the receipt of such demand."

38.   The Policies define "Loss" to include, among other things, "settlements" and "Defense Expenses."

39.   Defense Expenses, in turn, are defined to include all "reasonable costs, charges, fees" – including but not limited to "legal fees and expenses of defense counsel"; "experts or consultant fees"; and "fees of vendors or service providers" – that are "incurred by the Insureds in the investigation of, defense of or appeal of any Claim…" In the Policies, the Insurers promised to "advance covered Defense Expenses no later than sixty (60) days after receipt by the Insurer of written notice of such Defense Expenses incurred by the Insured."

40.   Thus, in the Policies, the Insurers promised to provide prompt coverage to Sycamore for the costs of investigating and defending Claims asserted against the Sycamore Entities and the Sycamore Individuals and for the costs of settling such Claims.

**B.**   **The Nine West Claims**

41.   On August 3, 2017, Sycamore received a demand letter from the Jones Day law firm on behalf of certain creditors of Nine West, alleging that Sycamore had engaged in various wrongful acts in connection with its investment in and transactions involving Nine West and caused damages to Nine West and its creditors as a result. As the Insurers acknowledged when provided notice of this demand letter, it constituted a Claim under the Policies.

42.   Over the following months, creditors of Nine West asserted additional Claims against Sycamore and Sycamore Individuals, including but not limited to in various proposed "restructuring agreements" of Nine West, which demanded that Sycamore pay settlement funds to compensate for the alleged damages caused by Sycamore and the Sycamore Individuals to Nine West and its creditors.

43.   On April 6, 2018, Nine West and other affiliated entities filed for Chapter 11 petitions in the United States Bankruptcy Court for the Southern District of New York. As a result of the bankruptcy filing, the Nine West bankruptcy estate – through the disinterested directors of Nine West – became empowered to pursue all Claims against Sycamore and the Sycamore Individuals (again, the "Nine West Claims") and to negotiate potential settlements of the Nine West Claims with Sycamore. The Nine West Claims include, among others, alleged fraudulent

conveyances, breaches of fiduciary duty and aiding and abetting breaches of fiduciary duty.

44.    On September 11, 2018, the disinterested directors of Nine West and the Committee of Unsecured Creditors of Nine West sent a written demand letter to Sycamore (which also constituted a "Claim" under the Policies), which Sycamore provided to the Insurers.  This demand letter reiterated and alleged the Nine West Claims against Sycamore and the Sycamore Individuals, including various alleged breaches of fiduciary duties and aiding and abetting of breaches of fiduciary duties.

45.    Sycamore has already incurred several million dollars of Defense Expenses with respect to the Nine West Claims.  Sycamore is continuing to incur substantial Defense Expenses with respect to the Nine West Claims.

46.    The Nine West Claims are covered Claims under the Policies.  Thus, the Insurers are contractually obligated to pay all Loss incurred by Sycamore for the Nine West Claims, including Defense Expenses and any settlement of the Nine West Claims.

C.    **The Defendant Insurers' Failure to Provide the Coverage Promised in the Policies**

47.    Sycamore has been submitting the Defense Expenses it has incurred for the Nine West Claims to Endurance for payment on a rolling basis.  Sycamore has already submitted millions of dollars of its Defense Expenses to Endurance for payment, including nearly $2.2 million of Defense Expenses (meaning $1.7 million

in excess of Sycamore's retention) that were submitted more than sixty days prior to the date of this filing.

48.    Despite the fact that Endurance promised in the Primary Endurance Policy to advance Defense Expenses within 60 days of being provided notice of such Defense Expenses, Endurance has yet to pay any of Sycamore's Defense Expenses for the Nine West Claims.  Thus, Endurance has breached the Primary Endurance Policy.

49.    The Insurers have also made clear that they will not willingly comply with their contractual obligations to provide coverage for any settlement of the Nine West Claims.  Since the time that Sycamore provided notice to the Insurers of the first Nine West Claims, the Insurers have repeatedly and consistently advised Sycamore of their position that they would have no obligation to provide coverage for an eventual settlement of the Nine West Claims.

50.    The Insurers explicitly promised in the Policies to provide coverage for the costs of investigating, defending and settling Claims such as the Nine West Claims.  Accordingly, the Insurers have no legitimate basis to deny or refuse coverage to Sycamore for Defense Expenses for the Nine West Claims or a settlement of the Nine West Claims.

14

## COUNT I: BREACH OF CONTRACT

## (AGAINST DEFENDANT ENDURANCE)

51.    Plaintiffs incorporate be reference and restate herein the allegations of Paragraphs 1 through 50.

52.    The Primary Endurance Policy is a valid and binding contract.

53.    Plaintiffs have complied with all required conditions of the Primary Endurance Policy, including the timely payment of all required premiums to Endurance.

54.    The Primary Endurance Policy provides that Endurance will pay covered Defense Expenses no later than sixty days after receiving notice of such Defense Expenses.

55.    Plaintiffs have already submitted millions of dollars of Defense Expenses incurred for the Nine West Claims to Endurance for payment, including nearly $2.2 million of Defense Expenses (meaning $1.7 million in excess of Sycamore's retention) that were submitted more than sixty days prior to the date of this filing.  Yet, to date, Endurance has not paid a single penny of Plaintiff's Defenses Expenses.

56.    Endurance has breached the Primary Endurance Policy by failing to pay Plaintiffs' Defense Expenses for the Nine West Claims within sixty days of being notified of such Defense Expenses.

15

57.    Plaintiffs have been damaged by Endurance's breach of the Primary Endurance Policy as they have been deprived of payments due from Endurance under the Primary Endurance Policy.

## COUNT II: DECLARATORY JUDGMENT ON DEFENSE COSTS
## (AGAINST ALL DEFENDANTS)

58.    Plaintiffs incorporate by reference and restate herein the allegations or Paragraphs 1 through 57.

59.    The Policies issued by the Defendant Insurers are valid and binding contracts.

60.    Plaintiffs have complied with all required conditions of the Policies, including the timely payment of all required premiums to the Defendant Insurers.

61.    The Primary Endurance Policy provides that Endurance will pay covered Defense Expenses no later than sixty days after receiving notice of such Defense Expenses.  The Excess Policies all follow-form to this agreement.

62.    Plaintiffs have already submitted millions of dollars of Defense Expenses incurred for the Nine West Claims to Endurance for payment, including nearly $2.2 million of Defense Expenses (meaning $1.7 million in excess of Sycamore's retention) that were submitted more than sixty days prior to the date of this filing.  Yet, to date, Endurance has not paid a single penny of Plaintiffs' Defenses Expenses.

16

63.     Plaintiffs have incurred additional, substantial Defense Expenses that will be submitted to Endurance and are continuing to incur substantial Defense Expenses that will be submitted to Endurance and, after the $10 million limit of the Primary Endurance Policy has been reached, to the first Excess Insurer, CNA, and then to each successive Excess Insurer.

64.     This is a cause of action for declaratory relief pursuant to 10 *Del. C.* §§ 6501–6513. Plaintiffs seek a judicial determination of their rights and the Defendant Insurers' duties with respect to an actual controversy arising under the Policies.

65.     An actual controversy of a justiciable nature exists between Plaintiffs and the Defendant Insurers concerning the rights and obligations of the parties under the Policies with respect to insurance coverage for Plaintiffs' Defense Expenses. The controversy is of sufficient immediacy and magnitude to justify declaratory relief.

66.     Accordingly, Plaintiffs are entitled to a declaration, pursuant to 10 *Del. C.* §§ 6501–6513, that (a) Endurance is required to pay all Defense Expenses that Plaintiffs have incurred or will incur for the Nine West Claims within the $10,000,000 limit of the Primary Endurance Policy; and (b) the Excess Insurers are required to pay all Defense Expenses that Plaintiffs will incur for the Nine West Claims in excess of the $10,000,000 limit of the Primary Endurance Policy and within the limits of the Excess Insurers' respective Excess Policies.

17

## COUNT III: DECLARATORY JUDGMENT ON

## INDEMNIFICATION

## (AGAINST ALL DEFENDANTS)

67.  Plaintiffs incorporate by reference and restate herein the allegations of Paragraphs 1 through 66.

68.  The Policies issued by the Defendant Insurers are valid and binding contracts.

69.  Plaintiffs have complied with all required conditions of the Policies, including the timely payment of all required premiums to the Defendant Insurers.

70.  The Policies provide that the Defendant Insurers will provide coverage for all "Loss" incurred by Plaintiffs for covered "Claims" including all settlements.

71.  The Nine West Claims are covered Claims under the Policies and the Defendant Insurers are therefore obligated to provide coverage to Plaintiffs for any settlement of the Nine West Claims.

72.  None of the Defendant Insurers have agreed to provide coverage for a settlement and to contribute their respective layers to payment of a settlement, and they have previously taken the erroneous position that any settlement of the Nine West Claims does not constitute a covered Loss under the Policies.

18

73.     This is a cause of action for declaratory relief pursuant to 10 *Del. C.* §§ 6501–6513.  Plaintiffs seek a judicial determination of their rights and the Defendant Insurers' duties with respect to an actual controversy arising under the Policies.

74.     An actual controversy of a justiciable nature exists between Plaintiffs and the Defendant Insurers concerning the rights and obligations of the parties under the Policies with respect to insurance coverage.  The controversy is of sufficient immediacy and magnitude to justify declaratory relief.

75.     Accordingly, Plaintiffs are entitled to a declaration, pursuant to 10 *Del. C.* §§ 6501–6513, that the Defendant Insurers are obligated under the Policies to provide coverage to Plaintiffs for any settlement of the Nine West Claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request relief as follows:

a)     Damages for Endurance's breach of the Primary Endurance Policy for failing to pay Plaintiffs' Defense Expenses for the Nine West Claims in accordance with the terms of the Primary Endurance Policy;

b)     A declaration that (i) Endurance is required to pay all Defense Expenses that Plaintiffs have incurred or will incur for the Nine West Claims within the $10,000,000 limit of the Primary Endurance Policy; and (ii) the Excess Insurers are required to pay all Defense Expenses that Plaintiffs will incur for the Nine West

Claims in excess of the $10,000,000 limit of the Primary Endurance Policy and within the limits of the Excess Insurers' respective Excess Policies' layers;

      c)    A declaration that the Defendant Insurers are obligated to provide coverage to Plaintiffs for a settlement of the Nine West Claims and contribute their full respective Policies' layers to the payment of such settlement;

      d)    Reasonable attorneys' fees;

      e)    Costs of the proceedings herein;

      f)    Pre-judgment and post-judgment interest; and

      g)    Such other further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by a jury on all triable issues and claims raised by this Complaint.

OF COUNSEL:

John E. Failla
Nathan R. Lander
Proskauer Rose LLP
11 Times Square
New York, N.Y. 10036
Telephone: (212) 969-3000
jfailla@proskauer.com
nlander@proskauer.com

POTTER ANDERSON & CORROON LLP

By: /s/  *David J. Baldwin*
David J. Baldwin (No. 1010)
Carla M. Jones (No. 6046)
Tracey E. Timlin (No. 6469)
Hercules Plaza, Sixth Floor
1313 North Market Street
Wilmington, DE 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
dbaldwin@potteranderson.com
cjones@potteranderson.com
ttimlin@potteranderson.com

Dated: September 24, 2018
6937801/45380

*Attorneys for Plaintiffs*

20

EFiled:  Sep 24 2018 07:02PM EDT
Transaction ID 62437386
Case No. N18C-09-211 AML CCLD

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| SYCAMORE PARTNERS MANAGEMENT, L.P. (F/K/A SYCAMORE PARTNERS MANAGEMENT, L.L.C.), SYCAMORE PARTNERS, L.P., and SYCAMORE PARTNERS A, L.P., ) ) ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | C.A. No. _____ (CCLD) |
| ENDURANCE AMERICAN INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, ZURICH AMERICAN INSURANCE COMPANY, XL SPECIALTY INSURANCE COMPANY, STARR INDEMNITY & LIABILITY COMPANY, MARKEL AMERICAN INSURANCE COMPANY, ARGONAUT INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, IRONSHORE INDEMNITY INC., and EVEREST NATIONAL INSURANCE COMPANY ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **TRIAL BY JURY OF TWELVE DEMANDED** |
| Defendants. ) ) | |

## COMPLAINT

Plaintiffs Sycamore Partners Management, L.P. (f/k/a Sycamore Partners Management, L.L.C), Sycamore Partners, L.P. and Sycamore Partners A, L.P. (collectively "Plaintiffs" or "Sycamore") for their Complaint against Defendants Endurance American Insurance Company ("Endurance"), Continental Casualty

Company ("CNA"), Zurich American Insurance Company ("Zurich"), XL Specialty Insurance Company ("XL"), Starr Indemnity & Liability Company ("Starr"), Markel American Insurance Company ("Markel"), Argonaut Insurance Company ("Argonaut"), Great American Insurance Company ("Great American"), Ironshore Indemnity, Inc. ("Ironshore"), and Everest National Insurance Company ("Everest") (collectively "Defendants" or the "Insurers") allege as follows:

## NATURE OF THE ACTION

1.    This is an action for declaratory judgment and breach of contract arising from the Insurers' failure to provide insurance coverage to Sycamore in accordance with the terms of insurance policies the Insurers issued to Sycamore.

2.    Sycamore is a private equity group that consists of entities that, respectively, manage and hold investments in portfolio companies through a variety of strategies, including leveraged buyouts, distressed buyouts, corporate carveouts, and debt investments.

3.    In order to protect Sycamore, certain of its other affiliates (together, with Sycamore, the "Sycamore Entities"), and their officers, directors, employees, and other key individuals (the "Sycamore Individuals") against the types of claims that are sometimes asserted against those involved in the private equity business, each year Sycamore purchases a significant amount of broad and comprehensive liability insurance.  Sycamore purchased a $100 million program of such liability

2

insurance from the Insurers, covering management liability claims (often referred to as directors and officers liability or "D&O" claims) and professional liability claims (often referred to as errors and omissions or "E&O" claims) made during the period from December 31, 2016 through June 30, 2018 (and subsequent claims that are related to claims first made during that period).

4.      In the insurance policies that the Insurers issued to Sycamore as part of this program (the "Policies"), the Insurers promised to provide coverage for all of the Sycamore Entities and the Sycamore Individuals for, among other things, the costs of investigating and defending against claims asserted against them ("Defense Expenses") and for the costs of settling such claims.

5.      Sycamore's decision to purchase this substantial amount of broad liability insurance – and pay the hefty premiums charged by the Insurers for such insurance – proved prudent.  Starting in August of 2017, various parties began to assert claims against Sycamore alleging that Sycamore and various Sycamore Individuals committed wrongful acts in connection with Sycamore's investment in and transactions involving a portfolio company called Nine West Holdings, Inc. ("Nine West").  Nine West and certain affiliated companies subsequently filed for Chapter 11 petitions on April 6, 2018 in the United States Bankruptcy Court for the Southern District of New York, at which time the Nine West bankruptcy estate

3

became empowered to pursue claims against Sycamore and the Sycamore Individuals and negotiate potential settlement of such claims.

6.     Sycamore has already incurred several million dollars of Defense Expenses in the investigation and defense of the claims asserted against Sycamore and the Sycamore Individuals (the "Nine West Claims") and continues to incur substantial Defense Expenses.

7.     After the Nine West Claims were asserted, Sycamore turned to the Insurers to provide the insurance coverage promised in the Policies.  However, despite having explicitly promised to provide coverage to Sycamore for the costs of investigating, defending and settling claims, when called upon to provide this promised coverage, the Defendant Insurers have failed to live up to their contractual promises.

8.     Sycamore has submitted millions of dollars of Defense Expenses it has incurred for the Nine West Claims to its primary insurer, Endurance, for reimbursement, including nearly $1.7 million which is now overdue under the terms of the Policies, which require payment within 60 days.  Yet, breaching its contractual promise, Endurance has failed to pay Sycamore even a single penny in coverage for such Defense Expenses.  Additionally, the Insurers have repeatedly and consistently advised Sycamore that they (erroneously) believe that they have no obligation to

provide coverage for any settlement of the Nine West Claims, making clear that they will not comply with their contractual obligation to indemnify Sycamore.

9.      By this action, Plaintiffs accordingly seek declarations that (a) the Insurers are obligated to provide coverage for all Defense Expenses incurred for the Nine West Claims and (b) the Insurers are obligated to provide coverage for any settlement of the Nine West Claims.  Additionally, Plaintiffs seek damages from the primary insurer, Endurance, for its breach of contract in failing to pay Defense Expenses within 60 days as contractually required.

## **THE PARTIES**

10.      Plaintiff Sycamore Partners Management, L.P. (f/k/a Sycamore Partners Management, L.L.C.) is a Delaware limited partnership with its principal place of business in New York and is listed as the "Named Insured" under the Policies that are at issue in this action.

11.      Plaintiff Sycamore Partners, L.P. is a Delaware limited partnership with its principal place of business in New York and is covered as an "Insured" under the Policies that are at issue in this action.

12.      Plaintiff Sycamore Partners A, L.P. is a Delaware limited partnership with its principal place of business in New York and is covered as an "Insured" under the Policies that are at issue in this action.

13.     Upon information and belief, Defendant Endurance is a Delaware corporation with its principal place of business in New York.   Endurance is a licensed insurance company in Delaware.

14.     Upon information and belief, Defendant CNA is an Illinois corporation with its principal place of business in Illinois.   CNA is a licensed insurance company in Delaware.

15.     Upon information and belief, Defendant Zurich is a New York corporation with its principal place of business in Illinois.   Zurich is a licensed insurance company in Delaware.

16.     Upon information and belief, Defendant XL is a Delaware corporation with its principal place of business in Connecticut.   XL is a licensed insurance company in Delaware.

17.     Upon information and belief, Defendant Starr is a Texas corporation with its principal place of business in New York.   Starr is a licensed insurance company in Delaware

18.     Upon information and belief, Defendant Markel is a Virginia corporation with its principal place of business in Virginia.   Markel is a licensed insurance company in Delaware.

6

19.    Upon information and belief, Defendant Argonaut is an Illinois corporation with its principal place of business in Texas.  Argonaut is a licensed insurance company in Delaware.

20.    Upon information and belief, Defendant Great American is an Ohio corporation with its principal place of business in Ohio.  Great American is a licensed insurance company in Delaware.

21.    Upon information and belief, Defendant Ironshore is a Minnesota corporation with its principal place of business in New York.  Ironshore is a licensed insurance company in Delaware

22.    Upon information and belief, Defendant Everest is a Delaware corporation with its principal place of business in New Jersey.  Everest is a licensed insurance company in Delaware.

## JURISDICTION AND VENUE

23.    This Court has subject matter jurisdiction pursuant to Art. IV, § 7 of the Delaware Constitution and 10 *Del. C.* § 541.

24.    This Court has personal jurisdiction over the Defendant Insurers because, among other reasons, (a) three of the Defendant Insurers – Endurance, XL and Everest – are citizens of Delaware; (b) all of the Defendant Insurers are authorized to sell or write insurance in Delaware and all transact business in Delaware; (c) the Policies at issue in this case were all issued by the Defendant

7

Insurers to Sycamore Partners Management, L.P. – a Delaware limited partnership – as the Named Insured, and the Policies also insure numerous other Sycamore Entities that are organized under the laws of Delaware (including each of the Plaintiffs); and (d) the claims for which Sycamore is seeking coverage include claims brought on behalf of the bankruptcy estate of a Delaware corporation, Nine West.

25.    This Court has the power to declare the parties' rights and obligations under 10 *Del. C.* §§ 6501–6513.

26.    This case is properly designated for the Complex Commercial Litigation Division (CCLD) because the amount in controversy exceeds $1 million.

## **FACTUAL BACKGROUND**

### **A.    The Policies Sycamore Purchased from the Insurers**

27.    Each year, Sycamore Partners Management, L.P. purchases an insurance program that provides broad "claims-made" protection for claims asserted against the Sycamore Entities and Sycamore Individuals.  It purchased $100 million of such coverage for the period of December 31, 2016 to June 30, 2018 (the "Sycamore 2017-18 Program").

28.    Endurance issued the primary policy for the Sycamore 2017-18 Program (the "Primary Endurance Policy") which provides a coverage limit of $10 million in excess of a $500,000 retention borne by Sycamore.

29.     The other Insurers (the "Excess Insurers") provided the remaining $90

million in coverage limits pursuant to a series of excess insurance policies (the

"Excess Policies") as follows:

| **Layer** | **Insurance Company** | **Policy No.** | **Coverage Limits** |
|---|---|---|---|
| Primary | Endurance | FIP100004512002 | $10 Million |
| 1st Excess | CNA | 425584030 | $10 Million in excess of ("x/s") $10 Million |
| 2nd Excess | Zurich | EOC017917801 | $10 Million x/s $20 Million |
| 3rd Excess | XL | ELU148147-16 | $10 Million x/s $30 Million |
| 4th Excess | Starr | 1000057797161 | $10 Million x/s $40 Million |
| 5th Excess | Markel | MKLM6EL0002892 | $10 Million x/s $50 Million |
| 6th Excess | Argonaut | MLX7602316-00 | $10 Million x/s $60 Million |
| 7th Excess | Great American | PEX2788290 | $10 Million x/s $70 Million |
| 8th Excess | Ironshore | 003018000 | $10 Million x/s $80 Million |
| 9th Excess | Everest | FL5PE00038-161 | $10 Million x/s $90 Million |

30.     Each of the Excess Policies provide that they "follow-form" to the

coverage provided by the Primary Endurance Policy, except where the Excess

Policies specifically provide otherwise.

9

31.     The Policies contain three coverage parts:  Coverage Parts A, B, and C.

32.     Coverage Part A provides, in part, that the Insurers "shall pay on behalf of each Insured Person, all Loss for which an Insured Entity does not pay indemnification to such Insured Person and which the Insured Person becomes obligated to pay on account of any Claim" which is "made against such Insured Person..."

33.     Coverage Part B provides, in relevant part, that the Insurers "shall pay on behalf of an Insured Entity, all Loss for which an Insured Entity pays indemnification to each Insured Person, which the Insured Persons become obligated to pay on account of any Claim" which is "made against such Insured..."

34.     Coverage Part C provides, in relevant part, that the Insurers "shall pay on behalf of an Insured Entity, all Loss for which the Insured Entity becomes obligated to pay on account of any Claim..."

35.     The Policies define "Insured Entity" to include Sycamore Partners Management, L.P. as the Named Insured and the other Sycamore Entities.  The Policies define "Insured Persons" to include, among others, all past, present or future directors, officers, employees or other specified positions at any of the Sycamore Entities (again, the "Sycamore Individuals").

36.     Thus, under Coverage Parts B and C of the Policies, the Insurers agreed to pay all "Loss" incurred by the Sycamore Entities as a result of any "Claim"

10

asserted against any of the Sycamore Entities or against any of the Sycamore Individuals.

37.    The Policies define a "Claim" to include not only lawsuits and other legal proceedings but also, among other things, "any written demand for monetary or non-monetary relief (including, but not limited to, injunctive relief) commenced by the receipt of such demand."

38.    The Policies define "Loss" to include, among other things, "settlements" and "Defense Expenses."

39.    Defense Expenses, in turn, are defined to include all "reasonable costs, charges, fees" – including but not limited to "legal fees and expenses of defense counsel"; "experts or consultant fees"; and "fees of vendors or service providers" – that are "incurred by the Insureds in the investigation of, defense of or appeal of any Claim…" In the Policies, the Insurers promised to "advance covered Defense Expenses no later than sixty (60) days after receipt by the Insurer of written notice of such Defense Expenses incurred by the Insured."

40.    Thus, in the Policies, the Insurers promised to provide prompt coverage to Sycamore for the costs of investigating and defending Claims asserted against the Sycamore Entities and the Sycamore Individuals and for the costs of settling such Claims.

**B.      The Nine West Claims**

41.      On August 3, 2017, Sycamore received a demand letter from the Jones
Day law firm on behalf of certain creditors of Nine West, alleging that Sycamore
had engaged in various wrongful acts in connection with its investment in and
transactions involving Nine West and caused damages to Nine West and its creditors
as a result.  As the Insurers acknowledged when provided notice of this demand
letter, it constituted a Claim under the Policies.

42.      Over the following months, creditors of Nine West asserted additional
Claims against Sycamore and Sycamore Individuals, including but not limited to in
various proposed "restructuring agreements" of Nine West, which demanded that
Sycamore pay settlement funds to compensate for the alleged damages caused by
Sycamore and the Sycamore Individuals to Nine West and its creditors.

43.      On April 6, 2018, Nine West and other affiliated entities filed for
Chapter 11 petitions in the United States Bankruptcy Court for the Southern District
of New York.  As a result of the bankruptcy filing, the Nine West bankruptcy estate
– through the disinterested directors of Nine West – became empowered to pursue
all Claims against Sycamore and the Sycamore Individuals (again, the "Nine West
Claims") and to negotiate potential settlements of the Nine West Claims with
Sycamore.   The Nine West Claims include, among others, alleged fraudulent

conveyances, breaches of fiduciary duty and aiding and abetting breaches of fiduciary duty.

44.     On September 11, 2018, the disinterested directors of Nine West and the Committee of Unsecured Creditors of Nine West sent a written demand letter to Sycamore (which also constituted a "Claim" under the Policies), which Sycamore provided to the Insurers.  This demand letter reiterated and alleged the Nine West Claims against Sycamore and the Sycamore Individuals, including various alleged breaches of fiduciary duties and aiding and abetting of breaches of fiduciary duties.

45.     Sycamore has already incurred several million dollars of Defense Expenses with respect to the Nine West Claims.  Sycamore is continuing to incur substantial Defense Expenses with respect to the Nine West Claims.

46.     The Nine West Claims are covered Claims under the Policies.  Thus, the Insurers are contractually obligated to pay all Loss incurred by Sycamore for the Nine West Claims, including Defense Expenses and any settlement of the Nine West Claims.

## C.     The Defendant Insurers' Failure to Provide the Coverage Promised in the Policies

47.     Sycamore has been submitting the Defense Expenses it has incurred for the Nine West Claims to Endurance for payment on a rolling basis.  Sycamore has already submitted millions of dollars of its Defense Expenses to Endurance for payment, including nearly $2.2 million of Defense Expenses (meaning $1.7 million

13

in excess of Sycamore's retention) that were submitted more than sixty days prior to the date of this filing.

48.     Despite the fact that Endurance promised in the Primary Endurance Policy to advance Defense Expenses within 60 days of being provided notice of such Defense Expenses, Endurance has yet to pay any of Sycamore's Defense Expenses for the Nine West Claims.  Thus, Endurance has breached the Primary Endurance Policy.

49.     The Insurers have also made clear that they will not willingly comply with their contractual obligations to provide coverage for any settlement of the Nine West Claims.  Since the time that Sycamore provided notice to the Insurers of the first Nine West Claims, the Insurers have repeatedly and consistently advised Sycamore of their position that they would have no obligation to provide coverage for an eventual settlement of the Nine West Claims.

50.     The Insurers explicitly promised in the Policies to provide coverage for the costs of investigating, defending and settling Claims such as the Nine West Claims.  Accordingly, the Insurers have no legitimate basis to deny or refuse coverage to Sycamore for Defense Expenses for the Nine West Claims or a settlement of the Nine West Claims.

## COUNT I: BREACH OF CONTRACT

## (AGAINST DEFENDANT ENDURANCE)

51.     Plaintiffs incorporate be reference and restate herein the allegations of Paragraphs 1 through 50.

52.     The Primary Endurance Policy is a valid and binding contract.

53.     Plaintiffs have complied with all required conditions of the Primary Endurance Policy, including the timely payment of all required premiums to Endurance.

54.     The Primary Endurance Policy provides that Endurance will pay covered Defense Expenses no later than sixty days after receiving notice of such Defense Expenses.

55.     Plaintiffs have already submitted millions of dollars of Defense Expenses incurred for the Nine West Claims to Endurance for payment, including nearly $2.2 million of Defense Expenses (meaning $1.7 million in excess of Sycamore's retention) that were submitted more than sixty days prior to the date of this filing.   Yet, to date, Endurance has not paid a single penny of Plaintiff's Defenses Expenses.

56.     Endurance has breached the Primary Endurance Policy by failing to pay Plaintiffs' Defense Expenses for the Nine West Claims within sixty days of being notified of such Defense Expenses.

57.    Plaintiffs have been damaged by Endurance's breach of the Primary Endurance Policy as they have been deprived of payments due from Endurance under the Primary Endurance Policy.

## COUNT II: DECLARATORY JUDGMENT ON DEFENSE COSTS
## (AGAINST ALL DEFENDANTS)

58.    Plaintiffs incorporate by reference and restate herein the allegations or Paragraphs 1 through 57.

59.    The Policies issued by the Defendant Insurers are valid and binding contracts.

60.    Plaintiffs have complied with all required conditions of the Policies, including the timely payment of all required premiums to the Defendant Insurers.

61.    The Primary Endurance Policy provides that Endurance will pay covered Defense Expenses no later than sixty days after receiving notice of such Defense Expenses.  The Excess Policies all follow-form to this agreement.

62.    Plaintiffs have already submitted millions of dollars of Defense Expenses incurred for the Nine West Claims to Endurance for payment, including nearly $2.2 million of Defense Expenses (meaning $1.7 million in excess of Sycamore's retention) that were submitted more than sixty days prior to the date of this filing.  Yet, to date, Endurance has not paid a single penny of Plaintiffs' Defenses Expenses.

63.     Plaintiffs have incurred additional, substantial Defense Expenses that will be submitted to Endurance and are continuing to incur substantial Defense Expenses that will be submitted to Endurance and, after the $10 million limit of the Primary Endurance Policy has been reached, to the first Excess Insurer, CNA, and then to each successive Excess Insurer.

64.     This is a cause of action for declaratory relief pursuant to 10 *Del. C.* §§ 6501–6513. Plaintiffs seek a judicial determination of their rights and the Defendant Insurers' duties with respect to an actual controversy arising under the Policies.

65.     An actual controversy of a justiciable nature exists between Plaintiffs and the Defendant Insurers concerning the rights and obligations of the parties under the Policies with respect to insurance coverage for Plaintiffs' Defense Expenses. The controversy is of sufficient immediacy and magnitude to justify declaratory relief.

66.     Accordingly, Plaintiffs are entitled to a declaration, pursuant to 10 *Del. C.* §§ 6501–6513, that (a) Endurance is required to pay all Defense Expenses that Plaintiffs have incurred or will incur for the Nine West Claims within the $10,000,000 limit of the Primary Endurance Policy; and (b) the Excess Insurers are required to pay all Defense Expenses that Plaintiffs will incur for the Nine West Claims in excess of the $10,000,000 limit of the Primary Endurance Policy and within the limits of the Excess Insurers' respective Excess Policies.

17

## COUNT III: DECLARATORY JUDGMENT ON

## INDEMNIFICATION

## (AGAINST ALL DEFENDANTS)

67.    Plaintiffs incorporate by reference and restate herein the allegations of Paragraphs 1 through 66.

68.    The Policies issued by the Defendant Insurers are valid and binding contracts.

69.    Plaintiffs have complied with all required conditions of the Policies, including the timely payment of all required premiums to the Defendant Insurers.

70.    The Policies provide that the Defendant Insurers will provide coverage for all "Loss" incurred by Plaintiffs for covered "Claims" including all settlements.

71.    The Nine West Claims are covered Claims under the Policies and the Defendant Insurers are therefore obligated to provide coverage to Plaintiffs for any settlement of the Nine West Claims.

72.    None of the Defendant Insurers have agreed to provide coverage for a settlement and to contribute their respective layers to payment of a settlement, and they have previously taken the erroneous position that any settlement of the Nine West Claims does not constitute a covered Loss under the Policies.

73.     This is a cause of action for declaratory relief pursuant to 10 *Del. C.* §§ 6501–6513. Plaintiffs seek a judicial determination of their rights and the Defendant Insurers' duties with respect to an actual controversy arising under the Policies.

74.     An actual controversy of a justiciable nature exists between Plaintiffs and the Defendant Insurers concerning the rights and obligations of the parties under the Policies with respect to insurance coverage.   The controversy is of sufficient immediacy and magnitude to justify declaratory relief.

75.     Accordingly, Plaintiffs are entitled to a declaration, pursuant to 10 *Del. C.* §§ 6501–6513, that the Defendant Insurers are obligated under the Policies to provide coverage to Plaintiffs for any settlement of the Nine West Claims.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request relief as follows:

a)     Damages for Endurance's breach of the Primary Endurance Policy for failing to pay Plaintiffs' Defense Expenses for the Nine West Claims in accordance with the terms of the Primary Endurance Policy;

b)     A declaration that (i) Endurance is required to pay all Defense Expenses that Plaintiffs have incurred or will incur for the Nine West Claims within the $10,000,000 limit of the Primary Endurance Policy; and (ii) the Excess Insurers are required to pay all Defense Expenses that Plaintiffs will incur for the Nine West

19

Claims in excess of the $10,000,000 limit of the Primary Endurance Policy and within the limits of the Excess Insurers' respective Excess Policies' layers;

       c)     A declaration that the Defendant Insurers are obligated to provide coverage to Plaintiffs for a settlement of the Nine West Claims and contribute their full respective Policies' layers to the payment of such settlement;

       d)     Reasonable attorneys' fees;

       e)     Costs of the proceedings herein;

       f)     Pre-judgment and post-judgment interest; and

       g)     Such other further relief as the Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiffs hereby demand a trial by a jury on all triable issues and claims raised by this Complaint.

| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
|---|---|
| John E. Failla<br>Nathan R. Lander<br>Proskauer Rose LLP<br>11 Times Square<br>New York, N.Y. 10036<br>Telephone: (212) 969-3000<br>jfailla@proskauer.com<br>nlander@proskauer.com | By: */s/  David J. Baldwin*<br>David J. Baldwin (No. 1010)<br>Carla M. Jones (No. 6046)<br>Tracey E. Timlin (No. 6469)<br>Hercules Plaza, Sixth Floor<br>1313 North Market Street<br>Wilmington, DE 19801<br>Telephone: (302) 984-6000<br>Facsimile: (302) 658-1192<br>dbaldwin@potteranderson.com<br>cjones@potteranderson.com<br>ttimlin@potteranderson.com |
| Dated:  September 24, 2018<br>6937801/45380 | *Attorneys for Plaintiffs* |

Complaint

# General Information

| | |
|---|---|
| **Court** | Delaware Superior Court, New Castle County |
| **Docket Number** | N18C-09-211 |

Bloomberg Law®

© 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

**SSUPERIOR COURT**
**SUPERIOR COURT**
**CIVIL CASE INFORMATION STATEMENT (CIS)**

EFiled: Sep 24 2018 07:02PM EDT
Transaction ID 62437386
Case No. N18C-09-211 AML CCLD

COUNTY:  (N)   K   S                              CIVIL ACTION NUMBER:_____

| Caption: | CIVIL CASE CODE: <u>CCLD</u> |
|---|---|
| SYCAMORE PARTNERS MANAGEMENT, L.P. (F/K/A SYCAMORE PARTNERS MANAGEMENT, L.L.C.), SYCAMORE PARTNERS, L.P., AND SYCAMORE PARTNERS A, L.P., | CIVIL CASE TYPE: <u>COMPLEX COMMERCIAL LITIGATION DIVISION</u><br><br>(SEE REVERSE SIDE FOR CODE AND TYPE)<br><br>NAME AND STATUS OF PARTY FILING DOCUMENT:<br><br><u>Plaintiffs Sycamore Partners Management, L.P. (f/k/a Sycamore Partners Management, L.L.C.), Sycamore Partners, L.P., and Sycamore Partners A, L.P.,</u> |

Plaintiffs,

v.

ENDURANCE AMERICAN INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, ZURICH AMERICAN INSURANCE COMPANY, XL SPECIALTY INSURANCE COMPANY, STARR INDEMNITY & LIABILITY COMPANY, MARKEL AMERICAN INSURANCE COMPANY, ARGONAUT INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, IRONSHORE INDEMNITY INC., and EVEREST NATIONAL INSURANCE COMPANY,

Defendants.

DOCUMENT TYPE:(E.G., COMPLAINT, ANSWER WITH COUNTERCLAIM)

<u>COMPLAINT</u>

JURY DEMAND:  YES  X    NO  ___

ATTORNEY NAME(S):
<u>DAVID J. BALDWIN (ATTY. ID NO. 1010)</u>
<u>CARLA M. JONES (ATTY. ID NO. 6046)</u>
Firm Name:
<u>POTTER ANDERSON & CORROON LLP</u>
Address:
<u>HERCULES PLAZA, SIXTH FLOOR</u>
<u>1313 NORTH MARKET STREET</u>
<u>WILMINGTON, DE  19801</u>

Telephone Number: <u>(302) 984-6000</u>

Fax Number:   <u>(302) 658-1192</u>

E-Mail Address: <u>dbaldwin@potteranderson.com</u>
<u>cjones@potteranderson.com</u>

IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIAL
.                        N/A

EXPLAIN THE RELATIONSHIP(S):
N/A

OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT:
N/A
(IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGES)

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND TO HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

5919265

# SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)
# INSTRUCTIONS

## CIVIL CASE TYPE

Please select the appropriate civil case code and case type (e.g., **CODE - AADM** and **TYPE - Administrative Agency**) from the list below.  Enter this information in the designated spaces on the Case Information Statement.

**APPEALS**
AADM - Administrative Agency
ACER - Certiorari
ACCP - Court of Common Pleas
AIAB -  Industrial Accident Board
APSC - Public Service Commission
AUIB - Unemployment Insurance Appeal Board

**COMPLAINTS**
CASB - Asbestos
CAAA - Auto Arb Appeal
CBEN - Benzene Cases
CMIS - Civil Miscellaneous
CACT - Class Action
CCON - Condemnation
CCLD - Complex Commercial Litigation Division **(NCC ONLY)**
CDBT - Debt/Breach of Contract
CDEJ - Declaratory Judgment
CDEF - Defamation
CEJM - Ejectment
CATT - Foreign & Domestic Attachment
CFJG - Foreign Judgment
CFRD - Fraud Enforcement
CINT -  Interpleader
CLEM - Lemon Law
CLIB -  Libel
CMAL - Malpractice
CMED - Medical Malpractice
CPEL - Pelvic Mesh
CPIN -  Personal Injury
CPIA -  Personal Injury Auto
CPRL - Products Liability
CPRD - Property Damage
CRPV - Replevin
CSER - Seroquel Cases
CSPD - Summary Proceedings Dispute
CCCP - Transfer from CCP
CCHA - Transfer from Chancery

**INVOLUNTARY COMMITMENTS**
INVC- Involuntary Commitment

**MISCELLANEOUS**
MAGM - AG Motion - Civil/Criminal Investigations *
MADB - Appeal from Disability Board *
MAFF -  Application for Forfeiture
MAAT -  Appointment of Attorney
MGAR -  Appointment of Guardianship
MCED -  Cease and Desist Order
MCDR -  Child Death Review
MCON -  Civil Contempt/Capias
MCVP -  Civil Penalty
MSOJ -  Compel Satisfaction of Judgment
MSAM -  Compel Satisfaction of Mortgage
MCTO -  Consent Order
MIND -  Destruction of Indicia of Arrest *
MESP -  Excess Sheriff Proceeds
MHAC -  Habeas Corpus
MTOX -  Hazardous Substance Cleanup
MFOR -  Intercept of Forfeited Money
MISS -  Issuance of Subpoena
MLEX -  Lien Extension
MMAN -  Mandamus
MWIT -  Material Witness *
MWOT - Material Witness - Out of State
MRAT -  Motion for Risk Assessment
MROP -  Petition for Return of Property
MCRO -  Petition Requesting Order
MROD -  Road Resolution
MSEL -  Sell Real Estate for Property Tax
MSEM -  Set Aside Satisfaction of Mortgage
MSSS -  Set Aside Sheriff's Sale
MSET -  Structured Settlement
MTAX -  Tax Ditches
MREF -  Tax Intercept
MLAG -  Tax Lagoons
MVAC -  Vacate Public Road
MPOS -  Writ of Possession
MPRO -  Writ of Prohibition

**MORTGAGES**
MCOM - Mortgage Commercial
MMED - Mortgage Mediation
MORT - Mortgage Non-Mediation (Res.)

**MECHANICS LIENS**
LIEN - Mechanics Lien

## * Not eFiled

## DUTY OF THE PLAINTIFF
Each plaintiff/counsel shall complete the attached Civil Case Information Statement (CIS) and file with the complaint.

## DUTY OF THE DEFENDANT
Each defendant/counsel shall complete the attached Civil Case Information Statement (CIS) and file with the answer and/or first responsive pleading.

Revised 4/2012

Case Information Statement .

# General Information

**Court**                    Delaware Superior Court, New Castle County

**Docket Number**            N18C-09-211

© 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

EFiled:  Sep 24 2018 07:02PM EDT
Transaction ID 62437386
Case No. N18C-09-211 AML CCLD

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| SYCAMORE PARTNERS MANAGEMENT, L.P. (F/K/A SYCAMORE PARTNERS MANAGEMENT, L.L.C.), SYCAMORE PARTNERS, L.P., and SYCAMORE PARTNERS A, L.P., <br><br> Plaintiffs, <br><br> v. <br><br> ENDURANCE AMERICAN INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, ZURICH AMERICAN INSURANCE COMPANY, XL SPECIALTY INSURANCE COMPANY, STARR INDEMNITY & LIABILITY COMPANY, MARKEL AMERICAN INSURANCE COMPANY, ARGONAUT INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, IRONSHORE INDEMNITY INC., and EVEREST NATIONAL INSURANCE COMPANY, <br><br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) <br><br> C.A. No. _____ (CCLD) <br><br> **TRIAL BY JURY OF TWELVE DEMANDED** |

## PRAECIPE

TO:     Prothonotary
        Superior Court of the State of Delaware
        Leonard L. Williams Justice Center
        500 North King Street
        Wilmington, DE 19801

**PLEASE ISSUE** a summons to the Plaintiffs' counsel of record, commanding

him to summon and direct the below-named Defendants to answer the Complaint by

serving the below-named Defendants pursuant to 10 *Del. C.* § 3104 with a copy of

the Summons and Complaint as follows:

1. Continental Casualty Company
   c/o an Officer, a Managing or General agent
   333 South Wabash Avenue
   Chicago, IL  60604

   -and-

   Continental Casualty Company
   c/o an Officer, a Managing or General agent
   151 North Franklin Street
   Chicago IL,  60604

2. Zurich American Insurance Company
   c/o an Officer, a Managing or General agent
   1299 Zurich Way
   Schaumburg, IL  60196

3. Starr Indemnity & Liability Company
   c/o an Officer, a Managing or General agent
   399 Park Avenue, 8th Floor
   New York, NY  10022

4. Markel American Insurance Company
   c/o an Officer, a Managing or General agent
   4521 Highwoods Parkway
   Glen Allen, VA  23060

5. Argonaut Insurance Company
   c/o an Officer, a Managing or General agent
   175 East Houston Street – Suite 1300
   San Antonio, TX  78205

6. Great American Insurance Company
   c/o an Officer, a Managing or General agent
   301 E. Fourth Street
   Cincinnati, OH  45202

7.   Ironshore Indemnity Inc.
     c/o an Officer, a Managing or General agent
     28 Liberty Street, 4th Floor
     New York, NY  10005-1480

**PLEASE ISSUE** summons to the below-named Defendants for service by the Sheriff of Kent County upon the Defendants listed below by serving two (2) copies of the Summons, Praecipe, and Complaint for the Defendants on the Commissioner of Insurance, State of Delaware, 841 Silver Lake Boulevard, Dover, Delaware 19901, in accordance with 18 *Del. C.* § 525.  At the time of service the sheriff will deliver a check payable to the Commission of Insurance in the amount of $250.00, representing the require fee:

> Continental Casualty Company
> Zurich American Insurance Company
> Starr Indemnity & Liability Company
> Markel American Insurance Company
> Argonaut Insurance Company
> Great American Insurance Company
> Ironshore Indemnity Inc.
> Endurance American Insurance Company
> XL Specialty Insurance Company
> Everest National Insurance Company

**PLEASE ISSUE** a summons to the below-named Defendants for service by the Sheriff of New Castle County upon the Defendants listed below by serving a copy of the Summons and Complaint for the Defendants on their registered agent, in accordance with 8 *Del. C.* § 321:

3

Endurance American Insurance Company
XL Specialty Insurance Company
Everest National Insurance Company

POTTER ANDERSON & CORROON LLP

By: /s/   David J. Baldwin
    David J. Baldwin (No.1010)
    Carla M. Jones (No. 6046)
    Tracey E. Timlin (No. 6469)
    Hercules Plaza – Sixth Floor
    1313 North Market Street
    Wilmington, DE  19801
    Telephone:  (302) 984-6000
    dbaldwin@potteranderson.com
    cjones@potteranderson.cm
    ttimlin @potteranderson.com

Dated:  September 24, 2018       *Attorneys for Plaintiffs*
5918434/45380

Praecipe

# General Information

| | |
|---|---|
| **Court** | Delaware Superior Court, New Castle County |
| **Docket Number** | N18C-09-211 |

Bloomberg Law®                    © 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

EFiled:  Sep 24 2018 07:02PM EDT
Transaction ID 62437386
Case No. N18C-09-211 AML CCLD

SUMMONS UNDER 10 *DEL. C.* § 310

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SYCAMORE PARTNERS MANAGEMENT, L.P. (F/K/A SYCAMORE PARTNERS MANAGEMENT, L.L.C.), SYCAMORE PARTNERS, L.P., and SYCAMORE PARTNERS A, L.P.,<br><br>Plaintiffs,<br><br>v.<br><br>ENDURANCE AMERICAN INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, ZURICH AMERICAN INSURANCE COMPANY, XL SPECIALTY INSURANCE COMPANY, STARR INDEMNITY & LIABILITY COMPANY, MARKEL AMERICAN INSURANCE COMPANY, ARGONAUT INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, IRONSHORE INDEMNITY INC., and EVEREST NATIONAL INSURANCE COMPANY,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. _____ (CCLD)<br><br>**TRIAL BY JURY OF TWELVE DEMANDED** |

## <u>SUMMONS</u>

TO:  **PLAINTIFFS' COUNSEL**

**YOU ARE COMMANDED:**

1.      To summon the below-named Defendants so that, within twenty (20) days after service hereof upon Defendants, exclusive of the day of service,

Defendants shall serve upon David J. Baldwin, Plaintiffs' attorney, whose address is c/o Potter Anderson & Corroon LLP, Hercules Plaza, Sixth Floor, 1313 N. Market Street, Wilmington, DE  19801, answers to the Complaint (and, if an Affidavit of Demand has been filed, an Affidavit of Defense).

2.     To serve upon Defendants a copy hereof and of the Complaint (and of the Affidavit of Demand if any has been filed by Plaintiffs).

Dated: September ___, 2018          *SUSAN A. HEARN*
                                     Prothonotary


                                     Per Deputy

Continental Casualty Company
Zurich American Insurance Company
Starr Indemnity & Liability Company
Markel American Insurance Company
Argonaut Insurance Company
Great American Insurance Company
Ironshore Indemnity Inc.

**TO THE ABOVE-NAMED DEFENDANTS:**

In case of your failure, within twenty (20) days after service hereof upon you, exclusive of the day of service, to serve on Plaintiffs' attorney named above answers to the Complaint (and, if an Affidavit of Demand has been filed, an Affidavit of Defense), judgment by default will be rendered against you for the relief demanded in the Complaint (or in the Affidavit of Demand, if any).

                                     *SUSAN A. HEARN*
                                     Prothonotary


5918552/45380                        Per Deputy

# General Information

| | |
|---|---|
| **Court** | Delaware Superior Court, New Castle County |
| **Docket Number** | N18C-09-211 |

© 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

EFiled:  Sep 24 2018 07:02PM EDT
Transaction ID 62437386
Case No. N18C-09-211 AML CCLD

SUMMONS INSURANCE COMMISSIONE

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| SYCAMORE PARTNERS MANAGEMENT, L.P. (F/K/A SYCAMORE PARTNERS MANAGEMENT, L.L.C.), SYCAMORE PARTNERS, L.P., and SYCAMORE PARTNERS A, L.P., <br><br> Plaintiffs, <br><br> v. <br><br> ENDURANCE AMERICAN INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, ZURICH AMERICAN INSURANCE COMPANY, XL SPECIALTY INSURANCE COMPANY, STARR INDEMNITY & LIABILITY COMPANY, MARKEL AMERICAN INSURANCE COMPANY, ARGONAUT INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, IRONSHORE INDEMNITY INC., and EVEREST NATIONAL INSURANCE COMPANY, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

C.A. No. _____ (CCLD)

**TRIAL BY JURY OF TWELVE DEMANDED**

## SUMMONS

**THE STATE OF DELAWARE,**
**TO THE SHERIFF OF KENT COUNTY:**

### YOU ARE COMMANDED:

1.    To summon the below-named Defendants so that, within twenty (20)

days after service hereof upon Defendants, exclusive of the day of service,

Defendants shall serve upon David J. Baldwin, Plaintiffs' attorney, whose address is c/o Potter Anderson & Corroon LLP, Hercules Plaza, Sixth Floor, 1313 North Market Street, Wilmington, DE  19801, answers to the Complaint (and, if an Affidavit of Demand has been filed, an Affidavit of Defense).

    2.    To serve upon Defendants a copy hereof and of the Complaint (and of the Affidavit of Demand if any has been filed by Plaintiffs).

Dated: September ___, 2018

*SUSAN A. HEARN* _____
Prothonotary

_____
Per Deputy

Continental Casualty Company
Zurich American Insurance Company
Starr Indemnity & Liability Company
Markel American Insurance Company
Argonaut Insurance Company
Great American Insurance Company
Ironshore Indemnity Inc.
Endurance American Insurance Company
XL Specialty Insurance Company
Everest National Insurance Company

**TO THE ABOVE-NAMED DEFENDANTS:**

In case of your failure, within twenty (20) days after service hereof upon you, exclusive of the day of service, to serve on Plaintiffs' attorney named above answers to the Complaint (and, if an Affidavit of Demand has been filed, an Affidavit of Defense), judgment by default will be rendered against you for the relief demanded

in the Complaint (or in the Affidavit of Demand, if any).

_SUSAN A. HEARN_____
Prothonotary

_____

5918569/45380

Per Deputy

3

This page has been intentionally left blank

Summons Insurance Commissioner

# General Information

**Court**                     Delaware Superior Court, New Castle County

**Docket Number**             N18C-09-211

© 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

Bloomberg Law®

EFiled:  Sep 24 2018 07:02PM EDT
Transaction ID 62437386
Case No. N18C-09-211 AML CCLD

SUMMONS REGISTERED AGENT

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| SYCAMORE PARTNERS MANAGEMENT, L.P. (F/K/A SYCAMORE PARTNERS MANAGEMENT, L.L.C.), SYCAMORE PARTNERS, L.P., and SYCAMORE PARTNERS A, L.P.,<br><br>Plaintiffs,<br><br>v.<br><br>ENDURANCE AMERICAN INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, ZURICH AMERICAN INSURANCE COMPANY, XL SPECIALTY INSURANCE COMPANY, STARR INDEMNITY & LIABILITY COMPANY, MARKEL AMERICAN INSURANCE COMPANY, ARGONAUT INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, IRONSHORE INDEMNITY INC., and EVEREST NATIONAL INSURANCE COMPANY,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br>C.A. No. _____ (CCLD)<br><br>**TRIAL BY JURY OF TWELVE DEMANDED** |

## SUMMONS

**THE STATE OF DELAWARE
TO THE SHERIFF OF NEW CASTLE COUNTY:**

**YOU ARE COMMANDED:**

1.    To summon the below-named Defendants so that, within twenty (20)

days after service hereof upon Defendants, exclusive of the day of service,

Defendants shall serve upon David J. Baldwin, Plaintiffs' attorney, whose address is c/o Potter Anderson & Corroon LLP, Hercules Plaza, Sixth Floor, 1313 North Market Street, Wilmington, DE  19801, answers to the Complaint (and, if an Affidavit of Demand has been filed, an Affidavit of Defense).

    2.     To serve upon Defendants a copy hereof and of the Complaint (and of the Affidavit of Demand if any has been filed by Plaintiffs).

Dated: September __, 2018

*SUSAN A. HEARN*
Prothonotary

_____
Per Deputy

Endurance American Insurance Company
XL Specialty Insurance Company
Everest National Insurance Company

**TO THE ABOVE-NAMED DEFENDANTS:**

    In case of your failure, within twenty (20) days after service hereof upon you, exclusive of the day of service, to serve on Plaintiffs' attorney named above answers to the Complaint (and, if an Affidavit of Demand has been filed, an Affidavit of Defense), judgment by default will be rendered against you for the relief demanded in the Complaint (or in the Affidavit of Demand, if any).

*SUSAN A. HEARN*
Prothonotary

_____
Per Deputy

5918600/45380

2

Summons Registered Agent

# General Information

| | |
|---|---|
| **Court** | Delaware Superior Court, New Castle County |
| **Docket Number** | N18C-09-211 |

© 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

**Bloomberg Law**®

EFiled: Oct 05 2018 03:43PM EDT
Transaction ID 62527655
Case No. N18C-09-211 AML CCLD 10/2/18

EFiled: Sep 24 2018 07:02PM EDT
Transaction ID 62437386
Case No. N18C-09-211 AML

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| SYCAMORE PARTNERS MANAGEMENT, L.P. (F/K/A SYCAMORE PARTNERS MANAGEMENT, L.L.C.), SYCAMORE PARTNERS, L.P., and SYCAMORE PARTNERS A, L.P., | ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| ENDURANCE AMERICAN INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, ZURICH AMERICAN INSURANCE COMPANY, XL SPECIALTY INSURANCE COMPANY, STARR INDEMNITY & LIABILITY COMPANY, MARKEL AMERICAN INSURANCE COMPANY, ARGONAUT INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, IRONSHORE INDEMNITY INC., and EVEREST NATIONAL INSURANCE COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

C.A. No. _____ (CCLD)

**TRIAL BY JURY OF TWELVE DEMANDED**

FILED
NCC PROTHONOTARY
B
2018 SEP 25 P 4: 24

## PRAECIPE

TO: Prothonotary
Superior Court of the State of Delaware
Leonard L. Williams Justice Center
500 North King Street
Wilmington, DE 19801

**PLEASE ISSUE** a summons to the Plaintiffs' counsel of record, commanding

him to summon and direct the below-named Defendants to answer the Complaint by

(31) words issued
chbs # 234043  250.00 Ins. comm.
      # 234048   75.00 Kent
      # 234050   85.00 NC

serving the below-named Defendants pursuant to 10 *Del. C.* § 3104 with a copy of

the Summons and Complaint as follows:

1. Continental Casualty Company
c/o an Officer, a Managing or General agent
333 South Wabash Avenue
Chicago, IL 60604

   -and-

Continental Casualty Company
c/o an Officer, a Managing or General agent
151 North Franklin Street
Chicago IL, 60604

2. Zurich American Insurance Company
c/o an Officer, a Managing or General agent
1299 Zurich Way
Schaumburg, IL 60196

3. Starr Indemnity & Liability Company
c/o an Officer, a Managing or General agent
399 Park Avenue, 8th Floor
New York, NY 10022

4. Markel American Insurance Company
c/o an Officer, a Managing or General agent
4521 Highwoods Parkway
Glen Allen, VA 23060

5. Argonaut Insurance Company
c/o an Officer, a Managing or General agent
175 East Houston Street – Suite 1300
San Antonio, TX 78205

6. Great American Insurance Company
c/o an Officer, a Managing or General agent
301 E. Fourth Street
Cincinnati, OH 45202

2

7.  Ironshore Indemnity Inc.
    c/o an Officer, a Managing or General agent
    28 Liberty Street, 4th Floor
    New York, NY  10005-1480

**PLEASE ISSUE** summons to the below-named Defendants for service by the

Sheriff of Kent County upon the Defendants listed below by serving two (2) copies

of the Summons, Praecipe, and Complaint for the Defendants on the Commissioner

of Insurance, State of Delaware, 841 Silver Lake Boulevard, Dover, Delaware

19901, in accordance with 18 *Del. C.* § 525.  At the time of service the sheriff will

deliver a check payable to the Commission of Insurance in the amount of $250.00,

representing the require fee:

> Continental Casualty Company
> Zurich American Insurance Company
> Starr Indemnity & Liability Company
> Markel American Insurance Company
> Argonaut Insurance Company
> Great American Insurance Company
> Ironshore Indemnity Inc.
> Endurance American Insurance Company
> XL Specialty Insurance Company
> Everest National Insurance Company

**PLEASE ISSUE** a summons to the below-named Defendants for service by

the Sheriff of New Castle County upon the Defendants listed below by serving a

copy of the Summons and Complaint for the Defendants on their registered agent,

in accordance with 8 *Del. C.* § 321:

3

Endurance American Insurance Company
XL Specialty Insurance Company
Everest National Insurance Company

POTTER ANDERSON & CORROON LLP

By: */s/   David J. Baldwin*
David J. Baldwin (No.1010)
Carla M. Jones (No. 6046)
Tracey E. Timlin (No. 6469)
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE  19801
Telephone:  (302) 984-6000
dbaldwin@potteranderson.com
cjones@potteranderson.cm
ttimlin @potteranderson.com

Dated:  September 24, 2018                    *Attorneys for Plaintiffs*
5918434/45380

4

(31) Writs issued on 10-2-2018.

# General Information

**Court**                    Delaware Superior Court, New Castle County

**Docket Number**            N18C-09-211

Bloomberg Law®

© 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

EFiled:  Oct 09 2018 04:48PM EDT
Transaction ID 62540565
Case No. N18C-09-211 AML CCLD

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SYCAMORE PARTNERS MANAGEMENT, L.P. (F/K/A SYCAMORE PARTNERS MANAGEMENT, L.L.C.), SYCAMORE PARTNERS, L.P., and SYCAMORE PARTNERS A, L.P., | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. N18C-09-211 AML CCLD |
| v. | ) ) | |
| ENDURANCE AMERICAN INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, ZURICH AMERICAN INSURANCE COMPANY, XL SPECIALTY INSURANCE COMPANY, STARR INDEMNITY & LIABILITY COMPANY, MARKEL AMERICAN INSURANCE COMPANY, ARGONAUT INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, IRONSHORE INDEMNITY INC., and EVEREST NATIONAL INSURANCE COMPANY | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ENTRY OF APPEARANCE

PLEASE ENTER THE APPEARANCE of Elena C. Norman of the law firm

of Young Conaway Stargatt & Taylor, LLP on behalf of Defendant Markel

American Insurance Company in the above-captioned action.

YOUNG CONAWAY STARGATT
  & TAYLOR, LLP

*/s/ Elena C. Norman*
Elena C. Norman (No. 4780)
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-6600

*Attorneys for Defendant Markel*
*American Insurance Company*

Dated:  October 9, 2018

## <u>CERTIFICATE OF SERVICE</u>

I, Elena C. Norman, Esquire, hereby certify that on October 9, 2018, a copy of the foregoing document was served on the following counsel in the manner indicated below:

### <u>BY FILE & SERVEXPRESS</u>

David J. Baldwin, Esq.
Carla M. Jones, Esq.
POTTER ANDERSON
  & CORROON LLP
Hercules Plaza, Sixth Floor
1313 North Market Street
Wilmington, DE 19801

*/s/ Elena C. Norman*
Elena C. Norman (#4780)

This page has been intentionally left blank

Entry of Appearance of Elena C. Norman, Esq. of Young Conaway Stargatt & Taylor,

# General Information

| | |
|---|---|
| **Court** | Delaware Superior Court, New Castle County |
| **Docket Number** | N18C-09-211 |

© 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

EFiled:  Oct 09 2018 04:48PM EDT
Transaction ID 62540565
Case No. N18C-09-211 AML CCLD

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

|  |  |  |
|---|---|---|
| SYCAMORE PARTNERS MANAGEMENT, L.P. (F/K/A SYCAMORE PARTNERS MANAGEMENT, L.L.C.), SYCAMORE PARTNERS, L.P., and SYCAMORE PARTNERS A, L.P., | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. N18C-09-211 AML CCLD |
| v. | ) ) ) | |
| ENDURANCE AMERICAN INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, ZURICH AMERICAN INSURANCE COMPANY, XL SPECIALTY INSURANCE COMPANY, STARR INDEMNITY & LIABILITY COMPANY, MARKEL AMERICAN INSURANCE COMPANY, ARGONAUT INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, IRONSHORE INDEMNITY INC., and EVEREST NATIONAL INSURANCE COMPANY | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MOTION FOR ADMISSION**
***PRO HAC VICE* OF MICHAEL F. PERLIS**

Elena C. Norman ("Movant"), a member of the Delaware bar, pursuant to

Delaware Superior Court Civil Rule 90.1, hereby moves the admission *pro hac*

*vice* of Michael F. Perlis ("Applicant") of Locke Lord LLP, 300 S. Grand Avenue,

Suite 2600, Los Angeles, CA 90071 to represent Defendant Markel American

Insurance Company in this action.  Movant certifies that she finds Applicant to be

a reputable and competent attorney, and that Movant is in a position to recommend

Applicant's admission *pro hac vice*.  The Applicant is admitted, practicing, and in

good standing in the States of California, New York and the District of Columbia.

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Elena C. Norman*
Elena C. Norman (No. 4780)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600

*Attorney    for    Defendant    Markel
American Insurance Company*

Dated:  October 9, 2018

## <u>CERTIFICATE OF SERVICE</u>

I, Elena C. Norman, Esquire, hereby certify that on October 9, 2018, a copy of the foregoing document was served on the following counsel in the manner indicated below:

## <u>BY FILE & SERVEXPRESS</u>

David J. Baldwin, Esq.
Carla M. Jones, Esq.
POTTER ANDERSON
  & CORROON LLP
Hercules Plaza, Sixth Floor
1313 North Market Street
Wilmington, DE 19801

*/s/ Elena C. Norman*
Elena C. Norman (#4780)

This page has been intentionally left blank

Perlis, Michael F.: Motion for Admission Pro Hac Vice to represent Defendant Markel

# General Information

**Court**                          Delaware Superior Court, New Castle County

**Docket Number**                  N18C-09-211

Bloomberg Law®                  © 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

EFiled: Oct 09 2018 04:48PM EDT
Transaction ID 62540565
Case No. N18C-09-211 AML CCLD

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| SYCAMORE PARTNERS MANAGEMENT, L.P. (F/K/A SYCAMORE PARTNERS MANAGEMENT, L.L.C.), SYCAMORE PARTNERS, L.P., and SYCAMORE PARTNERS A, L.P., | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. N18C-09-211 AML CCLD |
| v. | ) ) | |
| ENDURANCE AMERICAN INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, ZURICH AMERICAN INSURANCE COMPANY, XL SPECIALTY INSURANCE COMPANY, STARR INDEMNITY & LIABILITY COMPANY, MARKEL AMERICAN INSURANCE COMPANY, ARGONAUT INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, IRONSHORE INDEMNITY INC., and EVEREST NATIONAL INSURANCE COMPANY | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## NOTICE OF MOTION FOR ADMISSION
### *PRO HAC VICE* OF MICHAEL F. PERLIS

PLEASE TAKE NOTICE that the undersigned will present the attached

Motion for Admission *Pro Hac Vice* of Michael F. Perlis at the convenience of the

Court.

<div style="margin-left: 40%;">

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Elena C. Norman*
Elena C. Norman (No. 4780)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600

*Attorney for Defendant Markel American Insurance Company*

</div>

Dated:  October 9, 2018

# General Information

| | |
|---|---|
| **Court** | Delaware Superior Court, New Castle County |
| **Docket Number** | N18C-09-211 |

© 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

EFiled:  Oct 15 2018 04:55PM EDT
Transaction ID 62561048
Case No. N18C-09-211 AML CCLD

# EXHIBIT B

# SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Great American Insurance Company
301 E. Fourth Street
Cincinnati, OH 45202

9590 9402 3737 7335 1878 60

2. Article Number (Transfer from service label)

7017 1450 0001 1211 8065

PS Form 3811, July 2015 PSN 7530-02-000-9053

# COMPLETE THIS SECTION ON DELIVERY

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)        C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:      ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

United States
Postal Service

USPS TRACKING #

9590 9402 3737 7335 1878 60

• Sender: Please print your name, address, and ZIP+4® in this box•

Potter Anderson & Corroon
P.O. Box 951
1313 N. Market Street
Wilmington, De. 19899-0951

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

DJB / HA

ALERT: USPS SERVICES ARE DISRUPTED IN SOME FLORIDA PANHANDLE AREAS I...

# USPS Tracking®

FAQs › (https://www.usps.com/faqs/uspstracking-faqs.htm)

## Track Another Package +

**Tracking Number:** 70171450000112118065

Remove ✕

Your item was delivered to an individual at the address at 1:01 pm on October 9, 2018 in CINCINNATI, OH 45202.

## ✅ Delivered

October 9, 2018 at 1:01 pm
Delivered, Left with Individual
CINCINNATI, OH 45202

Get Updates ⌄

Feedback

---

Text & Email Updates                                    ⌄

---

Tracking History                                        ⌄

---

Product Information                                     ⌄

---

See Less ⌃

## Can't find what you're looking for?

This page has been intentionally left blank

# General Information

| | |
|---|---|
| **Court** | Delaware Superior Court, New Castle County |
| **Docket Number** | N18C-09-211 |

Bloomberg Law®

© 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

**EFiled:  Oct 15 2018 04:55PM EDT**
**Transaction ID 62561048**
**Case No. N18C-09-211 AML CCLD**

## <u>CERTIFICATE OF SERVICE</u>

David J. Baldwin hereby certifies that, on this 15th day of October 2018, he

caused to be filed, via File & Serve*Xpress*, an electronic version of the foregoing

document and to be served, via File & Serve*Xpress*, upon the Delaware Counsel of

record identified below:

| | |
|---|---|
| Elena C. Norman, Esq.<br>Young Conaway Stargatt<br>  & Taylor, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE  19801<br><br>*Attys. for Markel American Insurance Company* | |

/s/ David J. Baldwin
David J. Baldwin (No. 1010)
Carla M. Jones (No. 6046)

5959313/45380

This page has been intentionally left blank

Certificate of Service for Amendment to Complaint Under Superior Court Rule 4(h) for

# General Information

**Court**                    Delaware Superior Court, New Castle County

**Docket Number**            N18C-09-211

© 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

EFiled: Oct 15 2018 05:03PM EDT
Transaction ID 62561097
Case No. N18C-09-211 AML CCLD

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| SYCAMORE PARTNERS MANAGEMENT, L.P. (F/K/A SYCAMORE PARTNERS MANAGEMENT, L.L.C.), SYCAMORE PARTNERS, L.P., and SYCAMORE PARTNERS A, L.P., <br><br> Plaintiffs, <br><br> v. <br><br> ENDURANCE AMERICAN INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, ZURICH AMERICAN INSURANCE COMPANY, XL SPECIALTY INSURANCE COMPANY, STARR INDEMNITY & LIABILITY COMPANY, MARKEL AMERICAN INSURANCE COMPANY, ARGONAUT INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, IRONSHORE INDEMNITY INC., and EVEREST NATIONAL INSURANCE COMPANY, <br><br> Defendants. | )))))))))))))))))))))))))))) <br><br> C.A. No. N18C-09-211 AML CCLD <br><br> **TRIAL BY JURY OF TWELVE DEMANDED** |

## AMENDMENT TO COMPLAINT
## UNDER SUPERIOR COURT RULE 4(h)

| | |
|---|---|
| STATE OF DELAWARE | ) |
| | ) ss: |
| COUNTY OF NEW CASTLE | ) |

BE IT REMEMBERED, that on this 15th day of October, 2018, did personally

appear before me the Subscriber, a Notary for the State and County aforesaid,

DAVID J. BALDWIN, who, being by me duly sworn according to law, did depose and say:

1.      That he is an attorney duly licensed to practice before the Courts of the State of Delaware and is a partner with the firm of Potter Anderson & Corroon LLP, counsel for plaintiff herein.

2.      That on October 4, 2018, a copy of the Summons and Complaint filed by plaintiff in the above-captioned matter, together with a transmittal letter advising said defendant that service had been made upon it pursuant to the provisions of 10 *Del. C.* § 3104(d)(3), was mailed by Certified Mail, Return Receipt Requested, to Ironshore Indemnity Inc., a non-resident defendant in the above-captioned matter.

3.      That attached hereto as Exhibit A is the postal service receipt that he received on October 4, 2018, and that evidences mailing of the documents by Certified Mail pursuant to the provisions of 10 *Del. C.* § 3104(d)(3) to defendant Ironshore Indemnity Inc., c/o an Officer, a Managing or General agent, 28 Liberty Street, 4th Floor, New York, NY  10005-1480.

2

5957845/45380

4.    That attached hereto as Exhibit B is Ironshore Indemnity Inc.'s return

receipt received on October 9, 2018, which evidences receipt of the Documents by

defendant Ironshore Indemnity Inc.

_____
David J. Baldwin

Sworn and Subscribed Before Me
This 15th day of October, 2018

_____
Notary Public

My Commission Expires:  4/4/19

3

5957845/45380

This page has been intentionally left blank

Amendment to Complaint Under Superior Court Rule 4(h) for Ironshore Indemnity Inc.

# General Information

**Court**                          Delaware Superior Court, New Castle County

**Docket Number**                  N18C-09-211

© 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

Exhibit A to Amendment to Complaint Under Superior Court Rule 4(h) for Ironshore Indemnity

## Multiple Documents

| Part | Description |
|------|-------------|
| 1 | Exhibit A to Amendment to Complaint Under Superior Court Rule 4(h) for Ironshore Indemnity Inc. pursuant to 10 Del. C. Section 3104(d)(3) |
| 2 | Exhibit B to Amendment to Complaint Under Superior Court Rule 4(h) for Ironshore Indemnity Inc. pursuant to 10 Del. C. Section 3104(d)(3)52 |

**Bloomberg Law**®      © 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

EFiled:  Oct 15 2018 05:03PM EDT
Transaction ID 62561097
Case No. N18C-09-211 AML CCLD

# EXHIBIT A



7017 1450 0001 1211 8072

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)
☐ Return Receipt (electronic)
☐ Certified Mail Restricted Delivery
☐ Adult Signature Required
☐ Adult Signature Restricted Delivery $

Postage
$

Total Postage and Fees
$

Sent To
Ironshore Indemnity Inc.
c/o an Officer, a Managing or
General agent

Street and Apt. No., or PO Box
28 Liberty Street, 4th Floor

City, State, ZIP+4®
New York, NY 10005-1480

PS Form 3800, April 2015

EFiled:  Oct 15 2018 05:03PM EDT
Transaction ID 62561097
Case No. N18C-09-211 AML CCLD

# EXHIBIT B

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ironshore Indemnity Inc.
c/o an Officer, a Managing or General Agent
28 Liberty Street, 4th Floor
New York, NY 10005-1480

9590 9402 3737 7335 1878 53

2. Article Number (Transfer from service label)

7017 1450 0001 1211 8072

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                             ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ stricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

United States
Postal Service

USPS TRACKING #

9590 9402 3737 7335 1878 53

• Sender: Please print your name, address, and ZIP+4® in this box•

*Potter Anderson & Corroon*
*P.O. Box 951*
*1313 N. Market Street*
*Wilmington, De. 19899-0951*

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

ALERT: USPS SERVICES ARE DISRUPTED IN SOME FLORIDA PANHANDLE AREAS I...

# USPS Tracking®   FAQs > (https://www.usps.com/faqs/uspstracking-faqs.htm)

## Track Another Package  +

**Tracking Number:** 70171450000112118072                    Remove ✕

Your item has been delivered to an agent at 9:43 am on October 10, 2018 in NEW YORK, NY 10005.

## ✔ Delivered

October 10, 2018 at 9:43 am
Delivered, To Agent
NEW YORK, NY 10005

**Get Updates** ∨

---

**Text & Email Updates**                              ∨

---

**Tracking History**                                  ∨

---

**Product Information**                               ∨

---

See Less ∧

Feedback

## Can't find what you're looking for?

# General Information

| | |
|---|---|
| **Court** | Delaware Superior Court, New Castle County |
| **Docket Number** | N18C-09-211 |

Bloomberg Law®

**EFiled: Oct 15 2018 05:03PM EDT**
**Transaction ID 62561097**
**Case No. N18C-09-211 AML CCLD**

## <u>CERTIFICATE OF SERVICE</u>

David J. Baldwin hereby certifies that, on this 15th day of October 2018, he

caused to be filed, via File & Serve*Xpress*, an electronic version of the foregoing

document and to be served, via File & Serve*Xpress*, upon the Delaware Counsel of

record identified below:

| | |
|---|---|
| Elena C. Norman, Esq.<br>Young Conaway Stargatt<br>  & Taylor, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE  19801<br><br>*Attys. for Markel American Insurance Company* | |

/s/ David J. Baldwin
David J. Baldwin (No. 1010)
Carla M. Jones (No. 6046)

5959313/45380

This page has been intentionally left blank

Certificate of Service for Amendment to Complaint Under Superior Court Rule 4(h) for

# General Information

**Court**                          Delaware Superior Court, New Castle County

**Docket Number**                  N18C-09-211

Bloomberg Law®

EFiled: Oct 15 2018 05:11PM EDT
Transaction ID 62561131
Case No. N18C-09-211 AML CCLD

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

SYCAMORE PARTNERS                    )
MANAGEMENT, L.P. (F/K/A              )
SYCAMORE PARTNERS                    )
MANAGEMENT, L.L.C.), SYCAMORE        )
PARTNERS, L.P., and SYCAMORE         )
PARTNERS A, L.P.,                    )
                                     )
                Plaintiffs,    )
                                     )
        v.               )   C.A. No. N18C-09-211 AML CCLD
                                     )
ENDURANCE AMERICAN INSURANCE         )   **TRIAL BY JURY OF**
COMPANY, CONTINENTAL                 )   **TWELVE DEMANDED**
CASUALTY COMPANY, ZURICH             )
AMERICAN INSURANCE COMPANY,          )
XL SPECIALTY INSURANCE               )
COMPANY, STARR INDEMNITY &           )
LIABILITY COMPANY, MARKEL            )
AMERICAN INSURANCE COMPANY,          )
ARGONAUT INSURANCE COMPANY,          )
GREAT AMERICAN INSURANCE             )
COMPANY, IRONSHORE INDEMNITY         )
INC., and EVEREST NATIONAL           )
INSURANCE COMPANY,                   )
                                     )
             Defendants.       )

## AMENDMENT TO COMPLAINT
## UNDER SUPERIOR COURT RULE 4(h)

STATE OF DELAWARE       )
                    ) ss:
COUNTY OF NEW CASTLE  )

BE IT REMEMBERED, that on this 15th day of October, 2018, did personally

appear before me the Subscriber, a Notary for the State and County aforesaid,

DAVID J. BALDWIN, who, being by me duly sworn according to law, did depose and say:

1.      That he is an attorney duly licensed to practice before the Courts of the State of Delaware and is a partner with the firm of Potter Anderson & Corroon LLP, counsel for plaintiff herein.

2.      That on October 4, 2018, a copy of the Summons and Complaint filed by plaintiff in the above-captioned matter, together with a transmittal letter advising said defendant that service had been made upon it pursuant to the provisions of 10 *Del. C.* § 3104(d)(3), was mailed by Certified Mail, Return Receipt Requested, to Starr Indemnity & Liability Company, a non-resident defendant in the above-captioned matter.

3.      That attached hereto as Exhibit A is the postal service receipt that he received on October 4, 2018, and that evidences mailing of the documents by Certified Mail pursuant to the provisions of 10 *Del. C.* § 3104(d)(3) to defendant Starr Indemnity & Liability Company, c/o an Officer, a Managing or General Agent, 399 Park Avenue, 8th Floor, New York, NY  10022.

2

5957890/45380

4.     That attached hereto as Exhibit B is Starr Indemnity & Liability

Company's return receipt received on October 9, 2018, which evidences receipt of

the Documents by defendant Starr Indemnity & Liability Company.



_____
David J. Baldwin

Sworn and Subscribed Before Me
This 15th day of October, 2018

_____
Notary Public

My Commission Expires:  4/4/19

5957890/45380

3

This page has been intentionally left blank

# General Information

**Court**                          Delaware Superior Court, New Castle County

**Docket Number**              N18C-09-211

Bloomberg Law®

**EFiled:  Oct 15 2018 05:11PM EDT**
**Transaction ID 62561131**
**Case No. N18C-09-211 AML CCLD**

# EXHIBIT A



U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $

Postage
$

Total Postage and Fees
$

Sent To
Starr Indemnity & Liability Company

Street and Apt. No.
399 Park Avenue, 8th Floor

City, State, ZIP+4
New York, NY 10022

7017 1450 0001 1211 8034

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

# General Information

**Court**                     Delaware Superior Court, New Castle County

**Docket Number**             N18C-09-211

Bloomberg Law®                © 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

**EFiled:  Oct 15 2018 05:11PM EDT**
**Transaction ID 62561131**
**Case No. N18C-09-211 AML CCLD**

# EXHIBIT B

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Starr Indemnity & Liability Company
399 Park Avenue, 8th Floor
New York, NY 10022

9590 9402 3737 7335 1878 91

2. Article Number (Transfer from service label)

7017 1450 0001 1211 8034

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
☐ Agent
☐ Addressee

B. Received by (Printed Name)
C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

USPS TRACKING #

9590 9402 3737 7335 1878 91

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

Potter Anderson & Corroon
P.O. Box 951
1313 N. Market Street
Wilmington, De. 19899-0951

D3B/MA

ALERT: USPS SERVICES ARE DISRUPTED IN SOME FLORIDA PANHANDLE AREAS I...

# USPS Tracking® FAQs > (https://www.usps.com/faqs/uspstracking-faqs.htm)

### Track Another Package +

**Tracking Number:** 70171450000112118034                    Remove ✕

Your item was delivered to the front desk or reception area at 5:08 pm on October 9, 2018 in NEW YORK, NY 10022.

## ☑ Delivered

October 9, 2018 at 5:08 pm
Delivered, Front Desk/Reception
NEW YORK, NY 10022

**Get Updates** ⌄

Feedback

---

**Text & Email Updates**                                                   ⌄

---

**Tracking History**                                                       ⌄

---

**Product Information**                                                     ⌄

---

See Less ⌃

# Can't find what you're looking for?

This page has been intentionally left blank

Exhibit B to Amendment to Complaint Under Superior Court Rule 4(h) for Starr Indemnity

# General Information

**Court**                          Delaware Superior Court, New Castle County

**Docket Number**                  N18C-09-211

© 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

EFiled:  Oct 15 2018 05:11PM EDT
Transaction ID 62561131
Case No. N18C-09-211 AML CCLD

## <u>CERTIFICATE OF SERVICE</u>

David J. Baldwin hereby certifies that, on this 15th day of October 2018, he

caused to be filed, via File & Serve*Xpress*, an electronic version of the foregoing

document and to be served, via File & Serve*Xpress*, upon the Delaware Counsel of

record identified below:

| | |
|---|---|
| Elena C. Norman, Esq.<br>Young Conaway Stargatt<br>  & Taylor, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE  19801<br><br>*Attys. for Markel American Insurance<br>Company* | |

/s/ David J. Baldwin
David J. Baldwin (No. 1010)
Carla M. Jones (No. 6046)

5959313/45380

This page has been intentionally left blank

Certificate of Service for Amendment to Complaint Under Superior Court Rule 4(h) for

# General Information

**Court**                        Delaware Superior Court, New Castle County

**Docket Number**          N18C-09-211

© 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service



**EFiled:  Oct 16 2018 05:20PM EDT**
**Transaction ID 62565945**
**Case No. N18C-09-211 AML CCLD**

ROCKEFELLER CENTER

**Elena C. Norman**
P 302.571.5029
F 302.576.3402
enorman@ycst.com

October 16, 2018

**HAND DELIVERY AND**
**FILEANDSERVEXPRESS**

The Honorable Abigail M. LeGrow
Superior Court of the State of Delaware
Leonard L. Williams Justice Center
500 North King Street
Wilmington, DE 19801

<div align="right">

Re: *Sycamore Partners Management, L.P., et al. v. Endurance American*
*Insurance Company, et al*. N18C-09-211-AML (CCLD)

</div>

Dear Judge LeGrow:

On behalf of Defendant Markel American Insurance Company ("MAIC"), enclosed is a Corrected Brief in Support of Defendant MAIC's Motion to Dismiss.  The original Brief, filed October 15, 2018, had a typographical error, and the Corrected Brief replaces only the words "Defendant Insurers" with "Sycamore Insureds" on page 22.  A redline comparison of the original Brief and the Corrected Brief is attached hereto as Exhibit A.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Abigail M. LeGrow
October 16, 2018
Page 2

Counsel is available at the Court's convenience if Your Honor has any

questions regarding the enclosed.

Respectfully submitted,

*/s/ Elena C. Norman*

Elena C. Norman (No. 4780)

Enclosures

cc:  David Baldwin, Esq. (via e-filing)
     Carla Jones, Esq. (via e-filing)

Letter to Judge LeGrow from Elena C. Norman regarding Corrected Brief in Support of

# General Information

| | |
|---|---|
| **Court** | Delaware Superior Court, New Castle County |
| **Docket Number** | N18C-09-211 |

© 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

Bloomberg Law®

**EFiled:  Oct 16 2018 05:20PM EDT**
**Transaction ID 62565945**
**Case No. N18C-09-211 AML CCLD**

# EXHIBIT A

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SYCAMORE PARTNERS MANAGEMENT, L.P. (F/K/A SYCAMORE PARTNERS MANAGEMENT, L.L.C.), SYCAMORE PARTNERS, L.P., and SYCAMORE PARTNERS A, L.P., | ) ) ) ) ) ) ) | |
| *Plaintiffs,* | ) ) | |
| v. | ) ) ) | C.A. NO.: N18C-09-211 AML (CCLD) |
| ENDURANCE AMERICAN INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, ZURICH AMERICAN INSURANCE COMPANY, XL SPECIALTY INSURANCE COMPANY, STARR INDEMNITY & LIABILITY COMPANY, MARKEL AMERICAN INSURANCE COMPANY, ARGONAUT INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, IRONSHORE INDEMNITY INC., and EVEREST NATIONAL INSURANCE COMPANY | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| *Defendants.* | ) ) | |

## DEFENDANT MARKEL AMERICAN INSURANCE COMPANY'S CORRECTED* BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

<u>* This Corrected Brief replaces "Defendant Insurers" with "Sycamore Insureds" on page 22.</u>

OF COUNSEL:

LOCKE LORD LLP
Michael F. Perlis
Cary J. Economou
300 S. Grand Avenue
Suite 2600
Los Angeles, CA 90071
(213) 485-1500

Dated:  October ~~15,~~16, 2018

YOUNG CONAWAY STARGATT
 & TAYLOR, LLP
Elena C. Norman (No. 4780)
Rodney Square
1000 North King Street
Wilmington, DE 19899
(302) 571-6600


*Counsel for Defendant Markel
American Insurance Company*

# <u>TABLE OF CONTENTS</u>

**Page**

I.    INTRODUCTION.................................................................................................1

II.   FACTUAL BACKGROUND .............................................................................3

  A.  Nature of the Proceedings........................................................................3

  B.  Statement of Relevant Facts ...................................................................4

    1.  The Policies of Underlying Insurance...........................................4

    2.  Allegations of the Complaint ........................................................5

III.  ARGUMENT........................................................................................................7

  A.  Counts II and III, As Alleged Against MAIC, Are Not Ripe For Adjudication And Based On Their Prematurity Should Be Dismissed. ......................................8

  B.  Sycamore Failed To Allege Exhaustion As Required By The Terms Of The Policies.........................................................................................................15

  C.  This Action Should Be Dismissed Based On *Forum Non Conveniens*. .......17

    1.  The Application of the *McWane* Test .......................................18

    2.  The Application of the *Cryo-Maid* Test....................................20

      i.    The Evidence And Witnesses Are Located In New York......................21

      ii.   Determinations Of Coverage Under The Policies Would Be Governed By New York Law. ..........................................................................................22

      iii.  Practical Problems That Would Make The Case Easy, Expeditious and Inexpensive To Try..............................................................................22

      iv.  Pendency Of Another Action.................................................................23

IV.   CONCLUSION..................................................................................................23

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

### CASES

*Appriva S'holder Litig. Co. v. ev3, Inc.*,
 937 A.2d 1275 (Del. 2007) ................................................................8

*Aranda v. Philip Morris USA Inc.*,
 183 A.3d 1245 (Del. 2018) ..............................................................17

*Bebchuk v. CA, Inc.*,
 902 A.2d 737 (Del. Ch. 2006) ...........................................................9

*Chrysler First Bus. Credit Corp. v. 1500 Locust Ltd. Partnership*,
 669 A.2d 104 (Del. 1995) ................................................................21

*Cooper v. Certain Underwriters at Lloyd's, London*,
 2018 WL 1548208 (9th Cir. Mar. 30, 2018) ....................................15

*Cornell Glasgow v. LaGrange Props., LLC*,
 2012 WL 3157124 (Del. Super. Ct. Aug. 1, 2012).............................8

*Diedenhofen-Lennartz v. Diedenhofen*,
 931 A.2d 439 (Del. Ch. 2007) .........................................................19

*Dura Pharms., Inc. v. Scandipharm, Inc.*,
 713 A.2d 925 (Del. Ch. 1998) .........................................................18

*Energy P'rs, Ltd. v. Stone Energy Corp.*,
 2006 WL 2947483 (Del. Ch. Oct. 11, 2006) .....................................9

*Gen. Foods Corp. v. Cryo-Maid, Inc.*,
 198 A.2d 681 (Del. 1964) ....................................................17, 20, 21

*Gen. Video Corp v. Kertesz*,
 2006 WL 2051023 (Del. Ch. July 19, 2006) ....................................19

*Intel Corp. v. Am. Guar. & Liability Ins. Co.*,
 51 A.3d 442 (Del. 2012) ..................................................................16

*Kurtin v. KRE LLC,*
  2005 WL 1200188 (Del. Ch. May 16, 2005)......................................................19

*LaFayette v. Christian,*
  2012 WL 3608690 (Del. Super. Ct. Aug. 21, 2012)............................................8

*Martinez v. E.I. DuPont de Nemours and Co., Inc.,*
  86 A.3d 1102 (Del. 2014) ....................................................................................21

*McWane Cast Iron Pipe Corp. v. McDowell-Wellman Eng'g Co.,*
  263 A.2d 281 (Del. 1970) ...............................................................17, 18, 19, 20

*Md. Cas. Co. v. Pac. Coal & Oil Co.,*
  312 U.S. 270 (1941)................................................................................................7

*Monsanto Co. v. Aetna Casualty and Surety Co.,*
  565 A.2d. 268 (Del. Super. 1989)......................................................9, 10, 11, 12

*Prather v. Doroshow, Pasquale, Krawitz & Bhaya,*
  2011 WL 1465520 (Del. Super. Ct. Apr. 14, 2011) ............................................8

*Qualcomm, Inc. v. Certain Underwriters at Lloyd's, London,*
  161 Cal. App. 4th 184 (2008) .............................................................................15

*Schick Inc. v. Amalgamated Clothing & Textile Workers Union,*
  533 A.2d 1235 (Del. Ch. 1987) ..........................................................................15

*In re Tri-Star Pictures, Inc. Litig.,*
  634 A.2d 319 (Del. 1993) .....................................................................................8

*Williams Gas Supply Co. v. Apache Corp.,*
  1991 WL 18091 (Del. Super. Feb. 12, 1991) ...............................................21, 22

**RULES**
Super. Ct. Civ. R. 12(b)(1)........................................................................................8

Super. Ct. Civ. R. 12(b)(6)........................................................................................7

iii

**DEFENDANT MARKEL AMERICAN INSURANCE COMPANY'S
CORRECTED BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant Markel American Insurance Company ("MAIC"), through its undersigned counsel, hereby files the instant Motion to Dismiss the Complaint filed by Plaintiffs Sycamore Partners Management, L.P. (f/k/a Sycamore Partners Management, L.L.C.), Sycamore Partners, L.P., and Sycamore Partners A, L.P. (collectively "Plaintiffs" or "Sycamore").

## I.      INTRODUCTION

Sycamore seeks by this lawsuit to compel the Defendant Insurers to fully pay an unidentified settlement of a yet to be filed litigation and all Defense Expenses submitted without regard to the contents of the applicable Policies and the nature of the Defense Expenses. That is simply not what either the law or the Policies require.

While the Defendant Insurers are not even aware of the full details of any Claims to be asserted against Sycamore, they have been sued for failing to blindly agree to provide coverage under their respective policies of insurance for unknown Claims and Defense Expenses. In light of what the Complaint does not allege and cannot allege, this action is not ripe for adjudication because Sycamore cannot meet its burden to demonstrate an "actual controversy" exists between it and MAIC, and the action fails to state a claim as to MAIC for which relief may be granted. While Sycamore may surmise as to what it thinks the Claims will be, until the facts and claims are set forth, there is no way for MAIC to ascertain whether or not there is

coverage for any potential, yet unidentified, settlement.  Accordingly, Sycamore's request is not sufficiently ripe to implicate this Court's subject matter jurisdiction and fails to state a claim such that it should be dismissed.

Notwithstanding the failure to identify the Claims for which coverage is sought, Sycamore also fails to recognize that MAIC has no obligation to provide coverage under the Excess Follow Form, Policy No. MKLM6EL0002892 (the "MAIC Excess Policy"), which MAIC issued to Sycamore, until such time as the Underlying Insurance in the amount of $50,000,000 has been exhausted by payment of covered Loss.  Sycamore did not and cannot allege that the Underlying Insurance in the amount of $50,000,000 has been exhausted by the actual payment of reasonable, covered Loss.  Therefore, MAIC has no obligation to reimburse all Defense Expenses and/or indemnify any settlement until exhaustion of Underlying Insurance. Accordingly, for Sycamore's failure to state a claim for which relief can be granted, this action should be dismissed.

It is apparent as well that this Complaint should also be dismissed based on *forum non conveniens*.  The only connection to Delaware is that some of the parties are organized under Delaware law.  Otherwise, the parties' principal places of business are in New York or locations other than Delaware.  The conduct underlying the potential Claim and/or settlement occurred in New York.  The bankruptcy of Nine West is pending in the Southern District of New York.  The MAIC Excess

Policy was issued in New York.  Premiums were paid in New York.  New York law will apply to coverage determinations.  Given the strong connections this dispute has to New York, it should be dismissed to allow for it to be re-filed in New York.

MAIC respectfully requests that this Court dismiss with prejudice Counts II and III as to MAIC and without leave to replead pursuant to Superior Court Rules of Civil Procedure 12(b)(1) and/or 12(b)(6), or in the alternative, dismiss this action based on *forum non conveniens*.

## II. FACTUAL BACKGROUND

### A. Nature of the Proceedings

Sycamore has filed the Complaint asserting causes of action against MAIC for declaratory judgment. MAIC moves to dismiss the Complaint under Superior Court Rules of Civil Procedure 12(b)(1) due to lack of ripeness and 12(b)(6) for failure to state a claim on which relief may be granted.  MAIC is also seeking dismissal based on *forum non conveniens.*

B.    Statement of Relevant Facts

1.    *The Policies of Underlying Insurance*

MAIC issued to Sycamore Partners Management, L.P., as the Named Insured, an Excess Follow Form Policy, No. MKLM6EL0002892 (the "MAIC Excess Policy") for the Policy Period of December 31, 2015 to June 30, 2018.  The MAIC Excess Policy, except as stated otherwise, "shall provide the Insureds with insurance in accordance with the terms, conditions and exclusions set forth in the Followed Policy and, to the extent coverage is further limited or restricted thereby, in any other Underlying Insurance."  Amended Insuring Agreement (Form MAUB 1503 01 15). MAIC's obligations, if any, are triggered "only after the insurers of the Underlying Insurance, an excess difference–in-conditions ("DIC") insurer, the Insureds, or parties on behalf of the Insureds pay in legal currency as loss covered under the Underlying Insurance the full amount of the Underlying Limit." *Id.*   MAIC's maximum aggregate liability for all Loss covered under its policy is $10,000,000 excess of $50,000,000.

The Followed Policy was issued by Endurance American Insurance Company ("Endurance")[1] and has aggregate combined Limits of Liability for all Loss, including Defense Expenses, of $10,000,000 per Claim and in the aggregate excess of a $500,000 Retention.  The Underlying Insurance consists of the Followed Policy

---

[1] Endurance is now a member of the Sompo International Companies ("Sompo").

plus four other excess policies of insurance, each of which has aggregate Limits of Liability of $10,000,000.[2]

### 2.    *Allegations of the Complaint*

Sycamore is a private equity group, located at 9 West 57th Street, New York, New York, that consists of entities that, respectively, manage and hold investments in portfolio companies through a variety of strategies, including leveraged buyouts, distressed buyouts, corporate carve-outs, and debt investments. (Compl. ¶ 2.) Starting in August of 2017, various parties began to assert claims against Sycamore alleging that Sycamore and various Sycamore Individuals (as those terms are defined in the Complaint) committed wrongful acts in connection with Sycamore's investment in and transactions involving a portfolio company called Nine West Holdings, Inc. ("Nine West").  (Compl. ¶ 5.)  Over the following months, creditors of Nine West asserted additional Claims against Sycamore and Sycamore Individuals, including but not limited to in various proposed "restructuring agreements" of Nine West, which demanded that Sycamore pay settlement funds to compensate for the alleged damages caused by Sycamore and the Sycamore Individuals to Nine West and its creditors. (Compl. ¶ 42.)

---

[2] The insurers of the Underlying Insurance are Endurance, Continental Casualty Company, Zurich American Insurance Company, XL Specialty Insurance Company and Starr Indemnity & Liability Company.

Nine West and certain affiliated companies subsequently filed for Chapter 11 petitions on April 6, 2018 in the United States Bankruptcy Court for the Southern District of New York, at which time the Nine West bankruptcy estate became empowered to pursue claims against Sycamore and the Sycamore Individuals and negotiate potential settlement of such claims.[3]  (Compl. ¶ 5.)  Specifically, the Nine West bankruptcy estate — through the disinterested directors of Nine West — became empowered to pursue all Claims against Sycamore and the Sycamore Individuals (again, the "Nine West Claims") and to negotiate potential settlements of the Nine West Claims with Sycamore.  The Nine West Claims include, among others, alleged fraudulent conveyances, breaches of fiduciary duty and aiding and abetting breaches of fiduciary duty.  (Compl. ¶ 43.)

On September 11, 2018, the disinterested directors of Nine West and the Committee of Unsecured Creditors of Nine West sent a written demand letter to Sycamore.  This demand letter reiterated and alleged the Nine West Claims against Sycamore and the Sycamore Individuals, including various alleged breaches of fiduciary duties and aiding and abetting of breaches of fiduciary duties. (Compl. ¶ 44.)  The demand letter further provided that it was not intended to express each and

_____

[3] This allegation may not be accurate, as it is MAIC's understanding that the Bankruptcy Court has not yet provided its authority to creditors and/or a trustee to pursue any claims.

every claim that may be asserted against the Sycamore Defendants or others, nor to detail every relevant fact or even to highlight the most important facts.

Allegedly, Sycamore has already incurred several million dollars of Defense Expenses in the investigation and defense of the claims asserted against Sycamore and the Sycamore Individuals (the "Nine West Claims") and continues to incur substantial Defense Expenses. (Compl. ¶¶ 6, 45.)   By this action, Plaintiffs accordingly seek declarations that (a) the Insurers are obligated to provide coverage for all Defense Expenses incurred for the Nine West Claims and (b) the Insurers are obligated to provide coverage for any settlement of the Nine West Claims.  (Compl. ¶ 9.)

## III.   ARGUMENT

A declaratory judgment action presents an actual controversy if "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941).  Under Superior Court Civil Rule 12(b)(6), the Court may dismiss a plaintiff's claim for "failure to state a claim upon which relief can be granted." Super. Ct. Civ. R. 12(b)(6).  "The Court must determine whether the claimant may recover under any reasonably conceivable set of circumstances susceptible of proof [and] accept as true all non-conclusory, well-pleaded

allegations." *LaFayette v. Christian*, No. N12C-04-163 MMJ, 2012 WL 3608690, at *1 (Del. Super. Aug. 21, 2012) (internal citation and quotation marks omitted). The Court may consider documents attached to or incorporated by reference in the complaint, matters "integral" to the complaint, and facts of which a court may take judicial notice, such as publicly-filed documents and matters that are not the subject of reasonable dispute. *See Cornell Glasgow v. LaGrange Props., LLC*, No. N11C-07-160 JRS CCLD, 2012 WL 3157124, at *3 n.28 (Del. Super. Aug. 1, 2012); *Prather v. Doroshow, Pasquale, Krawitz & Bhaya*, No. 11 C-02-139 RRC, 2011 WL 1465520, at *1 n.2 (Del. Super. Apr. 14, 2011). Conclusions "will not be accepted as true without specific allegations of fact to support them." *In re Tri-Star Pictures, Inc. Litig*., 634 A.2d 319, 326 (Del. 1993).

"Unlike the standards employed in Rule 12(b)(6) analysis, the guidelines for the Court's review of [a] Rule 12(b)(1) motion are far more demanding of the non-movant. The burden is on Plaintiffs to prove jurisdiction exists. Further, the Court need not accept Plaintiffs['] factual allegations as true and is free to consider facts not alleged in the complaint." *Appriva S'holder Litig. Co. v. ev3, Inc*., 937 A.2d 1275, 1284 n.14 (Del. 2007) (first alteration in original) (citation omitted).

A. Counts II and III, As Alleged Against MAIC, Are Not Ripe For Adjudication And Based On Their Prematurity Should Be Dismissed.

Count II of the Complaint seeks a declaration that MAIC, as an Excess Insurer, is required to pay all Defense Expenses in excess of the $10,000,000 limit of

the primary, Followed Policy (Compl. ¶ 66.)  Count III seeks a declaration that the Defendant Insurers, including MAIC, are obligated to provide coverage to Sycamore for any settlement of the Nine West Claims.  (Compl. ¶ 75.)  However, as these two counts apply to MAIC, neither claim presents a justiciable controversy because there are too many unknown factors and contingencies relative to the exhaustion of the $50,000,000 in insurance underlying the MAIC Excess Policy, which is required to be exhausted prior to any obligation on the part of MAIC. Indeed, MAIC's current participation in this action is premature and a waste of this Court's limited resources.

In order for a claim to present an actual case or controversy, "the issue involved in the controversy must be ripe for judicial declaration."  *Monsanto Co. v. Aetna Casualty and Surety Co*., 565 A.2d. 268, 274 (Del. Super. 1989).  "Ripeness, the simple question of whether a suit has been brought at the correct time, goes to the very heart of whether a court has subject matter jurisdiction."  *Bebchuk v. CA, Inc*., 902 A.2d 737, 740 (Del. Ch. 2006) (quoting 15 James W. Moore *et al*., *Moore's Federal Practice and Procedure* § 101.70[1] (3d ed. 2006)).  If a case is not ripe, it is not justiciable because a decision would result only in an advisory opinion.  *Energy P'rs, Ltd. v. Stone Energy Corp*., No. 2402, 2006 WL 2947483, at *6 (Del. Ch. Oct. 11, 2006) ("Delaware courts must decline to exercise jurisdiction over cases in

which a controversy has not yet matured, to avoid rendering advisory opinions.")
(internal quotation marks omitted).

In determining whether an issue is ripe, Delaware courts employ a five-part
balancing test that involves:

> (1) a practical evaluation of the legitimate interests of the
> plaintiff in a prompt resolution of the question presented; (2) the
> hardship that further delay may threaten; (3) the prospect of
> future factual development that might affect the determination
> made; (4) the need to conserve scarce resources; and (5) a due
> respect for identifiable policies of law touching upon the subject
> matter in dispute.

*Monsanto*, 565 A.2d at 274.  More generally, "[t]he Court must use its judicial
discretion based on the factors of each case to weigh the interests of an early
resolution of the controversy, judicial economy and legal stability which, when
taken together, may in some cases require dismissal of the declaratory judgment
action." *Id*.  In this case, the five "ripeness" factors favor dismissal.

As applied to MAIC, both Counts II and III of the Complaint fail the
"ripeness" requirement.  Specifically, with respect to the first "ripeness" factor,
Sycamore has not alleged any current liability on behalf of MAIC for Defense
Expenses that even remotely approach MAIC's $10,000,000 excess of $50,000,000
Limit of Liability.  Likewise, Sycamore has not alleged that any hypothetical
settlement will exhaust the Underlying Insurance and trigger coverage under the
MAIC Excess Policy.  In fact, Sycamore's Complaint acknowledges that there is

10

presently no settlement for which it is seeking indemnification.  *See* Compl. ¶ 9 (stating "Insurers are obligated to provide coverage for any settlement of the Nine West Claims" as opposed to the settlement because there is no settlement); ¶ 42 (proposed "restricting agreements" of Nine West, which demanded that Sycamore pay settlement funds to compensate for the alleged damages"); ¶ 43 ("[T]he Nine West bankruptcy estate . . . became empowered to . . . negotiate potential settlements . . . .").  As exhaustion is required to trigger the MAIC Excess Policy, which has neither occurred nor been alleged, there is thus no "legitimate interest[] . . . in a prompt resolution of the question," *Monsanto*, 565 A.2d at 274, of MAIC's obligation to reimburse Defense Expenses and/or contribute to an unknown settlement under the MAIC Excess Policy at this time.  Any request by Sycamore is therefore premature.  Accordingly, because Sycamore cannot have a "legitimate interest" in pursuing a tentative and non-binding determination, the first "ripeness" factor favors dismissal.

Second, Sycamore will suffer no "hardship" from any delay in resolving its claims against MAIC.  It is too early to know if Sycamore's claims against the Defendant Insurers generally, and MAIC specifically, will ripen.  The Defendant Insurers' liability to Sycamore is entirely contingent upon numerous factors, which may or may not ever materialize, making Sycamore's Defense Expense and indemnification claims unripe.  As there is no settlement for which Sycamore can

11

seek indemnification, adjudicating the Defendant Insurers' indemnification obligations prospectively in these circumstances would be inappropriate and could only result in an impermissible advisory opinion. MAIC is not liable to Sycamore at this time and its absence from this litigation does no harm. However, so long as MAIC remains a defendant, it will be forced to incur substantial litigation costs defending itself in this premature action. Thus, it is MAIC, not Sycamore, which will suffer "hardship" if the claims against it are not dismissed. *See Monsanto*, 565 A.2d at 274.

Third, "the prospect of future factual development that might affect the determination made" also strongly favors MAIC. Not until the Defendants understand and appreciate the facts of the specific Claim for which Sycamore may ultimately be seeking coverage can such coverage be determined. Sycamore's simplistic assertions that by its mere purchase of a policy of insurance, it is guaranteed coverage, misses the mark. Coverage under the Policies applies subject to their terms, conditions and exclusions, which need to be considered in conjunction with the details of the Claim to determine the existence, if any, of coverage. For example, each of the Polices issued by the Excess Insurers requires exhaustion, and the Complaint does not allege, and cannot allege, that exhaustion has in fact occurred. Also, the Policies are reimbursement policies and not duty to defend policies and provide reimbursement only for reasonable, covered Defense

Expenses.   Therefore, the Defendant Insurers have no duty to defend or contemporaneously reimburse Defense Expenses.  All the Defendant Insurers are required to do is to pay covered Loss for covered Claims.  There is no allegation or indication that any of the Defense Expenses are reasonable and covered.  None of the invoices have been submitted for the Defendants or this Court to consider.  How can the Court make the determination of covered Loss without seeing the invoices or other information relative to the incurred amounts?

In addition, the request for this Court to declare that the Defendant Insurers are required to indemnify all amounts of any settlement is without basis.  The MAIC Excess Policy includes a Pending and Prior Litigation Exclusion that precludes coverage for any Claims made against Sycamore "based upon, arising from, or in consequence of any demand, suit, or other proceeding pending, or order, decree or judgment entered against any Insured prior to [December 31, 2016], or the same or substantially the same fact, circumstance or situation underlying or alleged therein." Pending and Prior Litigation Endorsement (Form MGEM 4303 12 15).  Also, at the time of the issuance of certain excess policies, Sycamore warranted that it had no knowledge of any facts or circumstances that may give rise to a Claim.  This preliminarily appears to be a false statement, and a determination of whether any indemnity is owing could center on the knowledge of various individuals within Sycamore—presumably, none of whom reside in Delaware or are subject to

subpoena by Delaware courts.[4]  Sycamore also agreed that "any claim based upon, arising from, or [] any act, error, omission of which any such person has any actual knowledge or information will be excluded from coverage under the [MAIC Excess Policy]."  December 31, 2016 Warranty Letter.  Because this lawsuit is premature, there is no way to know if any potential Claim or settlement for which Sycamore demands reimbursement and indemnification will fall within the parameters of the aforementioned exclusion or warranty.[5]  Currently, it is impossible to guess what facts may bear on the availability of coverage.  Thus, the third "ripeness" factor also favors dismissal.

Fourth, for all of the reasons stated herein, "the need to conserve scarce resources" factor also strongly favors MAIC's dismissal in order to spare MAIC from having to incur the costs of futile litigation and having this Court manage the needless litigation.

Finally, a "due respect for identifiable policies of law touching upon the subject matter in dispute" cautions against premature judgment, wasteful litigation and what would amount to an unenforceable determination as to MAIC's liability. One "identifiable polic[y] of law" in the evaluation of this fifth prong of the

---

[4] It is conceivable given the intense factual issues that would arise regarding indemnity coverage, in light of the warranty by Sycamore, that Sycamore would move to stay this litigation.

[5] MAIC believes that the September 11, 2018 demand letter sets forth facts which, if true, would constitute knowledge and a breach of the warranty.

"ripeness" test is the risk of an incorrect decision or error in the development of the law. *See Schick Inc. v. Amalgamated Clothing & Textile Workers Union*, 533 A.2d 1235, 1239 (Del. Ch. 1987) ("To address a matter before the facts surrounding the dispute are fully developed necessarily not only increases the risk of an incorrect judgment in the particular case, but risks, as well, an inappropriate or unnecessary step in the incremental law building process itself."). Due to the fact there is no judgment or settlement for the Defendant Insurers to consider whether indemnification is even warranted pursuant to the express terms of the Policies, the risk of an incorrect judgment is inherently increased. Accordingly, the fifth "ripeness" factor requires dismissal of Counts II and III as alleged against MAIC.

### B. Sycamore Failed To Allege Exhaustion As Required By The Terms Of The Policies.

Coverage under the MAIC Excess Policy has not been triggered by exhaustion of the Underlying Insurance, which is an indispensable condition precedent. *See, e.g., Qualcomm, Inc. v. Certain Underwriters at Lloyd's, London*, 161 Cal. App. 4th 184, 195 (2008) (no excess coverage absent exhaustion of underlying insurance by actual payment).[6] Sycamore appears to contend that it is entitled to coverage, be it reimbursement for Defense Expenses or indemnity for a

---

[6] New York law is not materially different from California regarding exhaustion of an excess policy requiring payment of its underlying limits whether by the Insurers or other parties. *See Cooper v. Certain Underwriters at Lloyd's, London*, No.: 2:14-cv-07475-FMO-MAN, 2018 WL 1548208, at *1 (9th Cir. Mar. 30, 2018).

settlement, from an excess insurer even when the insured has not received payment from the primary insurer sufficient to exhaust the underlying primary limit.  Thus, in contravention of legal authority and the express terms of the Policies, Sycamore seeks a declaration that MAIC's excess coverage obligations to Sycamore are not contingent upon exhaustion of the limit of the underlying insurance and that the Excess Insurers are obligated to pay all Defense Expenses and any settlement. However, the "[p]lain policy language on exhaustion . . . will control." *Intel Corp. v. Am. Guar. & Liability Ins. Co.*, 51 A.3d 442, 450 (Del. 2012).

Sycamore contends that MAIC, as an Excess Carrier, must pay all submitted invoices for Defense Expenses notwithstanding the MAIC Excess Policy does not provide for that.  The Defendants, including MAIC, are only obligated to pay reasonable and covered Defense Expenses incurred by Sycamore.  There is no indication in Sycamore's Complaint that Defense Expenses are or ever will approach the layer of the MAIC Excess Policy, which would require Sycamore to incur more than $50,000,000 in Defense Expenses (plus Sycamore's $500,000 retention).  Therefore, MAIC has no obligation under the MAIC Excess Policy until a determination has been made that Defense Expenses are reasonable and covered and all Underlying Insurance has been exhausted.

Any obligation MAIC has under the MAIC Excess Policy is triggered "only after the insurers of the Underlying Insurance, an excess difference-in-conditions

("DIC") insurer, the Insureds, or parties on behalf of the Insureds pay in legal currency as loss covered under the Underlying Insurance, the full amount of the Underlying Limit."   Amended Insuring Agreement (Form MAUB 1503 01 15). Therefore, specifically, MAIC's coverage obligation as to Count II and/or Count III is not triggered until exhaustion of the $50 million Underlying Insurance plus Sycamore's $500,000 retention, and nowhere in the Complaint does Sycamore allege as much and there is no evidence to suggest exhaustion has occurred. Accordingly, Sycamore fails to state a claim for relief as to Count II and Count III.

      C.    <u>This Action Should Be Dismissed Based On *Forum Non Conveniens.*</u>

As the Delaware Supreme Court recently reiterated, there are three "procedural postures of *forum non conveniens* disputes: a first-filed Delaware case with no case pending elsewhere (the *Cryo-Maid* test); a second-filed Delaware case with another first-filed case pending elsewhere (the *McWane* test); and . . . a later-filed Delaware case after another jurisdiction had dismissed a first-filed case for *forum non conveniens.*" *Aranda v. Philip Morris USA Inc*., No. 525, 2016, 183 A.3d 1245, 1250 (Del. 2018).

In this instance, arguably, with the pendency of the Nine West Bankruptcy action, there is a first-filed action in another forum, and the *McWane* test controls. To that end, the Delaware Supreme Court has long held that Delaware courts have broad discretion to dismiss an action in a later-filed lawsuit where there are earlier

filed actions regarding similar issues in a foreign jurisdiction. *See McWane Cast Iron Pipe Corp. v. McDowell-Wellman Eng'g Co.*, 263 A.2d 281, 283 (Del. 1970) ("[A]s a general rule, litigation should be confined to the forum in which it is first commenced, and a defendant should not be permitted to defeat the plaintiffs choice of forum in a pending suit by commencing litigation involving the same cause of action in another jurisdiction of its own choosing . . . .").

### 1.    *The Application Of The McWane Test*

The first *McWane* factor considers whether there is a prior action pending elsewhere.  Arguably, the Nine West Bankruptcy action pending in the Southern District of New York is inextricably intertwined with this action and should be viewed as first-filed.  It is that Bankruptcy Court that will ultimately control the ability to bring or settle the litigation against Sycamore—the same litigation for which Sycamore seeks coverage in this action.  In addition, any disputes regarding any such potential litigation and settlement will be appealed from the Bankruptcy Court to the District Court of the Southern District of New York.  Subsequent to the Nine West Bankruptcy action, Sycamore filed this action despite the fact reactive lawsuits are disfavored in Delaware. *See Dura Pharms., Inc. v. Scandipharm, Inc.*, 713 A.2d 925, 929 (Del. Ch. 1998) (allowing a "second-filed reactive Delaware action [to] succeed in ousting a foreign plaintiff of its choice of forum . . . would undermine the very considerations of comity and efficiency on which the general

18

rule of *McWane* is based . . . .").  This factor favors dismissal of this action in favor of another forum.

The second *McWane* factor is whether the prior action is in a court capable of doing prompt and complete justice.  Any coverage litigation should take place in the Southern District of New York based on the factors noted herein.  The District Court is fully capable of providing prompt and complete justice.  New York law should apply to the coverage dispute.  The Plaintiffs' principal place of business is in New York.  The conduct underlying the Nine West Bankruptcy action and any coverage litigation occurred in New York.  The great majority of witnesses relevant to the coverage dispute reside in New York and virtually all relevant documents are maintained in New York.  There is no question that the District Court of the Southern District of New York can do prompt and complete justice.

The third *McWane* factor is whether the two actions involve the same parties and substantially the same issues.  "Consistent with the *McWane* doctrine generally, the 'same parties, same issues' analysis focuses on substance over form." *Kurtin v. KRE LLC*, 2005 WL 1200188, at \*4 (Del. Ch. May 16, 2005).  "The captions need not be exact replicas, nor must the counts in each complaint be identical." *Diedenhofen-Lennartz v. Diedenhofen*, 931 A.2d 439, 446 (Del. Ch. 2007); *see also Gen. Video Corp v. Kertesz*, 2006 WL 2051023, at \*4 (Del. Ch. July 19, 2006) ("An

absolute identity of the parties and issues is not necessary for a dismissal or stay under *McWane*.").

Once the Nine West Bankruptcy action has authorized litigation against Sycamore, the two actions will both involve Sycamore. More importantly, the substantive issues involved in each action are substantially similar. Both actions will focus on the underlying conduct of Sycamore for purposes of litigation against Sycamore based on the Nine West Bankruptcy action and for a determination of coverage under the policies of insurance issued by the Defendant Insurers. Simply put, the subsequent coverage litigation arises out of the same set of facts as the Nine West Bankruptcy action. This factor favors dismissal of this action.

### 2.   *The Application of the Cryo-Maid Test*

Should this Court determine that the Nine West Bankruptcy action is not a first-filed action, then the *Cryo-Maid* test applies to determine dismissal. The *Cryo-Maid* test requires consideration of:

(1)   the relative ease of access to proof;
(2)   the availability of compulsory process for witnesses;
(3)   the possibility of the view of the premises;[7]
(4)   whether the controversy is dependent upon the application of Delaware law, which the courts of this State more properly should decide than those of another jurisdiction;
(5)   the pendency or non-pendency of a similar action or actions in another jurisdiction; and
(6)   all other practical problems that would make the trial of the case easy, expeditious and inexpensive.

---

[7] This factor is not impacted in this matter.

*Martinez v. E.I. DuPont de Nemours and Co., Inc*., 86 A.3d 1102, 1104 (Del. 2014)

(citing *Gen. Foods Corp. v. Cryo-Maid, Inc.*, 198 A.2d 681 (Del. 1964)).

However, the Delaware Supreme Court has noted that the issue is not the number of factors favoring one side or the other, but "whether any or all of the *Cryo-Maid* factors establish that defendant will suffer overwhelming hardship and inconvenience if forced to litigate in Delaware." *Chrysler First Bus. Credit Corp. v. 1500 Locust Ltd. Partnership*, 669 A.2d 104, 108 (Del. 1995). Furthermore, this Court "may permissibly exercise its discretion under *Cryo-Maid* to weigh appropriately the [Defendant Insurers'] interest in obtaining an authoritative ruling from the relevant foreign courts on the legal issue on which its liability hinges, as distinguished from a predictive, non-authoritative ruling by our courts." *Martinez*, 86 A.3d at 1111; *see also Williams Gas Supply Co. v. Apache Corp.*, No.: 90C-AU-1, 1991 WL 18091, at *4 (Del. Super. Feb. 12, 1991) ("This Court recognizes that the interests of other States in a dispute should not be usurped by Delaware, where the only nexus to Delaware is the incorporation of one or both of the parties.").

   i. *The Evidence And Witnesses Are Located In New York.*

As set forth in the Complaint, all of the parties' principal places of business are located in places other than Delaware. *See* Compl. ¶¶ 10-12: Plaintiffs—New York; ¶¶ 13, 17, 21: Defendants Endurance, Starr, and Ironshore—New York; ¶¶ 14,

15: Defendants CNA and Zurich—Illinois; ¶ 16: Defendant XL—Connecticut; ¶ 18: Defendant MAIC—Virginia; ¶ 19: Defendant Argonaut—Texas; ¶ 20: Defendant Great American—Ohio; ¶ 22: Defendant Everest—New Jersey.  As these entities are not located in in Delaware, none of the witnesses or evidence is located in Delaware.  This factor weighs in favor of dismissal.

> ii.  *Determinations Of Coverage Under The Policies Would Be Governed By New York Law.*

As the Policies were negotiated and issued to an insured located in New York and the conduct at issue occurred in New York, it is only reasonable that the claims are governed by New York law.  *See Williams*, 1991 WL 18091, at *3 ("While it is not unusual for courts of this State to deal with questions arising under the law of other jurisdictions, the fact that Delaware law will likely not apply does weigh in favor of the defendant's motion.").  Accordingly, as Delaware law will not apply to resolution of the coverage issues, this factor favors dismissal.

> iii.  *Practical Problems That Would Make the Case Easy, Expeditious and Inexpensive to Try.*

Any litigation in this action against any of the ~~Defendant Insurers~~Sycamore Insureds has to be authorized by the United States Bankruptcy Court for the Southern District of New York in which the Nine West Bankruptcy action is pending.  Further, any settlement of this action has to be approved by the United States Bankruptcy Court for the Southern District of New York.  Should litigation be

approved by the Bankruptcy Court and a settlement thereof, they would both be subject to the views of all of the other constituencies in the bankruptcy, none of whom may be located in Delaware.

<div align="center">

*iv.    Pendency Of Another Action.*

</div>

As discussed above, the Nine West Bankruptcy action is a prior pending action.  As a result, this Court should dismiss this case and order that it should be properly filed in New York.  This factor therefore also favors dismissal.

## IV.    CONCLUSION

Because Sycamore's Complaint, specifically the two Counts alleged against MAIC, fails to state a claim on which relief may be granted, and because Sycamore has failed to and cannot meet its burden to demonstrate the existence of a ripe controversy within this Court's jurisdiction, MAIC respectfully requests that the Court dismiss Counts II and III of the Complaint as alleged against MAIC with prejudice and without the right to replead.

In the alternative, this Court should dismiss this action based on *forum non conveniens* for the reasons set forth herein.

OF COUNSEL:

LOCKE LORD LLP
Michael F. Perlis
Cary J. Economou
300 S. Grand Avenue
Suite 2600
Los Angeles, CA 90071
(213) 485-1500

Dated:  October 15,16, 2018

YOUNG CONAWAY STARGATT
 & TAYLOR, LLP

*/s/ Elena  C. Norman*
Elena C. Norman (No. 4780)
Rodney Square
1000 North King Street
Wilmington, DE 19899
(302) 571-6600

_____

*Counsel for Defendant Markel
American Insurance Company*

24

Document comparison by Workshare Compare on Tuesday, October 16, 2018
3:29:42 PM

| Input: | |
|---|---|
| Document 1 ID | file://\\ycst\dfs\redirect\klewi\Desktop\Sycamore _ Brief ISO Motion to Dismiss _ FINAL.docx |
| Description | Sycamore _ Brief ISO Motion to Dismiss _ FINAL |
| Document 2 ID | file://\\ycst\dfs\redirect\klewi\Desktop\Sycamore _ CORRECTED Brief ISO Motion to Dismiss _ NEAR FINAL.docx |
| Description | Sycamore _ CORRECTED Brief ISO Motion to Dismiss _ NEAR FINAL |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 7 |
| Deletions | 3 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |

| Total changes | 10 |
|---|---|

# General Information

| | |
|---|---|
| **Court** | Delaware Superior Court, New Castle County |
| **Docket Number** | N18C-09-211 |

Bloomberg Law®

EFiled:  Oct 16 2018 05:20PM EDT
Transaction ID 62565945
Case No. N18C-09-211 AML CCLD

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

SYCAMORE PARTNERS )
MANAGEMENT, L.P. (F/K/A )
SYCAMORE PARTNERS )
MANAGEMENT, L.L.C.), )
SYCAMORE PARTNERS, L.P., and )
SYCAMORE PARTNERS A, L.P., )
                                 )
         *Plaintiffs,* )
                                   )
v. )       C.A. NO.: N18C-09-211 AML
                                   )       (CCLD)
ENDURANCE AMERICAN )
INSURANCE COMPANY, )
CONTINENTAL CASUALTY )
COMPANY, ZURICH AMERICAN )
INSURANCE COMPANY, XL )
SPECIALTY INSURANCE )
COMPANY, STARR INDEMNITY & )
LIABILITY COMPANY, MARKEL )
AMERICAN INSURANCE )
COMPANY, ARGONAUT )
INSURANCE COMPANY, GREAT )
AMERICAN INSURANCE )
COMPANY, IRONSHORE )
INDEMNITY INC., and EVEREST )
NATIONAL INSURANCE COMPANY )
                                   )
         *Defendants.* )

## DEFENDANT MARKEL AMERICAN INSURANCE COMPANY'S CORRECTED* BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

———————————

\* This Corrected Brief replaces "Defendant Insurers" with "Sycamore Insureds" on page 22.

OF COUNSEL:

LOCKE LORD LLP
Michael F. Perlis
Cary J. Economou
300 S. Grand Avenue
Suite 2600
Los Angeles, CA 90071
(213) 485-1500

Dated:  October 16, 2018

YOUNG CONAWAY STARGATT
 & TAYLOR, LLP
Elena C. Norman (No. 4780)
Rodney Square
1000 North King Street
Wilmington, DE 19899
(302) 571-6600

*Counsel for Defendant Markel*
*American Insurance Company*

# <u>TABLE OF CONTENTS</u>

**Page**

I.     INTRODUCTION...............................................................................................1

II.    FACTUAL BACKGROUND ...........................................................................3

   A.  Nature of the Proceedings...........................................................................3

   B.  Statement of Relevant Facts .......................................................................4

      1.  The Policies of Underlying Insurance.........................................................4

      2.  Allegations of the Complaint ......................................................................5

III.   ARGUMENT....................................................................................................7

   A.  Counts II and III, As Alleged Against MAIC, Are Not Ripe For
   Adjudication And Based On Their Prematurity Should Be Dismissed. ...............8

   B.  Sycamore Failed To Allege Exhaustion As Required By The Terms Of The
   Policies.................................................................................................................15

   C.  This Action Should Be Dismissed Based On *Forum Non Conveniens*. .......17

      1.  The Application of the *McWane* Test .......................................................18

      2.  The Application of the *Cryo-Maid* Test...................................................20

         i.     The Evidence And Witnesses Are Located In New York......................21

         ii.    Determinations Of Coverage Under The Policies Would Be Governed
         By New York Law...........................................................................................22

         iii.   Practical Problems That Would Make The Case Easy, Expeditious and
         Inexpensive To Try..........................................................................................22

         iv.  Pendency Of Another Action...................................................................23

IV.    CONCLUSION................................................................................................23

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Appriva S'holder Litig. Co. v. ev3, Inc.*,
  937 A.2d 1275 (Del. 2007) ................................................................8

*Aranda v. Philip Morris USA Inc.*,
  183 A.3d 1245 (Del. 2018) ................................................................17

*Bebchuk v. CA, Inc.*,
  902 A.2d 737 (Del. Ch. 2006) ............................................................9

*Chrysler First Bus. Credit Corp. v. 1500 Locust Ltd. Partnership*,
  669 A.2d 104 (Del. 1995) ..................................................................21

*Cooper v. Certain Underwriters at Lloyd's, London*,
  2018 WL 1548208 (9th Cir. Mar. 30, 2018) .....................................15

*Cornell Glasgow v. LaGrange Props., LLC*,
  2012 WL 3157124 (Del. Super. Ct. Aug. 1, 2012).............................8

*Diedenhofen-Lennartz v. Diedenhofen*,
  931 A.2d 439 (Del. Ch. 2007) ............................................................19

*Dura Pharms., Inc. v. Scandipharm, Inc.*,
  713 A.2d 925 (Del. Ch. 1998) ............................................................18

*Energy P'rs, Ltd. v. Stone Energy Corp.*,
  2006 WL 2947483 (Del. Ch. Oct. 11, 2006) .....................................9

*Gen. Foods Corp. v. Cryo-Maid, Inc.*,
  198 A.2d 681 (Del. 1964) ...................................................17, 20, 21

*Gen. Video Corp v. Kertesz*,
  2006 WL 2051023 (Del. Ch. July 19, 2006) .....................................19

*Intel Corp. v. Am. Guar. & Liability Ins. Co.*,
  51 A.3d 442 (Del. 2012) .....................................................................16

*Kurtin v. KRE LLC*,
2005 WL 1200188 (Del. Ch. May 16, 2005)......................................................19

*LaFayette v. Christian*,
2012 WL 3608690 (Del. Super. Ct. Aug. 21, 2012)...........................................8

*Martinez v. E.I. DuPont de Nemours and Co., Inc*.,
86 A.3d 1102 (Del. 2014) ..................................................................................21

*McWane Cast Iron Pipe Corp. v. McDowell-Wellman Eng'g Co.*,
263 A.2d 281 (Del. 1970) ..............................................................17, 18, 19, 20

*Md. Cas. Co. v. Pac. Coal & Oil Co*.,
312 U.S. 270 (1941)..............................................................................................7

*Monsanto Co. v. Aetna Casualty and Surety Co*.,
565 A.2d. 268 (Del. Super. 1989).......................................................9, 10, 11, 12

*Prather v. Doroshow, Pasquale, Krawitz & Bhaya*,
2011 WL 1465520 (Del. Super. Ct. Apr. 14, 2011) ...........................................8

*Qualcomm, Inc. v. Certain Underwriters at Lloyd's, London*,
161 Cal. App. 4th 184 (2008) .............................................................................15

*Schick Inc. v. Amalgamated Clothing & Textile Workers Union*,
533 A.2d 1235 (Del. Ch. 1987) ..........................................................................15

*In re Tri-Star Pictures, Inc. Litig*.,
634 A.2d 319 (Del. 1993) ....................................................................................8

*Williams Gas Supply Co. v. Apache Corp.*,
1991 WL 18091 (Del. Super. Feb. 12, 1991) ...............................................21, 22

**RULES**
Super. Ct. Civ. R. 12(b)(1)....................................................................................8

Super. Ct. Civ. R. 12(b)(6)....................................................................................7

### DEFENDANT MARKEL AMERICAN INSURANCE COMPANY'S CORRECTED BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

Defendant Markel American Insurance Company ("MAIC"), through its undersigned counsel, hereby files the instant Motion to Dismiss the Complaint filed by Plaintiffs Sycamore Partners Management, L.P. (f/k/a Sycamore Partners Management, L.L.C.), Sycamore Partners, L.P., and Sycamore Partners A, L.P. (collectively "Plaintiffs" or "Sycamore").

## I.   INTRODUCTION

Sycamore seeks by this lawsuit to compel the Defendant Insurers to fully pay an unidentified settlement of a yet to be filed litigation and all Defense Expenses submitted without regard to the contents of the applicable Policies and the nature of the Defense Expenses.  That is simply not what either the law or the Policies require.

While the Defendant Insurers are not even aware of the full details of any Claims to be asserted against Sycamore, they have been sued for failing to blindly agree to provide coverage under their respective policies of insurance for unknown Claims and Defense Expenses.  In light of what the Complaint does not allege and cannot allege, this action is not ripe for adjudication because Sycamore cannot meet its burden to demonstrate an "actual controversy" exists between it and MAIC, and the action fails to state a claim as to MAIC for which relief may be granted.  While Sycamore may surmise as to what it thinks the Claims will be,

until the facts and claims are set forth, there is no way for MAIC to ascertain whether or not there is coverage for any potential, yet unidentified, settlement. Accordingly, Sycamore's request is not sufficiently ripe to implicate this Court's subject matter jurisdiction and fails to state a claim such that it should be dismissed.

Notwithstanding the failure to identify the Claims for which coverage is sought, Sycamore also fails to recognize that MAIC has no obligation to provide coverage under the Excess Follow Form, Policy No. MKLM6EL0002892 (the "MAIC Excess Policy"), which MAIC issued to Sycamore, until such time as the Underlying Insurance in the amount of $50,000,000 has been exhausted by payment of covered Loss.  Sycamore did not and cannot allege that the Underlying Insurance in the amount of $50,000,000 has been exhausted by the actual payment of reasonable, covered Loss.  Therefore, MAIC has no obligation to reimburse all Defense Expenses and/or indemnify any settlement until exhaustion of Underlying Insurance. Accordingly, for Sycamore's failure to state a claim for which relief can be granted, this action should be dismissed.

It is apparent as well that this Complaint should also be dismissed based on *forum non conveniens*.  The only connection to Delaware is that some of the parties are organized under Delaware law.  Otherwise, the parties' principal places of business are in New York or locations other than Delaware.  The conduct

2

underlying the potential Claim and/or settlement occurred in New York.  The bankruptcy of Nine West is pending in the Southern District of New York.  The MAIC Excess Policy was issued in New York.  Premiums were paid in New York. New York law will apply to coverage determinations.   Given the strong connections this dispute has to New York, it should be dismissed to allow for it to be re-filed in New York.

MAIC respectfully requests that this Court dismiss with prejudice Counts II and III as to MAIC and without leave to replead pursuant to Superior Court Rules of Civil Procedure 12(b)(1) and/or 12(b)(6), or in the alternative, dismiss this action based on *forum non conveniens*.

## II.    FACTUAL BACKGROUND

### A.    Nature of the Proceedings

Sycamore has filed the Complaint asserting causes of action against MAIC for declaratory judgment. MAIC moves to dismiss the Complaint under Superior Court Rules of Civil Procedure 12(b)(1) due to lack of ripeness and 12(b)(6) for failure to state a claim on which relief may be granted.  MAIC is also seeking dismissal based on *forum non conveniens.*

B.     Statement of Relevant Facts

       1.     *The Policies of Underlying Insurance*

MAIC issued to Sycamore Partners Management, L.P., as the Named Insured, an Excess Follow Form Policy, No. MKLM6EL0002892 (the "MAIC Excess Policy") for the Policy Period of December 31, 2015 to June 30, 2018.  The MAIC Excess Policy, except as stated otherwise, "shall provide the Insureds with insurance in accordance with the terms, conditions and exclusions set forth in the Followed Policy and, to the extent coverage is further limited or restricted thereby, in any other Underlying Insurance."  Amended Insuring Agreement (Form MAUB 1503 01 15).  MAIC's obligations, if any, are triggered "only after the insurers of the Underlying Insurance, an excess difference–in-conditions ("DIC") insurer, the Insureds, or parties on behalf of the Insureds pay in legal currency as loss covered under the Underlying Insurance the full amount of the Underlying Limit." *Id.* MAIC's maximum aggregate liability for all Loss covered under its policy is $10,000,000 excess of $50,000,000.

The Followed Policy was issued by Endurance American Insurance Company ("Endurance")[1] and has aggregate combined Limits of Liability for all Loss, including Defense Expenses, of $10,000,000 per Claim and in the aggregate excess of a $500,000 Retention.  The Underlying Insurance consists of the

---

[1] Endurance is now a member of the Sompo International Companies ("Sompo").

Followed Policy plus four other excess policies of insurance, each of which has aggregate Limits of Liability of $10,000,000.[2]

### 2. *Allegations of the Complaint*

Sycamore is a private equity group, located at 9 West 57th Street, New York, New York, that consists of entities that, respectively, manage and hold investments in portfolio companies through a variety of strategies, including leveraged buyouts, distressed buyouts, corporate carve-outs, and debt investments. (Compl. ¶ 2.) Starting in August of 2017, various parties began to assert claims against Sycamore alleging that Sycamore and various Sycamore Individuals (as those terms are defined in the Complaint) committed wrongful acts in connection with Sycamore's investment in and transactions involving a portfolio company called Nine West Holdings, Inc. ("Nine West"). (Compl. ¶ 5.) Over the following months, creditors of Nine West asserted additional Claims against Sycamore and Sycamore Individuals, including but not limited to in various proposed "restructuring agreements" of Nine West, which demanded that Sycamore pay settlement funds to compensate for the alleged damages caused by Sycamore and the Sycamore Individuals to Nine West and its creditors. (Compl. ¶ 42.)

---

[2] The insurers of the Underlying Insurance are Endurance, Continental Casualty Company, Zurich American Insurance Company, XL Specialty Insurance Company and Starr Indemnity & Liability Company.

Nine West and certain affiliated companies subsequently filed for Chapter 11 petitions on April 6, 2018 in the United States Bankruptcy Court for the Southern District of New York, at which time the Nine West bankruptcy estate became empowered to pursue claims against Sycamore and the Sycamore Individuals and negotiate potential settlement of such claims.[3]   (Compl. ¶ 5.) Specifically, the Nine West bankruptcy estate — through the disinterested directors of Nine West — became empowered to pursue all Claims against Sycamore and the Sycamore Individuals (again, the "Nine West Claims") and to negotiate potential settlements of the Nine West Claims with Sycamore.   The Nine West Claims include, among others, alleged fraudulent conveyances, breaches of fiduciary duty and aiding and abetting breaches of fiduciary duty.  (Compl. ¶ 43.)

On September 11, 2018, the disinterested directors of Nine West and the Committee of Unsecured Creditors of Nine West sent a written demand letter to Sycamore.  This demand letter reiterated and alleged the Nine West Claims against Sycamore and the Sycamore Individuals, including various alleged breaches of fiduciary duties and aiding and abetting of breaches of fiduciary duties. (Compl. ¶ 44.)  The demand letter further provided that it was not intended to express each

---

[3] This allegation may not be accurate, as it is MAIC's understanding that the Bankruptcy Court has not yet provided its authority to creditors and/or a trustee to pursue any claims.

6

and every claim that may be asserted against the Sycamore Defendants or others, nor to detail every relevant fact or even to highlight the most important facts.

Allegedly, Sycamore has already incurred several million dollars of Defense Expenses in the investigation and defense of the claims asserted against Sycamore and the Sycamore Individuals (the "Nine West Claims") and continues to incur substantial Defense Expenses. (Compl. ¶¶ 6, 45.)   By this action, Plaintiffs accordingly seek declarations that (a) the Insurers are obligated to provide coverage for all Defense Expenses incurred for the Nine West Claims and (b) the Insurers are obligated to provide coverage for any settlement of the Nine West Claims.  (Compl. ¶ 9.)

## III.   ARGUMENT

A declaratory judgment action presents an actual controversy if "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941).  Under Superior Court Civil Rule 12(b)(6), the Court may dismiss a plaintiff's claim for "failure to state a claim upon which relief can be granted." Super. Ct. Civ. R. 12(b)(6).  "The Court must determine whether the claimant may recover under any reasonably conceivable set of circumstances susceptible of proof [and] accept as true all non-conclusory, well-pleaded

allegations." *LaFayette v. Christian*, No. N12C-04-163 MMJ, 2012 WL 3608690, at *1 (Del. Super. Aug. 21, 2012) (internal citation and quotation marks omitted). The Court may consider documents attached to or incorporated by reference in the complaint, matters "integral" to the complaint, and facts of which a court may take judicial notice, such as publicly-filed documents and matters that are not the subject of reasonable dispute. *See Cornell Glasgow v. LaGrange Props., LLC*, No. N11C-07-160 JRS CCLD, 2012 WL 3157124, at *3 n.28 (Del. Super. Aug. 1, 2012); *Prather v. Doroshow, Pasquale, Krawitz & Bhaya*, No. 11 C-02-139 RRC, 2011 WL 1465520, at *1 n.2 (Del. Super. Apr. 14, 2011). Conclusions "will not be accepted as true without specific allegations of fact to support them." *In re Tri-Star Pictures, Inc. Litig.*, 634 A.2d 319, 326 (Del. 1993).

"Unlike the standards employed in Rule 12(b)(6) analysis, the guidelines for the Court's review of [a] Rule 12(b)(1) motion are far more demanding of the non-movant. The burden is on Plaintiffs to prove jurisdiction exists. Further, the Court need not accept Plaintiffs['] factual allegations as true and is free to consider facts not alleged in the complaint." *Appriva S'holder Litig. Co. v. ev3, Inc.*, 937 A.2d 1275, 1284 n.14 (Del. 2007) (first alteration in original) (citation omitted).

A. Counts II and III, As Alleged Against MAIC, Are Not Ripe For Adjudication And Based On Their Prematurity Should Be Dismissed.

Count II of the Complaint seeks a declaration that MAIC, as an Excess Insurer, is required to pay all Defense Expenses in excess of the $10,000,000 limit

8

of the primary, Followed Policy (Compl. ¶ 66.)  Count III seeks a declaration that the Defendant Insurers, including MAIC, are obligated to provide coverage to Sycamore for any settlement of the Nine West Claims.  (Compl. ¶ 75.)  However, as these two counts apply to MAIC, neither claim presents a justiciable controversy because there are too many unknown factors and contingencies relative to the exhaustion of the $50,000,000 in insurance underlying the MAIC Excess Policy, which is required to be exhausted prior to any obligation on the part of MAIC. Indeed, MAIC's current participation in this action is premature and a waste of this Court's limited resources.

In order for a claim to present an actual case or controversy, "the issue involved in the controversy must be ripe for judicial declaration." *Monsanto Co. v. Aetna Casualty and Surety Co*., 565 A.2d. 268, 274 (Del. Super. 1989).  "Ripeness, the simple question of whether a suit has been brought at the correct time, goes to the very heart of whether a court has subject matter jurisdiction." *Bebchuk v. CA, Inc*., 902 A.2d 737, 740 (Del. Ch. 2006) (quoting 15 James W. Moore *et al*., *Moore's Federal Practice and Procedure* § 101.70[1] (3d ed. 2006)).  If a case is not ripe, it is not justiciable because a decision would result only in an advisory opinion. *Energy P'rs, Ltd. v. Stone Energy Corp*., No. 2402, 2006 WL 2947483, at *6 (Del. Ch. Oct. 11, 2006) ("Delaware courts must decline to exercise jurisdiction

over cases in which a controversy has not yet matured, to avoid rendering advisory opinions.") (internal quotation marks omitted).

In determining whether an issue is ripe, Delaware courts employ a five-part balancing test that involves:

> (1) a practical evaluation of the legitimate interests of the plaintiff in a prompt resolution of the question presented; (2) the hardship that further delay may threaten; (3) the prospect of future factual development that might affect the determination made; (4) the need to conserve scarce resources; and (5) a due respect for identifiable policies of law touching upon the subject matter in dispute.

*Monsanto*, 565 A.2d at 274. More generally, "[t]he Court must use its judicial discretion based on the factors of each case to weigh the interests of an early resolution of the controversy, judicial economy and legal stability which, when taken together, may in some cases require dismissal of the declaratory judgment action." *Id*. In this case, the five "ripeness" factors favor dismissal.

As applied to MAIC, both Counts II and III of the Complaint fail the "ripeness" requirement. Specifically, with respect to the first "ripeness" factor, Sycamore has not alleged any current liability on behalf of MAIC for Defense Expenses that even remotely approach MAIC's $10,000,000 excess of $50,000,000 Limit of Liability. Likewise, Sycamore has not alleged that any hypothetical settlement will exhaust the Underlying Insurance and trigger coverage under the MAIC Excess Policy. In fact, Sycamore's Complaint acknowledges that there is

presently no settlement for which it is seeking indemnification. *See* Compl. ¶ 9 (stating "Insurers are obligated to provide coverage for any settlement of the Nine West Claims" as opposed to the settlement because there is no settlement); ¶ 42 (proposed "restricting agreements" of Nine West, which demanded that Sycamore pay settlement funds to compensate for the alleged damages"); ¶ 43 ("[T]he Nine West bankruptcy estate . . . became empowered to . . . negotiate potential settlements . . . ."). As exhaustion is required to trigger the MAIC Excess Policy, which has neither occurred nor been alleged, there is thus no "legitimate interest[] . . . in a prompt resolution of the question," *Monsanto*, 565 A.2d at 274, of MAIC's obligation to reimburse Defense Expenses and/or contribute to an unknown settlement under the MAIC Excess Policy at this time. Any request by Sycamore is therefore premature. Accordingly, because Sycamore cannot have a "legitimate interest" in pursuing a tentative and non-binding determination, the first "ripeness" factor favors dismissal.

Second, Sycamore will suffer no "hardship" from any delay in resolving its claims against MAIC. It is too early to know if Sycamore's claims against the Defendant Insurers generally, and MAIC specifically, will ripen. The Defendant Insurers' liability to Sycamore is entirely contingent upon numerous factors, which may or may not ever materialize, making Sycamore's Defense Expense and indemnification claims unripe. As there is no settlement for which Sycamore can

seek indemnification, adjudicating the Defendant Insurers' indemnification obligations prospectively in these circumstances would be inappropriate and could only result in an impermissible advisory opinion.  MAIC is not liable to Sycamore at this time and its absence from this litigation does no harm.  However, so long as MAIC remains a defendant, it will be forced to incur substantial litigation costs defending itself in this premature action.  Thus, it is MAIC, not Sycamore, which will suffer "hardship" if the claims against it are not dismissed. *See Monsanto*, 565 A.2d at 274.

Third, "the prospect of future factual development that might affect the determination made" also strongly favors MAIC.  Not until the Defendants understand and appreciate the facts of the specific Claim for which Sycamore may ultimately be seeking coverage can such coverage be determined.  Sycamore's simplistic assertions that by its mere purchase of a policy of insurance, it is guaranteed coverage, misses the mark.  Coverage under the Policies applies subject to their terms, conditions and exclusions, which need to be considered in conjunction with the details of the Claim to determine the existence, if any, of coverage.  For example, each of the Polices issued by the Excess Insurers requires exhaustion, and the Complaint does not allege, and cannot allege, that exhaustion has in fact occurred.  Also, the Policies are reimbursement policies and not duty to defend policies and provide reimbursement only for reasonable, covered Defense

Expenses.   Therefore, the Defendant Insurers have no duty to defend or contemporaneously reimburse Defense Expenses.   All the Defendant Insurers are required to do is to pay covered Loss for covered Claims.   There is no allegation or indication that any of the Defense Expenses are reasonable and covered.   None of the invoices have been submitted for the Defendants or this Court to consider. How can the Court make the determination of covered Loss without seeing the invoices or other information relative to the incurred amounts?

In addition, the request for this Court to declare that the Defendant Insurers are required to indemnify all amounts of any settlement is without basis.   The MAIC Excess Policy includes a Pending and Prior Litigation Exclusion that precludes coverage for any Claims made against Sycamore "based upon, arising from, or in consequence of any demand, suit, or other proceeding pending, or order, decree or judgment entered against any Insured prior to [December 31, 2016], or the same or substantially the same fact, circumstance or situation underlying or alleged therein."   Pending and Prior Litigation Endorsement (Form MGEM 4303 12 15).   Also, at the time of the issuance of certain excess policies, Sycamore warranted that it had no knowledge of any facts or circumstances that may give rise to a Claim.   This preliminarily appears to be a false statement, and a determination of whether any indemnity is owing could center on the knowledge of various individuals within Sycamore—presumably, none of whom reside in

Delaware or are subject to subpoena by Delaware courts.[4]   Sycamore also agreed that "any claim based upon, arising from, or [] any act, error, omission of which any such person has any actual knowledge or information will be excluded from coverage under the [MAIC Excess Policy]."   December 31, 2016 Warranty Letter. Because this lawsuit is premature, there is no way to know if any potential Claim or settlement for which Sycamore demands reimbursement and indemnification will fall within the parameters of the aforementioned exclusion or warranty.[5] Currently, it is impossible to guess what facts may bear on the availability of coverage.   Thus, the third "ripeness" factor also favors dismissal.

Fourth, for all of the reasons stated herein, "the need to conserve scarce resources" factor also strongly favors MAIC's dismissal in order to spare MAIC from having to incur the costs of futile litigation and having this Court manage the needless litigation.

Finally, a "due respect for identifiable policies of law touching upon the subject matter in dispute" cautions against premature judgment, wasteful litigation and what would amount to an unenforceable determination as to MAIC's liability. One "identifiable polic[y] of law" in the evaluation of this fifth prong of the

---

[4] It is conceivable given the intense factual issues that would arise regarding indemnity coverage, in light of the warranty by Sycamore, that Sycamore would move to stay this litigation.

[5] MAIC believes that the September 11, 2018 demand letter sets forth facts which, if true, would constitute knowledge and a breach of the warranty.

"ripeness" test is the risk of an incorrect decision or error in the development of the law.  *See Schick Inc. v. Amalgamated Clothing & Textile Workers Union*, 533 A.2d 1235, 1239 (Del. Ch. 1987) ("To address a matter before the facts surrounding the dispute are fully developed necessarily not only increases the risk of an incorrect judgment in the particular case, but risks, as well, an inappropriate or unnecessary step in the incremental law building process itself.").  Due to the fact there is no judgment or settlement for the Defendant Insurers to consider whether indemnification is even warranted pursuant to the express terms of the Policies, the risk of an incorrect judgment is inherently increased.  Accordingly, the fifth "ripeness" factor requires dismissal of Counts II and III as alleged against MAIC.

> B.  Sycamore Failed To Allege Exhaustion As Required By The Terms Of The Policies.

Coverage under the MAIC Excess Policy has not been triggered by exhaustion of the Underlying Insurance, which is an indispensable condition precedent.  *See, e.g., Qualcomm, Inc. v. Certain Underwriters at Lloyd's, London*, 161 Cal. App. 4th 184, 195 (2008) (no excess coverage absent exhaustion of underlying insurance by actual payment).[6]  Sycamore appears to contend that it is entitled to coverage, be it reimbursement for Defense Expenses or indemnity for a

---

[6] New York law is not materially different from California regarding exhaustion of an excess policy requiring payment of its underlying limits whether by the Insurers or other parties.  *See Cooper v. Certain Underwriters at Lloyd's, London*, No.: 2:14-cv-07475-FMO-MAN, 2018 WL 1548208, at *1 (9th Cir. Mar. 30, 2018).

settlement, from an excess insurer even when the insured has not received payment from the primary insurer sufficient to exhaust the underlying primary limit.  Thus, in contravention of legal authority and the express terms of the Policies, Sycamore seeks a declaration that MAIC's excess coverage obligations to Sycamore are not contingent upon exhaustion of the limit of the underlying insurance and that the Excess Insurers are obligated to pay all Defense Expenses and any settlement.  However, the "[p]lain policy language on exhaustion . . . will control."  *Intel Corp. v. Am. Guar. & Liability Ins. Co.*, 51 A.3d 442, 450 (Del. 2012).

Sycamore contends that MAIC, as an Excess Carrier, must pay all submitted invoices for Defense Expenses notwithstanding the MAIC Excess Policy does not provide for that.  The Defendants, including MAIC, are only obligated to pay reasonable and covered Defense Expenses incurred by Sycamore.  There is no indication in Sycamore's Complaint that Defense Expenses are or ever will approach the layer of the MAIC Excess Policy, which would require Sycamore to incur more than $50,000,000 in Defense Expenses (plus Sycamore's $500,000 retention).  Therefore, MAIC has no obligation under the MAIC Excess Policy until a determination has been made that Defense Expenses are reasonable and covered and all Underlying Insurance has been exhausted.

Any obligation MAIC has under the MAIC Excess Policy is triggered "only after the insurers of the Underlying Insurance, an excess difference-in-conditions

("DIC") insurer, the Insureds, or parties on behalf of the Insureds pay in legal currency as loss covered under the Underlying Insurance, the full amount of the Underlying Limit."   Amended Insuring Agreement (Form MAUB 1503 01 15). Therefore, specifically, MAIC's coverage obligation as to Count II and/or Count III is not triggered until exhaustion of the $50 million Underlying Insurance plus Sycamore's $500,000 retention, and nowhere in the Complaint does Sycamore allege as much and there is no evidence to suggest exhaustion has occurred. Accordingly, Sycamore fails to state a claim for relief as to Count II and Count III.

C.    This Action Should Be Dismissed Based On *Forum Non Conveniens.*

As the Delaware Supreme Court recently reiterated, there are three "procedural postures of *forum non conveniens* disputes: a first-filed Delaware case with no case pending elsewhere (the *Cryo-Maid* test); a second-filed Delaware case with another first-filed case pending elsewhere (the *McWane* test); and . . . a later-filed Delaware case after another jurisdiction had dismissed a first-filed case for *forum non conveniens.*" *Aranda v. Philip Morris USA Inc.*, No. 525, 2016, 183 A.3d 1245, 1250 (Del. 2018).

In this instance, arguably, with the pendency of the Nine West Bankruptcy action, there is a first-filed action in another forum, and the *McWane* test controls. To that end, the Delaware Supreme Court has long held that Delaware courts have broad discretion to dismiss an action in a later-filed lawsuit where there are earlier

filed actions regarding similar issues in a foreign jurisdiction.  *See McWane Cast Iron Pipe Corp. v. McDowell-Wellman Eng'g Co.*, 263 A.2d 281, 283 (Del. 1970) ("[A]s a general rule, litigation should be confined to the forum in which it is first commenced, and a defendant should not be permitted to defeat the plaintiffs choice of forum in a pending suit by commencing litigation involving the same cause of action in another jurisdiction of its own choosing . . . .").

### 1.    *The Application Of The McWane Test*

The first *McWane* factor considers whether there is a prior action pending elsewhere.  Arguably, the Nine West Bankruptcy action pending in the Southern District of New York is inextricably intertwined with this action and should be viewed as first-filed.  It is that Bankruptcy Court that will ultimately control the ability to bring or settle the litigation against Sycamore—the same litigation for which Sycamore seeks coverage in this action.  In addition, any disputes regarding any such potential litigation and settlement will be appealed from the Bankruptcy Court to the District Court of the Southern District of New York.  Subsequent to the Nine West Bankruptcy action, Sycamore filed this action despite the fact reactive lawsuits are disfavored in Delaware.  *See Dura Pharms., Inc. v. Scandipharm, Inc.*, 713 A.2d 925, 929 (Del. Ch. 1998) (allowing a "second-filed reactive Delaware action [to] succeed in ousting a foreign plaintiff of its choice of forum . . . would undermine the very considerations of comity and efficiency on

18

which the general rule of *McWane* is based . . . .").  This factor favors dismissal of this action in favor of another forum.

The second *McWane* factor is whether the prior action is in a court capable of doing prompt and complete justice.  Any coverage litigation should take place in the Southern District of New York based on the factors noted herein.  The District Court is fully capable of providing prompt and complete justice.  New York law should apply to the coverage dispute.  The Plaintiffs' principal place of business is in New York.  The conduct underlying the Nine West Bankruptcy action and any coverage litigation occurred in New York.  The great majority of witnesses relevant to the coverage dispute reside in New York and virtually all relevant documents are maintained in New York.  There is no question that the District Court of the Southern District of New York can do prompt and complete justice.

The third *McWane* factor is whether the two actions involve the same parties and substantially the same issues.  "Consistent with the *McWane* doctrine generally, the 'same parties, same issues' analysis focuses on substance over form." *Kurtin v. KRE LLC*, 2005 WL 1200188, at *4 (Del. Ch. May 16, 2005). "The captions need not be exact replicas, nor must the counts in each complaint be identical." *Diedenhofen-Lennartz v. Diedenhofen*, 931 A.2d 439, 446 (Del. Ch. 2007); *see also Gen. Video Corp v. Kertesz*, 2006 WL 2051023, at *4 (Del. Ch.

July 19, 2006) ("An absolute identity of the parties and issues is not necessary for a dismissal or stay under *McWane*.").

Once the Nine West Bankruptcy action has authorized litigation against Sycamore, the two actions will both involve Sycamore. More importantly, the substantive issues involved in each action are substantially similar. Both actions will focus on the underlying conduct of Sycamore for purposes of litigation against Sycamore based on the Nine West Bankruptcy action and for a determination of coverage under the policies of insurance issued by the Defendant Insurers. Simply put, the subsequent coverage litigation arises out of the same set of facts as the Nine West Bankruptcy action. This factor favors dismissal of this action.

### 2. *The Application of the Cryo-Maid Test*

Should this Court determine that the Nine West Bankruptcy action is not a first-filed action, then the *Cryo-Maid* test applies to determine dismissal. The *Cryo-Maid* test requires consideration of:

(1)  the relative ease of access to proof;
(2)  the availability of compulsory process for witnesses;
(3)  the possibility of the view of the premises;[7]
(4)  whether the controversy is dependent upon the application of Delaware law, which the courts of this State more properly should decide than those of another jurisdiction;
(5)  the pendency or non-pendency of a similar action or actions in another jurisdiction; and
(6)  all other practical problems that would make the trial of the case easy, expeditious and inexpensive.

---

[7] This factor is not impacted in this matter.

20

*Martinez v. E.I. DuPont de Nemours and Co., Inc*., 86 A.3d 1102, 1104 (Del. 2014) (citing *Gen. Foods Corp. v. Cryo-Maid, Inc.*, 198 A.2d 681 (Del. 1964)).

However, the Delaware Supreme Court has noted that the issue is not the number of factors favoring one side or the other, but "whether any or all of the *Cryo-Maid* factors establish that defendant will suffer overwhelming hardship and inconvenience if forced to litigate in Delaware." *Chrysler First Bus. Credit Corp. v. 1500 Locust Ltd. Partnership*, 669 A.2d 104, 108 (Del. 1995).  Furthermore, this Court "may permissibly exercise its discretion under *Cryo-Maid* to weigh appropriately the [Defendant Insurers'] interest in obtaining an authoritative ruling from the relevant foreign courts on the legal issue on which its liability hinges, as distinguished from a predictive, non-authoritative ruling by our courts." *Martinez*, 86 A.3d at 1111; *see also Williams Gas Supply Co. v. Apache Corp.*, No.: 90C-AU-1, 1991 WL 18091, at *4 (Del. Super. Feb. 12, 1991) ("This Court recognizes that the interests of other States in a dispute should not be usurped by Delaware, where the only nexus to Delaware is the incorporation of one or both of the parties.").

### i.     *The Evidence And Witnesses Are Located In New York.*

As set forth in the Complaint, all of the parties' principal places of business are located in places other than Delaware.  *See* Compl. ¶¶ 10-12: Plaintiffs—New York; ¶¶ 13, 17, 21: Defendants Endurance, Starr, and Ironshore—New York;

¶¶ 14, 15: Defendants CNA and Zurich—Illinois; ¶ 16: Defendant XL—Connecticut; ¶ 18: Defendant MAIC—Virginia; ¶ 19: Defendant Argonaut—Texas; ¶ 20: Defendant Great American—Ohio; ¶ 22: Defendant Everest—New Jersey.  As these entities are not located in in Delaware, none of the witnesses or evidence is located in Delaware.  This factor weighs in favor of dismissal.

> ii.  *Determinations Of Coverage Under The Policies Would Be Governed By New York Law.*

As the Policies were negotiated and issued to an insured located in New York and the conduct at issue occurred in New York, it is only reasonable that the claims are governed by New York law.  *See Williams*, 1991 WL 18091, at *3 ("While it is not unusual for courts of this State to deal with questions arising under the law of other jurisdictions, the fact that Delaware law will likely not apply does weigh in favor of the defendant's motion.").  Accordingly, as Delaware law will not apply to resolution of the coverage issues, this factor favors dismissal.

> iii.  *Practical Problems That Would Make the Case Easy, Expeditious and Inexpensive to Try.*

Any litigation in this action against any of the Sycamore Insureds has to be authorized by the United States Bankruptcy Court for the Southern District of New York in which the Nine West Bankruptcy action is pending.  Further, any settlement of this action has to be approved by the United States Bankruptcy Court for the Southern District of New York.  Should litigation be approved by the

22

Bankruptcy Court and a settlement thereof, they would both be subject to the views of all of the other constituencies in the bankruptcy, none of whom may be located in Delaware.

<div align="center"><em>iv.    Pendency Of Another Action.</em></div>

As discussed above, the Nine West Bankruptcy action is a prior pending action.  As a result, this Court should dismiss this case and order that it should be properly filed in New York.  This factor therefore also favors dismissal.

## IV.   CONCLUSION

Because Sycamore's Complaint, specifically the two Counts alleged against MAIC, fails to state a claim on which relief may be granted, and because Sycamore has failed to and cannot meet its burden to demonstrate the existence of a ripe controversy within this Court's jurisdiction, MAIC respectfully requests that the Court dismiss Counts II and III of the Complaint as alleged against MAIC with prejudice and without the right to replead.

In the alternative, this Court should dismiss this action based on *forum non conveniens* for the reasons set forth herein.

YOUNG CONAWAY STARGATT
 & TAYLOR, LLP

OF COUNSEL:

LOCKE LORD LLP
Michael F. Perlis
Cary J. Economou
300 S. Grand Avenue
Suite 2600
Los Angeles, CA 90071
(213) 485-1500

Dated:  October 16, 2018

*/s/ Elena  C. Norman*
Elena C. Norman (No. 4780)
Rodney Square
1000 North King Street
Wilmington, DE 19899
(302) 571-6600

*Counsel for Defendant Markel*
*American Insurance Company*

24

## **CERTIFICATE OF SERVICE**

I, Elena C. Norman, Esquire, hereby certify that on October 16, 2018,

a copy of the foregoing document was served on the following counsel in the

manner indicated below:

## **BY FILE & SERVEXPRESS**

David J. Baldwin, Esq.
Carla M. Jones, Esq.
POTTER ANDERSON
   & CORROON LLP
Hercules Plaza, Sixth Floor
1313 North Market Street
Wilmington, DE 19801




                              */s/ Elena C. Norman*
                              Elena C. Norman (#4780)

01:23728598.1

# General Information

**Court**                          Delaware Superior Court, New Castle County

**Docket Number**                  N18C-09-211

© 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

EFiled:  Oct 22 2018 02:47PM EDT
Transaction ID 62564422
Case No. N18C-09-211 AML CCLD

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| SYCAMORE PARTNERS MANAGEMENT, L.P. (F/K/A SYCAMORE PARTNERS MANAGEMENT, L.L.C.), SYCAMORE PARTNERS, L.P., and SYCAMORE PARTNERS A, L.P., | ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. N18C-09-211 AML CCLD ) |
| ENDURANCE AMERICAN INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, ZURICH AMERICAN INSURANCE COMPANY, XL SPECIALTY INSURANCE COMPANY, STARR INDEMNITY & LIABILITY COMPANY, MARKEL AMERICAN INSURANCE COMPANY, ARGONAUT INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, IRONSHORE INDEMNITY INC., and EVEREST NATIONAL INSURANCE COMPANY, | ) **TRIAL BY JURY OF** ) **TWELVE DEMANDED** ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## AMENDMENT TO COMPLAINT
## UNDER SUPERIOR COURT RULE 4(h)

| | |
|---|---|
| STATE OF DELAWARE | ) |
| | ) ss: |
| COUNTY OF NEW CASTLE | ) |

BE IT REMEMBERED, that on this 22nd day of October, 2018, did personally

appear before me the Subscriber, a Notary for the State and County aforesaid,

DAVID J. BALDWIN, who, being by me duly sworn according to law, did depose and say:

1.      That he is an attorney duly licensed to practice before the Courts of the State of Delaware and is a partner with the firm of Potter Anderson & Corroon LLP, counsel for plaintiff herein.

2.      That on October 4, 2018, a copy of the Summons and Complaint filed by plaintiff in the above-captioned matter, together with a transmittal letter advising said defendant that service had been made upon it pursuant to the provisions of 10 *Del. C.* § 3104(d)(3), was mailed by Certified Mail, Return Receipt Requested, to Continental Casualty Company, a non-resident defendant in the above-captioned matter.

3.      That attached hereto as Exhibit A is the postal service receipt that he received on October 4, 2018, and that evidences mailing of the documents by Certified Mail pursuant to the provisions of 10 *Del. C.* § 3104(d)(3) to defendant Continental Casualty Company, c/o an Officer, a Managing or General agent, 151 North Franklin Street, Chicago IL  60604.

2

5957935/45380

4.     That attached hereto as Exhibit B is Continental Casualty Company's

return receipt received on October 10, 2018, which evidences receipt of the

Documents by defendant Continental Casualty Company.

_____

David J. Baldwin

Sworn and Subscribed Before Me
This 22nd day of October, 2018

_____
Notary Public

My Commission Expires: 4/4/19

3

This page has been intentionally left blank

# General Information

**Court**                          Delaware Superior Court, New Castle County

**Docket Number**                  N18C-09-211

© 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

EFiled:  Oct 22 2018 02:47PM EDT
Transaction ID 62564422
Case No. N18C-09-211 AML CCLD

# EXHIBIT A



7017 1450 0001 1211 8089

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $

Postage
$

Total Postage and Fees
$

Sent To
Continental Casualty Company
c/o an Officer, a Managing or General agent

Street and Apt. No., o
151 North Franklin Street

City, State, ZIP+4®
Chicago IL, 60604

PS Form 3800, April

Exhibit A to Amendment to Complaint Under Superior Court Rule 4(h) for Continental

# General Information

**Court**                    Delaware Superior Court, New Castle County

**Docket Number**            N18C-09-211

© 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

EFiled:  Oct 22 2018 02:47PM EDT
Transaction ID 62564422
Case No. N18C-09-211 AML CCLD

# EXHIBIT B

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Continental Casualty Company
c/o an Officer, a Managing or General
agent
151 North Franklin Street
Chicago IL, 60604

9590 9402 3737 7335 1878 46

2. Article Number (Transfer from service label)

7015 1520 0001 6557 3420

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                     ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted
   Delivery
☐ Return Receipt for
   Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation
   Restricted Delivery

Domestic Return Receipt

---

**United States
Postal Service**

USPS TRACKING #

9590 9402 3737 7335 1878 46

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

*Potter Anderson & Corroon*
*P.O. Box 951*
*1313 N. Market Street*
*Wilmington, De. 19899-0951*

DJB/MA

# USPS Tracking® FAQs › (https://www.usps.com/faqs/uspstracking-faqs.htm)

## Track Another Package +

**Tracking Number:** 70171450000112118089

Remove ✕

**Expected Delivery on**

# WEDNESDAY
# 10 OCTOBER 2018 ⓘ

See Product Information ⌄

Feedback

## ✓ Delivered

October 10, 2018 at 7:37 am
Delivered
CHICAGO, IL 60606

Get Updates ⌄

---

| Text & Email Updates | ⌄ |
| --- | --- |

---

| Tracking History | ⌄ |
| --- | --- |

---

| Product Information | ⌄ |
| --- | --- |

---

See Less ⌃

This page has been intentionally left blank

# General Information

| | |
|---|---|
| **Court** | Delaware Superior Court, New Castle County |
| **Docket Number** | N18C-09-211 |

© 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

EFiled:  Oct 22 2018 02:47PM EDT
Transaction ID 62564422
Case No. N18C-09-211 AML CCLD

## CERTIFICATE OF SERVICE

David J. Baldwin hereby certifies that, on this 22nd day of October 2018, he

caused to be filed, via File & Serve*Xpress*, an electronic version of the foregoing

document and to be served, via File & Serve*Xpress*, upon the Delaware Counsel of

record identified below:

| | |
|---|---|
| Elena C. Norman, Esq.<br>Young Conaway Stargatt<br>  & Taylor, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE  19801<br><br>*Attys. for Markel American Insurance Company* | |

/s/ David J. Baldwin
David J. Baldwin (No. 1010)
Carla M. Jones (No. 6046)

5959313/45380

Certificate of Service for Amendment to Complaint Under Superior Court Rule 4(h) for

# General Information

**Court**                        Delaware Superior Court, New Castle County

**Docket Number**                N18C-09-211

© 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

**EFiled:  Oct 11 2018 12:26PM EDT**
**Transaction ID 62548445**
**Case No. N18C-09-211 AML CCLD**

## <u>CERTIFICATE OF SERVICE</u>

David J. Baldwin hereby certifies that, on this 11th day of October 2018, he

caused to be filed, via File & Serve*Xpress*, an electronic version of the foregoing

document and to be served, via File & Serve*Xpress*, upon the Delaware Counsel of

record identified below:

| | |
|---|---|
| Elena C. Norman, Esq. <br> Young Conaway Stargatt <br>   & Taylor, LLP <br> Rodney Square <br> 1000 North King Street <br> Wilmington, DE  19801 <br><br> *Attys. for Markel American Insurance Company* | |

/s/ David J. Baldwin

David J. Baldwin (No. 1010)

Carla M. Jones (No. 6046)

5959313/45380

This page has been intentionally left blank

Failla, John E.: Certificate of Service for Motion for Admission Pro Hav Vice on behalf

# General Information

**Court**                         Delaware Superior Court, New Castle County

**Docket Number**                 N18C-09-211

© 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

EFiled:  Oct 11 2018 12:54PM EDT
Transaction ID 62548970
Case No. N18C-09-211 AML CCLD

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| SYCAMORE PARTNERS MANAGEMENT, L.P. (F/K/A SYCAMORE PARTNERS MANAGEMENT, L.L.C.), SYCAMORE PARTNERS, L.P., and SYCAMORE PARTNERS A, L.P.,<br><br>    Plaintiffs,<br><br>        v.<br><br>ENDURANCE AMERICAN INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, ZURICH AMERICAN INSURANCE COMPANY, XL SPECIALTY INSURANCE COMPANY, STARR INDEMNITY & LIABILITY COMPANY, MARKEL AMERICAN INSURANCE COMPANY, ARGONAUT INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, IRONSHORE INDEMNITY INC., and EVEREST NATIONAL INSURANCE COMPANY,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    C.A. No. N18C-09-211 AML CCLD<br><br>**TRIAL BY JURY OF TWELVE DEMANDED** |

## MOTION FOR ADMISSION *PRO HAC VICE*

David J. Baldwin, a member of the Delaware Bar, pursuant to Rule 90.1,

moves for the admission *pro hac vice* of:

> Nathan R. Lander
> Proskauer Rose LLP
> Eleven Times Square
> New York, NY  10036

to represent Plaintiffs in this action.  Movant certifies that movant finds the applicant

to be a reputable and competent attorney, and movant is in a position to recommend

the applicant's admission.    The applicant is admitted, practicing, and in good

standing in the State of New York.

<div align="right">

POTTER ANDERSON & CORROON LLP

By: */s/ David J. Baldwin*
    David J. Baldwin (No. 1010)
    Carla M. Jones (No. 6046)
    Hercules Plaza, Sixth Floor
    1313 North Market Street
    Wilmington, Delaware 19801
    (302) 984-6000 – Telephone
    dbaldwin@potteranderson.com
    cjones@potteranderson.com

</div>

Dated:  October 11, 2018           *Attorneys for Plaintiffs*
5954018/45380

Lander, Nathan R.: Motion for Admission Pro Hac Vice on behalf of Plaintiffs Sycamore

# General Information

**Court**                        Delaware Superior Court, New Castle County

**Docket Number**                N18C-09-211

© 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

Bloomberg Law®

EFiled:  Oct 11 2018 12:54PM EDT
Transaction ID 62548970
Case No. N18C-09-211 AML CCLD

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| SYCAMORE PARTNERS MANAGEMENT, L.P. (F/K/A SYCAMORE PARTNERS MANAGEMENT, L.L.C.), SYCAMORE PARTNERS, L.P., and SYCAMORE PARTNERS A, L.P., <br><br> Plaintiffs, <br><br> v. <br><br> ENDURANCE AMERICAN INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, ZURICH AMERICAN INSURANCE COMPANY, XL SPECIALTY INSURANCE COMPANY, STARR INDEMNITY & LIABILITY COMPANY, MARKEL AMERICAN INSURANCE COMPANY, ARGONAUT INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, IRONSHORE INDEMNITY INC., and EVEREST NATIONAL INSURANCE COMPANY, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

C.A. No. N18C-09-211 AML CCLD

**TRIAL BY JURY OF TWELVE DEMANDED**

## NOTICE OF MOTION FOR ADMISSION *PRO HAC VICE*

TO:   ALL DELAWARE COUNSEL

PLEASE TAKE NOTICE that the attached Motion for Admission *Pro Hac Vice* of Nathan R. Lander will be presented to the Honorable Abigail M. LeGrow at the convenience of the Court.

POTTER ANDERSON & CORROON LLP

By: */s/ David J. Baldwin*
     David J. Baldwin (No. 1010)
     Carla M. Jones (No. 6046)
     Hercules Plaza, Sixth Floor
     1313 North Market Street
     Wilmington, Delaware 19801
     (302) 984-6000 – Telephone
     dbaldwin@potteranderson.com
     cjones@potteranderson.com

Dated: October 11, 2018       *Attorneys for Plaintiffs*
5954018/45380

# General Information

| | |
|---|---|
| **Court** | Delaware Superior Court, New Castle County |
| **Docket Number** | N18C-09-211 |

© 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

**EFiled:  Oct 11 2018 12:54PM EDT**
**Transaction ID 62548970**
**Case No. N18C-09-211 AML CCLD**

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| SYCAMORE PARTNERS MANAGEMENT, L.P. (F/K/A SYCAMORE PARTNERS MANAGEMENT, L.L.C.), SYCAMORE PARTNERS, L.P., and SYCAMORE PARTNERS A, L.P., | ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. N18C-09-211 AML CCLD ) |
| ENDURANCE AMERICAN INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, ZURICH AMERICAN INSURANCE COMPANY, XL SPECIALTY INSURANCE COMPANY, STARR INDEMNITY & LIABILITY COMPANY, MARKEL AMERICAN INSURANCE COMPANY, ARGONAUT INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, IRONSHORE INDEMNITY INC., and EVEREST NATIONAL INSURANCE COMPANY, | ) **TRIAL BY JURY OF** ) **TWELVE DEMANDED** ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## O R D E R

The foregoing motion for the admission of Nathan R. Lander to practice

in this action *pro hac vice* is hereby granted.

IT IS SO ORDERED this _____ day of _____, 2018.

_____

The Honorable Abigail M. LeGrow

This page has been intentionally left blank

Lander, Nathan R.: Proposed Order granting the Motion for Admission Pro Hac Vice on

# General Information

**Court**                      Delaware Superior Court, New Castle County

**Docket Number**              N18C-09-211

Bloomberg Law®                    © 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

EFiled: Oct 11 2018 12:54PM EDT
Transaction ID 62548970
Case No. N18C-09-211 AML CCLD

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| SYCAMORE PARTNERS MANAGEMENT, L.P. (F/K/A SYCAMORE PARTNERS MANAGEMENT, L.L.C.), SYCAMORE PARTNERS, L.P., and SYCAMORE PARTNERS A, L.P., | ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| ENDURANCE AMERICAN INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, ZURICH AMERICAN INSURANCE COMPANY, XL SPECIALTY INSURANCE COMPANY, STARR INDEMNITY & LIABILITY COMPANY, MARKEL AMERICAN INSURANCE COMPANY, ARGONAUT INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, IRONSHORE INDEMNITY INC., and EVEREST NATIONAL INSURANCE COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

C.A. No. N18C-09-211 AML CCLD

**TRIAL BY JURY OF TWELVE DEMANDED**

## CERTIFICATION OF NATHAN R. LANDER

Nathan R. Lander hereby certifies that:

1.     I shall be bound by the Delaware Lawyers' Rules of Professional Conduct.

2.     I, and all attorneys of my firm who directly or indirectly provide services to the parties or cause at issue, shall be bound by all Rules of the Court.

3.      I have reviewed the Principles of Professionalism for Delaware Lawyers.

4.      I consent to the appointment of the Prothonotary as agent upon whom service of process may be made for all actions, including disciplinary actions, that may arise out of the practice of law under this rule and any activities related thereto.

5.      I have appeared in the following actions in the courts of record of Delaware in the preceding twelve months:  *Sun Life Assurance Company of Canada v. U.S. Bank National Association as Securities Intermediary, et al.*, Civil Action No. 17-00075-LPS, United States District Court for the District of Delaware.

6.      I do not maintain an office in the State of Delaware.

7.      I am a member in good standing of the Bar of the State of New York.

8.      I have not been disbarred or suspended and am not the object of any pending disciplinary proceedings in any jurisdiction where I have been admitted generally, *pro hac vice*, or in any other way.

9.      I am admitted for the practice of law in the following state(s) or other jurisdiction(s):  State of New York; United States District Court for the Eastern District of New York; United States District Court for the Southern District of New York; United States Court of Appeals for the Eleventh Circuit; United States Court

2

of Appeals for the First Circuit; United States Court of Appeals for the Ninth Circuit; and United States Court of Appeals for the Seventh Circuit.

        10.     Payment for the *pro hac vice* admission assessment in the amount of Four Hundred and Seven Dollars ($407.00) is being submitted via File & Serve*Xpress* simultaneous with submission of this certification, to be deposited with the Prothonotary.

                                           _____
                                           Nathan R. Lander

Dated:  October 10, 2018

This page has been intentionally left blank

Lander, Nathan R.: Certification for Admission Pro Hac Vice on behalf of Plaintiffs

# General Information

**Court**                          Delaware Superior Court, New Castle County

**Docket Number**                  N18C-09-211

© 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

**EFiled:  Oct 11 2018 12:54PM EDT**
**Transaction ID 62548970**
**Case No. N18C-09-211 AML CCLD**

## <u>CERTIFICATE OF SERVICE</u>

      David J. Baldwin hereby certifies that, on this 11th day of October 2018, he

caused to be filed, via File & Serve*Xpress*, an electronic version of the foregoing

document and to be served, via File & Serve*Xpress*, upon the Delaware Counsel of

record identified below:

| | |
|---|---|
| Elena C. Norman, Esq.<br>Young Conaway Stargatt<br>  & Taylor, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE  19801<br><br>*Attys. for Markel American Insurance Company* | |

 

                                    */s/ David J. Baldwin*
                                      David J. Baldwin (No. 1010)
                                      Carla M. Jones (No. 6046)

5959313/45380

This page has been intentionally left blank

Lander, Nathan R.: Certificate of Service for Motion for Admission Pro Hac Vice on

# General Information

| | |
|---|---|
| **Court** | Delaware Superior Court, New Castle County |
| **Docket Number** | N18C-09-211 |

© 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

**Granted**

/s/ LeGrow, Abigail M   Oct 12, 2018

EFiled:  Oct 12 2018 02:19PM EDT
Transaction ID 62555465
Case No. N18C-09-211 AML CCLD

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| SYCAMORE PARTNERS MANAGEMENT, L.P. (F/K/A SYCAMORE PARTNERS MANAGEMENT, L.L.C.), SYCAMORE PARTNERS, L.P., and SYCAMORE PARTNERS A, L.P., | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | C.A. No. N18C-09-211 AML CCLD |
| ENDURANCE AMERICAN INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, ZURICH AMERICAN INSURANCE COMPANY, XL SPECIALTY INSURANCE COMPANY, STARR INDEMNITY & LIABILITY COMPANY, MARKEL AMERICAN INSURANCE COMPANY, ARGONAUT INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, IRONSHORE INDEMNITY INC., and EVEREST NATIONAL INSURANCE COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **TRIAL BY JURY OF TWELVE DEMANDED** |
| Defendants. | ) ) | |

## O R D E R

The foregoing motion for the admission of Nathan R. Lander to practice

in this action *pro hac vice* is hereby granted.

IT IS SO ORDERED this _____ day of _____, 2018.

_____
The Honorable Abigail M. LeGrow

**This document constitutes a ruling of the court and should be treated as such.**

| | |
|---|---|
| **Court:** | DE Superior Court-New Castle County |
| **Judge:** | Abigail M LeGrow |
| **File & Serve Transaction ID:** | 62548970 |
| **Current Date:** | Oct 12, 2018 |
| **Case Number:** | N18C-09-211 AML CCLD |

**/s/ Judge LeGrow, Abigail M**

Granted (Lander, Nathan R.: Proposed Order granting the Motion for Admission Pro Hac

# General Information

| | |
|---|---|
| **Court** | Delaware Superior Court, New Castle County |
| **Docket Number** | N18C-09-211 |

© 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

**Granted**

/s/ LeGrow, Abigail M   Oct 12, 2018

EFiled:  Oct 12 2018 02:20PM EDT
Transaction ID 62555471
Case No. N18C-09-211 AML CCLD

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| SYCAMORE PARTNERS MANAGEMENT, L.P. (F/K/A SYCAMORE PARTNERS MANAGEMENT, L.L.C.), SYCAMORE PARTNERS, L.P., and SYCAMORE PARTNERS A, L.P., | ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) C.A. No. N18C-09-211 AML CCLD ) |
| ENDURANCE AMERICAN INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, ZURICH AMERICAN INSURANCE COMPANY, XL SPECIALTY INSURANCE COMPANY, STARR INDEMNITY & LIABILITY COMPANY, MARKEL AMERICAN INSURANCE COMPANY, ARGONAUT INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, IRONSHORE INDEMNITY INC., and EVEREST NATIONAL INSURANCE COMPANY, | ) **TRIAL BY JURY OF** ) **TWELVE DEMANDED** ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## <u>O R D E R</u>

The foregoing motion for the admission of John E. Failla to practice in

this action *pro hac vice* is hereby granted.

IT IS SO ORDERED this _____ day of _____, 2018.

_____
The Honorable Abigail M. LeGrow

This document constitutes a ruling of the court and should be treated as such.

**Court:** DE Superior Court-New Castle County

**Judge:** Abigail M LeGrow

**File & Serve
Transaction ID:** 62548445

**Current Date:** Oct 12, 2018

**Case Number:** N18C-09-211 AML CCLD

**/s/ Judge LeGrow, Abigail M**

Granted (Failla, John E.: Proposed Order granting the Motion for Admission Pro Hav

# General Information

**Court**                          Delaware Superior Court, New Castle County

**Docket Number**                  N18C-09-211

© 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

**Granted**

/s/ LeGrow, Abigail M   Oct 12, 2018

EFiled:  Oct 12 2018 02:25PM EDT
Transaction ID 62555517
Case No. N18C-09-211 AML CCLD

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| SYCAMORE PARTNERS MANAGEMENT, L.P. (F/K/A SYCAMORE PARTNERS MANAGEMENT, L.L.C.), SYCAMORE PARTNERS, L.P., and SYCAMORE PARTNERS A, L.P., | ) ) ) ) ) ) ) |  |
| Plaintiffs, | ) | C.A. No. N18C-09-211 AML CCLD |
| v. | ) ) |  |
| ENDURANCE AMERICAN INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, ZURICH AMERICAN INSURANCE COMPANY, XL SPECIALTY INSURANCE COMPANY, STARR INDEMNITY & LIABILITY COMPANY, MARKEL AMERICAN INSURANCE COMPANY, ARGONAUT INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, IRONSHORE INDEMNITY INC., and EVEREST NATIONAL INSURANCE COMPANY | ) ) ) ) ) ) ) ) ) ) ) ) ) |  |
| Defendants. | ) |  |

## [PROPOSED] ORDER

The foregoing application of Michael F. Perlis for admission *pro hac vice* in this action is hereby granted.

SO ORDERED this_____day of _____, 2018.


_____
Hon. Abigail M. LeGrow

**This document constitutes a ruling of the court and should be treated as such.**

| | |
|---|---|
| **Court:** | DE Superior Court-New Castle County |
| **Judge:** | Abigail M LeGrow |
| **File & Serve Transaction ID:** | 62540565 |
| **Current Date:** | Oct 12, 2018 |
| **Case Number:** | N18C-09-211 AML CCLD |

**/s/ Judge LeGrow, Abigail M**

This page has been intentionally left blank

Granted (Perlis, Michael F. : [Proposed] Order to Motion for Admission Pro Hac Vice

# General Information

**Court**                          Delaware Superior Court, New Castle County

**Docket Number**              N18C-09-211

Bloomberg Law®

**Granted**

/s/ LeGrow, Abigail M   Oct 12, 2018

EFiled:  Oct 12 2018 02:25PM EDT
Transaction ID 62555517
Case No. N18C-09-211 AML CCLD

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| SYCAMORE PARTNERS MANAGEMENT, L.P. (F/K/A SYCAMORE PARTNERS MANAGEMENT, L.L.C.), SYCAMORE PARTNERS, L.P., and SYCAMORE PARTNERS A, L.P., | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. N18C-09-211 AML CCLD |
| v. | ) ) | |
| ENDURANCE AMERICAN INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, ZURICH AMERICAN INSURANCE COMPANY, XL SPECIALTY INSURANCE COMPANY, STARR INDEMNITY & LIABILITY COMPANY, MARKEL AMERICAN INSURANCE COMPANY, ARGONAUT INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, IRONSHORE INDEMNITY INC., and EVEREST NATIONAL INSURANCE COMPANY | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## [PROPOSED] ORDER

The foregoing application of Cary J. Economou for admission *pro hac vice*

in this action is hereby granted.

SO ORDERED this_____day of _____, 2018.

_____

Hon. Abigail M. LeGrow

**This document constitutes a ruling of the court and should be treated as such.**

|  |  |
|---|---|
| **Court:** | DE Superior Court-New Castle County |
| **Judge:** | Abigail M LeGrow |
| **File & Serve Transaction ID:** | 62540565 |
| **Current Date:** | Oct 12, 2018 |
| **Case Number:** | N18C-09-211 AML CCLD |

**/s/ Judge LeGrow, Abigail M**

# General Information

**Court**                      Delaware Superior Court, New Castle County

**Docket Number**              N18C-09-211

© 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

EFiled:  Oct 09 2018 04:48PM EDT
Transaction ID 62540565
Case No. N18C-09-211 AML CCLD

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| SYCAMORE PARTNERS MANAGEMENT, L.P. (F/K/A SYCAMORE PARTNERS MANAGEMENT, L.L.C.), SYCAMORE PARTNERS, L.P., and SYCAMORE PARTNERS A, L.P., | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. N18C-09-211 AML CCLD |
| v. | ) ) ) | |
| ENDURANCE AMERICAN INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, ZURICH AMERICAN INSURANCE COMPANY, XL SPECIALTY INSURANCE COMPANY, STARR INDEMNITY & LIABILITY COMPANY, MARKEL AMERICAN INSURANCE COMPANY, ARGONAUT INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, IRONSHORE INDEMNITY INC., and EVEREST NATIONAL INSURANCE COMPANY | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**CERTIFICATION PURSUANT TO**
**SUPERIOR COURT CIVIL RULE 90.1(B)**

I, Michael F. Perlis, hereby certify that:

1.      I am a member in good standing of the Bar of the States California, New York and the District of Columbia.

2.      I agree that I shall be bound by the Delaware Lawyers' Rules of Professional Conduct and have reviewed the Statement of Principles of Lawyer Conduct.

3.      I agree that I and all attorneys of my firm who directly or indirectly provide services to the party or cause at issue shall be bound by all Rules of the Court.

4.      I consent to the appointment of the Prothonotary as agent upon whom service of process may be made for all actions, including disciplinary actions, that may arise out of the practice of law under this rule and activities related thereto.

5.      In the preceding twelve (12) months, I have not been admitted to practice *pro hac vice* in a Delaware court.

6.      Payment to the Prothonotary for the *pro hac vice* application assessment in the amount of four hundred and seven dollars ($407 .00) is attached for deposit pursuant to Superior Court Civil Rule 90.1.

7.      I have not been disbarred or suspended and I am not the object of any disciplinary proceedings in any jurisdiction where I have been admitted generally, *pro hac vice*, or in any other way.

8.    I have been admitted generally to the Bars of the following states or other jurisdictions:  States California, New York and the District of Columbia.

9.    I do not maintain an office in the State of Delaware.

Dated:  October 9, 2018

_____

Michael F. Perlis

This page has been intentionally left blank

Perlis, Michael F.: Certification Pursuant to Superior Court Civil Rule 90.1(B) to

# General Information

| | |
|---|---|
| **Court** | Delaware Superior Court, New Castle County |
| **Docket Number** | N18C-09-211 |

Bloomberg Law®

© 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

EFiled:  Oct 09 2018 04:48PM EDT
Transaction ID 62540565
Case No. N18C-09-211 AML CCLD

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| SYCAMORE PARTNERS MANAGEMENT, L.P. (F/K/A SYCAMORE PARTNERS MANAGEMENT, L.L.C.), SYCAMORE PARTNERS, L.P., and SYCAMORE PARTNERS A, L.P., | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) | C.A. No. N18C-09-211 AML CCLD |
| v. | ) ) ) | |
| ENDURANCE AMERICAN INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, ZURICH AMERICAN INSURANCE COMPANY, XL SPECIALTY INSURANCE COMPANY, STARR INDEMNITY & LIABILITY COMPANY, MARKEL AMERICAN INSURANCE COMPANY, ARGONAUT INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, IRONSHORE INDEMNITY INC., and EVEREST NATIONAL INSURANCE COMPANY | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## [PROPOSED] ORDER

The foregoing application of Michael F. Perlis for admission *pro hac vice* in this action is hereby granted.

SO ORDERED this_____day of _____, 2018.

_____
Hon. Abigail M. LeGrow

Perlis, Michael F. : [Proposed] Order to Motion for Admission Pro Hac Vice to represent

# General Information

| | |
|---|---|
| **Court** | Delaware Superior Court, New Castle County |
| **Docket Number** | N18C-09-211 |

© 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

EFiled:  Oct 09 2018 04:48PM EDT
Transaction ID 62540565
Case No. N18C-09-211 AML CCLD

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SYCAMORE PARTNERS MANAGEMENT, L.P. (F/K/A SYCAMORE PARTNERS MANAGEMENT, L.L.C.), SYCAMORE PARTNERS, L.P., and SYCAMORE PARTNERS A, L.P., | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. N18C-09-211 AML CCLD |
| v. | ) ) ) | |
| ENDURANCE AMERICAN INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, ZURICH AMERICAN INSURANCE COMPANY, XL SPECIALTY INSURANCE COMPANY, STARR INDEMNITY & LIABILITY COMPANY, MARKEL AMERICAN INSURANCE COMPANY, ARGONAUT INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, IRONSHORE INDEMNITY INC., and EVEREST NATIONAL INSURANCE COMPANY | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## MOTION FOR ADMISSION
### *PRO HAC VICE* OF CARY J. ECONOMOU

Elena C. Norman ("Movant"), a member of the Delaware bar, pursuant to

Delaware Superior Court Civil Rule 90.1, hereby moves the admission *pro hac*

*vice* of Cary J. Economou ("Applicant") of Locke Lord LLP, 2200 Ross Avenue,

Suite 2800, Dallas, TX 75201 to represent Defendant Markel American Insurance

Company in this action.  Movant certifies that she finds Applicant to be a reputable

and competent attorney, and that Movant is in a position to recommend

Applicant's admission *pro hac vice*.  The Applicant is admitted, practicing, and in

good standing in the States of California and Texas.

<div align="right">

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Elena C. Norman*
Elena C. Norman (No. 4780)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600

*Attorney    for    Defendant    Markel
American Insurance Company*

</div>

Dated:  October 9, 2018

## **CERTIFICATE OF SERVICE**

I, Elena C. Norman, Esquire, hereby certify that on October 9, 2018, a

copy of the foregoing document was served on the following counsel in the

manner indicated below:

**BY FILE & SERVEXPRESS**

David J. Baldwin, Esq.
Carla M. Jones, Esq.
POTTER ANDERSON
  & CORROON LLP
Hercules Plaza, Sixth Floor
1313 North Market Street
Wilmington, DE 19801

/s/ Elena C. Norman
Elena C. Norman (#4780)

This page has been intentionally left blank

Economou, Cary J.: Motion for Admission Pro Hac Vice to represent Defendant Markel

# General Information

| | |
|---|---|
| **Court** | Delaware Superior Court, New Castle County |
| **Docket Number** | N18C-09-211 |

© 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

EFiled:  Oct 09 2018 04:48PM EDT
Transaction ID 62540565
Case No. N18C-09-211 AML CCLD

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

|  |  |  |
|---|---|---|
| SYCAMORE PARTNERS MANAGEMENT, L.P. (F/K/A SYCAMORE PARTNERS MANAGEMENT, L.L.C.), SYCAMORE PARTNERS, L.P., and SYCAMORE PARTNERS A, L.P., | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. N18C-09-211 AML CCLD |
| v. | ) ) | |
| ENDURANCE AMERICAN INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, ZURICH AMERICAN INSURANCE COMPANY, XL SPECIALTY INSURANCE COMPANY, STARR INDEMNITY & LIABILITY COMPANY, MARKEL AMERICAN INSURANCE COMPANY, ARGONAUT INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, IRONSHORE INDEMNITY INC., and EVEREST NATIONAL INSURANCE COMPANY | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**NOTICE OF MOTION FOR ADMISSION**
***PRO HAC VICE* OF CARY J. ECONOMOU**

PLEASE TAKE NOTICE that the undersigned will present the attached

Motion for Admission *Pro Hac Vice* of Cary J. Economou at the convenience of

the Court.

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Elena C. Norman*
Elena C. Norman (No. 4780)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600

*Attorney    for    Defendant    Markel
American Insurance Company*

Dated:  October 9, 2018

Economou, Cary J.: Notice of Motion for Admission Pro Hac Vice to represent Defendant

# General Information

**Court**                          Delaware Superior Court, New Castle County

**Docket Number**                  N18C-09-211

© 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

EFiled:  Oct 09 2018 04:48PM EDT
Transaction ID 62540565
Case No. N18C-09-211 AML CCLD

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| SYCAMORE PARTNERS MANAGEMENT, L.P. (F/K/A SYCAMORE PARTNERS MANAGEMENT, L.L.C.), SYCAMORE PARTNERS, L.P., and SYCAMORE PARTNERS A, L.P., <br><br> Plaintiffs, <br><br> v. <br><br> ENDURANCE AMERICAN INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, ZURICH AMERICAN INSURANCE COMPANY, XL SPECIALTY INSURANCE COMPANY, STARR INDEMNITY & LIABILITY COMPANY, MARKEL AMERICAN INSURANCE COMPANY, ARGONAUT INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, IRONSHORE INDEMNITY INC., and EVEREST NATIONAL INSURANCE COMPANY <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> C.A. No. N18C-09-211 AML CCLD |

## CERTIFICATION PURSUANT TO
## SUPERIOR COURT CIVIL RULE 90.1(B)

I, Cary J. Economou, hereby certify that:

1.      I am a member in good standing of the Bar of the States of California and Texas.

2.      I agree that I shall be bound by the Delaware Lawyers' Rules of Professional Conduct and have reviewed the Statement of Principles of Lawyer Conduct.

3.      I agree that I and all attorneys of my firm who directly or indirectly provide services to the party or cause at issue shall be bound by all Rules of the Court.

4.      I consent to the appointment of the Prothonotary as agent upon whom service of process may be made for all actions, including disciplinary actions, that may arise out of the practice of law under this rule and activities related thereto.

5.      In the preceding twelve (12) months, I have not been admitted to practice *pro hac vice* in a Delaware court.

6.      Payment to the Prothonotary for the *pro hac vice* application assessment in the amount of four hundred and seven dollars ($407.00) is attached for deposit pursuant to Superior Court Civil Rule 90.1.

7.      I have not been disbarred or suspended and I am not the object of any disciplinary proceedings in any jurisdiction where I have been admitted generally, *pro hac vice*, or in any other way.

8.      I have been admitted generally to the Bars of the following states or other jurisdictions:  States of California and Texas, U.S. District Court for the Eastern District of California, U.S. District Court for the Central District of California, U.S. District Court for the Northern District of California, U.S. District Court for the Southern District of California and U.S. Court of Appeals for the Ninth Circuit.

9.      I do not maintain an office in the State of Delaware.

Dated:  October 9, 2018

_Cary J. Economou_

Cary J. Economou

This page has been intentionally left blank

Economou, Cary J.: Certification Pursuant to Superior Court Civil Rule 90.1(B) to

# General Information

**Court**                     Delaware Superior Court, New Castle County

**Docket Number**             N18C-09-211

© 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

EFiled:  Oct 09 2018 04:48PM EDT
Transaction ID 62540565
Case No. N18C-09-211 AML CCLD

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

SYCAMORE PARTNERS
MANAGEMENT, L.P. (F/K/A
SYCAMORE PARTNERS
MANAGEMENT, L.L.C.), SYCAMORE
PARTNERS, L.P., and SYCAMORE
PARTNERS A, L.P.,

Plaintiffs,

     v.

ENDURANCE AMERICAN INSURANCE
COMPANY, CONTINENTAL
CASUALTY COMPANY, ZURICH
AMERICAN INSURANCE COMPANY,
XL SPECIALTY INSURANCE
COMPANY, STARR INDEMNITY &
LIABILITY COMPANY, MARKEL
AMERICAN INSURANCE COMPANY,
ARGONAUT INSURANCE COMPANY,
GREAT AMERICAN INSURANCE
COMPANY, IRONSHORE INDEMNITY
INC., and EVEREST NATIONAL
INSURANCE COMPANY

Defendants.

C.A. No. N18C-09-211 AML CCLD

**[PROPOSED] ORDER**

The foregoing application of Cary J. Economou for admission *pro hac vice*

in this action is hereby granted.

SO ORDERED this_____day of _____, 2018.


_____

Hon. Abigail M. LeGrow

Economou, Cary J. : [Proposed] Order to Motion for Admission Pro Hac Vice to represent

# General Information

| | |
|---|---|
| **Court** | Delaware Superior Court, New Castle County |
| **Docket Number** | N18C-09-211 |

Bloomberg Law®

© 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

EFiled:  Oct 11 2018 12:26PM EDT
Transaction ID 62548445
Case No. N18C-09-211 AML CCLD

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SYCAMORE PARTNERS MANAGEMENT, L.P. (F/K/A SYCAMORE PARTNERS MANAGEMENT, L.L.C.), SYCAMORE PARTNERS, L.P., and SYCAMORE PARTNERS A, L.P., | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | C.A. No. N18C-09-211 AML CCLD |
| v. | ) ) | |
| ENDURANCE AMERICAN INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, ZURICH AMERICAN INSURANCE COMPANY, XL SPECIALTY INSURANCE COMPANY, STARR INDEMNITY & LIABILITY COMPANY, MARKEL AMERICAN INSURANCE COMPANY, ARGONAUT INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, IRONSHORE INDEMNITY INC., and EVEREST NATIONAL INSURANCE COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **TRIAL BY JURY OF TWELVE DEMANDED** |
| Defendants. | ) ) | |

## MOTION FOR ADMISSION *PRO HAC VICE*

David J. Baldwin, a member of the Delaware Bar, pursuant to Rule 90.1,

moves for the admission *pro hac vice* of:

> John E. Failla
> Proskauer Rose LLP
> Eleven Times Square
> New York, NY  10036

to represent Plaintiffs in this action.  Movant certifies that movant finds the applicant

to be a reputable and competent attorney, and movant is in a position to recommend

the applicant's admission.   The applicant is admitted, practicing, and in good

standing in the State of New York.

POTTER ANDERSON & CORROON LLP

By: */s/ David J. Baldwin*
     David J. Baldwin (No. 1010)
     Carla M. Jones (No. 6046)
     Hercules Plaza, Sixth Floor
     1313 North Market Street
     Wilmington, Delaware 19801
     (302) 984-6000 – Telephone
     dbaldwin@potteranderson.com
     cjones@potteranderson.com

Dated:  October 11, 2018         *Attorneys for Plaintiffs*
5953948/45380

2

Failla, John E.: Motion for Admission Pro Hav Vice on behalf of Plaintiffs Sycamore

# General Information

**Court**                          Delaware Superior Court, New Castle County

**Docket Number**                  N18C-09-211

Bloomberg Law®                    © 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

EFiled: Oct 11 2018 12:26PM EDT
Transaction ID 62548445
Case No. N18C-09-211 AML CCLD

## N THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SYCAMORE PARTNERS MANAGEMENT, L.P. (F/K/A SYCAMORE PARTNERS MANAGEMENT, L.L.C.), SYCAMORE PARTNERS, L.P., and SYCAMORE PARTNERS A, L.P., | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | C.A. No. N18C-09-211 AML CCLD |
| ENDURANCE AMERICAN INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, ZURICH AMERICAN INSURANCE COMPANY, XL SPECIALTY INSURANCE COMPANY, STARR INDEMNITY & LIABILITY COMPANY, MARKEL AMERICAN INSURANCE COMPANY, ARGONAUT INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, IRONSHORE INDEMNITY INC., and EVEREST NATIONAL INSURANCE COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **TRIAL BY JURY OF TWELVE DEMANDED** |
| Defendants. | ) ) | |

## NOTICE OF MOTION FOR ADMISSION *PRO HAC VICE*

TO:  ALL DELAWARE COUNSEL

PLEASE TAKE NOTICE that the attached Motion for Admission *Pro Hac Vice* of John E. Failla will be presented to the Honorable Abigail M. LeGrow at the convenience of the Court.

POTTER ANDERSON & CORROON LLP

By: */s/ David J. Baldwin*
    David J. Baldwin (No. 1010)
    Carla M. Jones (No. 6046)
    Hercules Plaza, Sixth Floor
    1313 North Market Street
    Wilmington, Delaware 19801
    (302) 984-6000 – Telephone
    dbaldwin@potteranderson.com
    cjones@potteranderson.com

Dated:  October 11, 2018       *Attorneys for Plaintiffs*
5953948/45380

2

Failla, John E.: Notice of Motion for Admission Pro Hav Vice on behalf of Plaintiffs

# General Information

**Court**                          Delaware Superior Court, New Castle County

**Docket Number**                  N18C-09-211

© 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

**EFiled:  Oct 11 2018 12:26PM EDT**
**Transaction ID 62548445**
**Case No. N18C-09-211 AML CCLD**

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

SYCAMORE PARTNERS                              )
MANAGEMENT, L.P. (F/K/A                         )
SYCAMORE PARTNERS                              )
MANAGEMENT, L.L.C.), SYCAMORE                  )
PARTNERS, L.P., and SYCAMORE                   )
PARTNERS A, L.P.,                              )
                                               )
           Plaintiffs,              )
                                               )
      v.                           )   C.A. No. N18C-09-211 AML CCLD
                                               )
ENDURANCE AMERICAN INSURANCE                   )   **TRIAL BY JURY OF**
COMPANY, CONTINENTAL                           )   **TWELVE DEMANDED**
CASUALTY COMPANY, ZURICH                       )
AMERICAN INSURANCE COMPANY,                    )
XL SPECIALTY INSURANCE                         )
COMPANY, STARR INDEMNITY &                     )
LIABILITY COMPANY, MARKEL                      )
AMERICAN INSURANCE COMPANY,                    )
ARGONAUT INSURANCE COMPANY,                    )
GREAT AMERICAN INSURANCE                       )
COMPANY, IRONSHORE INDEMNITY                   )
INC., and EVEREST NATIONAL                     )
INSURANCE COMPANY,                             )
                                               )
           Defendants.              )

## O R D E R

The foregoing motion for the admission of John E. Failla to practice in

this action *pro hac vice* is hereby granted.

IT IS SO ORDERED this _____ day of _____, 2018.

_____
The Honorable Abigail M. LeGrow

This page has been intentionally left blank

Failla, John E.: Proposed Order granting the Motion for Admission Pro Hav Vice on

# General Information

| | |
|---|---|
| **Court** | Delaware Superior Court, New Castle County |
| **Docket Number** | N18C-09-211 |

Bloomberg Law®

© 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

EFiled: Oct 11 2018 12:26PM EDT
Transaction ID 62548445
Case No. N18C-09-211 AML CCLD

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| SYCAMORE PARTNERS MANAGEMENT, L.P. (F/K/A SYCAMORE PARTNERS MANAGEMENT, L.L.C.), SYCAMORE PARTNERS, L.P., and SYCAMORE PARTNERS A, L.P., | ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. N18C-09-211 AML CCLD ) |
| ENDURANCE AMERICAN INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, ZURICH AMERICAN INSURANCE COMPANY, XL SPECIALTY INSURANCE COMPANY, STARR INDEMNITY & LIABILITY COMPANY, MARKEL AMERICAN INSURANCE COMPANY, ARGONAUT INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, IRONSHORE INDEMNITY INC., and EVEREST NATIONAL INSURANCE COMPANY, | ) **TRIAL BY JURY OF** ) **TWELVE DEMANDED** ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## <u>CERTIFICATION OF JOHN E. FAILLA</u>

John E. Failla hereby certifies that:

1.      I shall be bound by the Delaware Lawyers' Rules of

Professional Conduct.

2.      I, and all attorneys of my firm who directly or indirectly provide

services to the parties or cause at issue, shall be bound by all Rules of the Court.

3.    I have reviewed the Principles of Professionalism for Delaware Lawyers.

4.    I consent to the appointment of the Prothonotary as agent upon whom service of process may be made for all actions, including disciplinary actions, that may arise out of the practice of law under this rule and any activities related thereto.

5.    I have appeared in the following actions in the courts of record of Delaware in the preceding twelve months: *Sun Life Assurance Company of Canada v. U.S. Bank National Association as Securities Intermediary, et al.*, Civil Action No. 17-00075-LPS, United States District Court for the District of Delaware.

6.    I do not maintain an office in the State of Delaware.

7.    I am a member in good standing of the Bar of the State of New York.

8.    I have not been disbarred or suspended and am not the object of any pending disciplinary proceedings in any jurisdiction where I have been admitted generally, *pro hac vice*, or in any other way.

9.    I am admitted for the practice of law in the following state(s) or other jurisdiction(s): State of New York; United States District Court for the Eastern District of New York; United States District Court for the Southern District of New York; United States Court of Appeals for the Second Circuit; United States Court of

2

Appeals for the Federal Circuit; United States Court of Appeals for the First Circuit; United States Court of Appeals for the Seventh Circuit; United States Court of Appeals for the Ninth Circuit; and United States Court of Appeals for the Eleventh Circuit.

10.     Payment for the *pro hac vice* admission assessment in the amount of Four Hundred and Seven Dollars ($407.00) is being submitted via File & Serve*Xpress* simultaneous with submission of this certification, to be deposited with the Prothonotary.

_____
John E. Failla

Dated:  October 10, 2018

3

Failla, John E.: Certification for Admission Pro Hav Vice on behalf of Plaintiffs

# General Information

**Court**                    Delaware Superior Court, New Castle County

**Docket Number**            N18C-09-211

© 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

EFiled: Oct 15 2018 01:49PM EDT
Transaction ID 62559283
Case No. N18C-09-211 AML CCLD

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

SYCAMORE PARTNERS )
MANAGEMENT, L.P. (F/K/A )
SYCAMORE PARTNERS )
MANAGEMENT, L.L.C.), )
SYCAMORE PARTNERS, L.P., and )
SYCAMORE PARTNERS A, L.P., )
                            )
       *Plaintiffs,* )
                            )
v. )
                            )   C.A. NO.: N18C-09-211 AML
ENDURANCE AMERICAN )   (CCLD)
INSURANCE COMPANY, )
CONTINENTAL CASUALTY )
COMPANY, ZURICH AMERICAN )
INSURANCE COMPANY, XL )
SPECIALTY INSURANCE )
COMPANY, STARR INDEMNITY & )
LIABILITY COMPANY, MARKEL )
AMERICAN INSURANCE )
COMPANY, ARGONAUT )
INSURANCE COMPANY, GREAT )
AMERICAN INSURANCE )
COMPANY, IRONSHORE )
INDEMNITY INC., and EVEREST )
NATIONAL INSURANCE COMPANY )
                            )
       *Defendants.* )

## DEFENDANT MARKEL AMERICAN INSURANCE COMPANY'S MOTION TO DISMISS

Defendant Markel American Insurance Company ("MAIC"), by and through

undersigned counsel, hereby moves to dismiss with prejudice Counts II and III of

Plaintiffs' Complaint as to MAIC pursuant to Rules 12(b)(1) and/or 12(b)(6) of the

Rules of Civil Procedure for the Superior Court, or in the alternative based on the doctrine of *forum non conveniens*.  The grounds for this Motion are set forth in the Opening Brief filed contemporaneously herewith.

|  | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
|---|---|
| OF COUNSEL: | */s/ Elena C. Norman* |
|  | Elena C. Norman (No. 4780) |
| LOCKE LORD LLP | Rodney Square |
| Michael F. Perlis | 1000 North King Street |
| Cary J. Economou | Wilmington, DE 19899 |
| 300 S. Grand Avenue | (302) 571-6600 |
| Suite 2600 |  |
| Los Angeles, CA 90071 |  |
| (213) 485-1500 | *Counsel for Defendant Markel American Insurance Company* |
| Dated:  October 15, 2018 |  |

## **CERTIFICATE OF SERVICE**

I, Elena C. Norman, Esquire, hereby certify that on October 15, 2018,

a copy of the foregoing document was served on the following counsel in the

manner indicated below:

## **BY FILE & SERVEXPRESS**

David J. Baldwin, Esq.
Carla M. Jones, Esq.
POTTER ANDERSON
  & CORROON LLP
Hercules Plaza, Sixth Floor
1313 North Market Street
Wilmington, DE 19801

<div style="text-align: right;">

*/s/ Elena C. Norman*
Elena C. Norman (#4780)

</div>

01:23728598.1

This page has been intentionally left blank

Defendant Markel American Insurance Company's Motion to Dismiss with certificate of

# General Information

**Court**                          Delaware Superior Court, New Castle County

**Docket Number**                  N18C-09-211

Bloomberg Law®

© 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

EFiled: Oct 15 2018 01:49PM EDT
Transaction ID 62559283
Case No. N18C-09-211 AML CCLD

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| SYCAMORE PARTNERS MANAGEMENT, L.P. (F/K/A SYCAMORE PARTNERS MANAGEMENT, L.L.C.), SYCAMORE PARTNERS, L.P., and SYCAMORE PARTNERS A, L.P., <br><br> *Plaintiffs,* <br><br> v. <br><br> ENDURANCE AMERICAN INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, ZURICH AMERICAN INSURANCE COMPANY, XL SPECIALTY INSURANCE COMPANY, STARR INDEMNITY & LIABILITY COMPANY, MARKEL AMERICAN INSURANCE COMPANY, ARGONAUT INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, IRONSHORE INDEMNITY INC., and EVEREST NATIONAL INSURANCE COMPANY <br><br> *Defendants.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. NO.: N18C-09-211 AML (CCLD) |

## [PROPOSED] ORDER

**IT IS HEREBY ORDERED** this __ day of _____, 2018, after

consideration of the Motion to Dismiss of Defendant Markel American Insurance

Company pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of Civil Procedure

for the Superior Court of the State of Delaware, or in the alternative based on the

doctrine of *forum non conveniens*, and any opposition thereto, that the Motion is

GRANTED, as follows:

    A. Count II is dismissed as to Defendant Markel American Insurance
       Company, with prejudice; and

    B. Count III is dismissed as to Defendant Markel American Insurance
       Company, with prejudice.


                                                _____
                                                The Honorable Abigail M. LeGrow

# General Information

| | |
|---|---|
| **Court** | Delaware Superior Court, New Castle County |
| **Docket Number** | N18C-09-211 |

Bloomberg Law®

**EFiled:  Oct 15 2018 01:49PM EDT**
**Transaction ID 62559283**
**Case No. N18C-09-211 AML CCLD**

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| SYCAMORE PARTNERS MANAGEMENT, L.P. (F/K/A SYCAMORE PARTNERS MANAGEMENT, L.L.C.), SYCAMORE PARTNERS, L.P., and SYCAMORE PARTNERS A, L.P., <br><br> *Plaintiffs,* <br><br> v. <br><br> ENDURANCE AMERICAN INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, ZURICH AMERICAN INSURANCE COMPANY, XL SPECIALTY INSURANCE COMPANY, STARR INDEMNITY & LIABILITY COMPANY, MARKEL AMERICAN INSURANCE COMPANY, ARGONAUT INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, IRONSHORE INDEMNITY INC., and EVEREST NATIONAL INSURANCE COMPANY <br><br> *Defendants.* | C.A. NO.: N18C-09-211 AML (CCLD) |

# DEFENDANT MARKEL AMERICAN INSURANCE COMPANY'S
## BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

OF COUNSEL:                          YOUNG CONAWAY STARGATT
                                      & TAYLOR, LLP
LOCKE LORD LLP                       Elena C. Norman (No. 4780)
Michael F. Perlis                    Rodney Square
Cary J. Economou                     1000 North King Street
300 S. Grand Avenue                  Wilmington, DE 19899
Suite 2600                           (302) 571-6600
Los Angeles, CA 90071
(213) 485-1500

Dated:  October 15, 2018             *Counsel for Defendant Markel
                                     American Insurance Company*

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION.................................................................................................1

II.   FACTUAL BACKGROUND ...........................................................................3

   A.   Nature of the Proceedings.................................................................3

   B.   Statement of Relevant Facts .............................................................4

     1.   The Policies of Underlying Insurance..........................................4

     2.   Allegations of the Complaint ................................................5

III.  ARGUMENT.....................................................................................................7

   A.   Counts II and III, As Alleged Against MAIC, Are Not Ripe For
Adjudication And Based On Their Prematurity Should Be Dismissed. ...............8

   B.   Sycamore Failed To Allege Exhaustion As Required By The Terms Of The
Policies....................................................................................................15

   C.   This Action Should Be Dismissed Based On *Forum Non Conveniens*. .......17

     1.   The Application of the *McWane* Test .....................................18

     2.   The Application of the *Cryo-Maid* Test...................................20

       i.    The Evidence And Witnesses Are Located In New York.....................21

       ii.   Determinations Of Coverage Under The Policies Would Be Governed
By New York Law........................................................................22

       iii.    Practical Problems That Would Make The Case Easy, Expeditious and
Inexpensive To Try........................................................................22

       iv.   Pendency Of Another Action.................................................23

IV.   CONCLUSION.................................................................................23

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**CASES**

*Appriva S'holder Litig. Co. v. ev3, Inc.*,
  937 A.2d 1275 (Del. 2007) ...................................................................8

*Aranda v. Philip Morris USA Inc.*,
  183 A.3d 1245 (Del. 2018) .................................................................17

*Bebchuk v. CA, Inc.*,
  902 A.2d 737 (Del. Ch. 2006) .............................................................9

*Chrysler First Bus. Credit Corp. v. 1500 Locust Ltd. Partnership*,
  669 A.2d 104 (Del. 1995) ...................................................................21

*Cooper v. Certain Underwriters at Lloyd's, London*,
  2018 WL 1548208 (9th Cir. Mar. 30, 2018) ......................................15

*Cornell Glasgow v. LaGrange Props., LLC*,
  2012 WL 3157124 (Del. Super. Ct. Aug. 1, 2012)...............................8

*Diedenhofen-Lennartz v. Diedenhofen*,
  931 A.2d 439 (Del. Ch. 2007) ...........................................................19

*Dura Pharms., Inc. v. Scandipharm, Inc.*,
  713 A.2d 925 (Del. Ch. 1998) ...........................................................18

*Energy P'rs, Ltd. v. Stone Energy Corp.*,
  2006 WL 2947483 (Del. Ch. Oct. 11, 2006) ........................................9

*Gen. Foods Corp. v. Cryo-Maid, Inc.*,
  198 A.2d 681 (Del. 1964) .......................................................17, 20, 21

*Gen. Video Corp v. Kertesz*,
  2006 WL 2051023 (Del. Ch. July 19, 2006) ......................................19

*Intel Corp. v. Am. Guar. & Liability Ins. Co.*,
  51 A.3d 442 (Del. 2012) .....................................................................16

ii

*Kurtin v. KRE LLC*,
 2005 WL 1200188 (Del. Ch. May 16, 2005)......................................................19

*LaFayette v. Christian*,
 2012 WL 3608690 (Del. Super. Ct. Aug. 21, 2012)............................................8

*Martinez v. E.I. DuPont de Nemours and Co., Inc*.,
 86 A.3d 1102 (Del. 2014) ...................................................................................21

*McWane Cast Iron Pipe Corp. v. McDowell-Wellman Eng'g Co*.,
 263 A.2d 281 (Del. 1970) ...............................................................17, 18, 19, 20

*Md. Cas. Co. v. Pac. Coal & Oil Co*.,
 312 U.S. 270 (1941)..............................................................................................7

*Monsanto Co. v. Aetna Casualty and Surety Co*.,
 565 A.2d 268 (Del. Super. 1989)........................................................9, 10, 11, 12

*Prather v. Doroshow, Pasquale, Krawitz & Bhaya*,
 2011 WL 1465520 (Del. Super. Ct. Apr. 14, 2011) ............................................8

*Qualcomm, Inc. v. Certain Underwriters at Lloyd's, London*,
 161 Cal. App. 4th 184 (2008) .............................................................................15

*Schick Inc. v. Amalgamated Clothing & Textile Workers Union*,
 533 A.2d 1235 (Del. Ch. 1987) ..........................................................................15

*In re Tri-Star Pictures, Inc. Litig*.,
 634 A.2d 319 (Del. 1993) .....................................................................................8

*Williams Gas Supply Co. v. Apache Corp*.,
 1991 WL 18091 (Del. Super. Feb. 12, 1991) ...............................................21, 22

**RULES**
Super. Ct. Civ. R. 12(b)(1)...........................................................................................8

Super. Ct. Civ. R. 12(b)(6)...........................................................................................7

iii

## DEFENDANT MARKEL AMERICAN INSURANCE COMPANY'S
## BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

Defendant Markel American Insurance Company ("MAIC"), through its undersigned counsel, hereby files the instant Motion to Dismiss the Complaint filed by Plaintiffs Sycamore Partners Management, L.P. (f/k/a Sycamore Partners Management, L.L.C.), Sycamore Partners, L.P., and Sycamore Partners A, L.P. (collectively "Plaintiffs" or "Sycamore").

## I.    INTRODUCTION

Sycamore seeks by this lawsuit to compel the Defendant Insurers to fully pay an unidentified settlement of a yet to be filed litigation and all Defense Expenses submitted without regard to the contents of the applicable Policies and the nature of the Defense Expenses.  That is simply not what either the law or the Policies require.

While the Defendant Insurers are not even aware of the full details of any Claims to be asserted against Sycamore, they have been sued for failing to blindly agree to provide coverage under their respective policies of insurance for unknown Claims and Defense Expenses.  In light of what the Complaint does not allege and cannot allege, this action is not ripe for adjudication because Sycamore cannot meet its burden to demonstrate an "actual controversy" exists between it and MAIC, and the action fails to state a claim as to MAIC for which relief may be granted.  While Sycamore may surmise as to what it thinks the Claims will be,

until the facts and claims are set forth, there is no way for MAIC to ascertain whether or not there is coverage for any potential, yet unidentified, settlement. Accordingly, Sycamore's request is not sufficiently ripe to implicate this Court's subject matter jurisdiction and fails to state a claim such that it should be dismissed.

Notwithstanding the failure to identify the Claims for which coverage is sought, Sycamore also fails to recognize that MAIC has no obligation to provide coverage under the Excess Follow Form, Policy No. MKLM6EL0002892 (the "MAIC Excess Policy"), which MAIC issued to Sycamore, until such time as the Underlying Insurance in the amount of $50,000,000 has been exhausted by payment of covered Loss. Sycamore did not and cannot allege that the Underlying Insurance in the amount of $50,000,000 has been exhausted by the actual payment of reasonable, covered Loss. Therefore, MAIC has no obligation to reimburse all Defense Expenses and/or indemnify any settlement until exhaustion of Underlying Insurance. Accordingly, for Sycamore's failure to state a claim for which relief can be granted, this action should be dismissed.

It is apparent as well that this Complaint should also be dismissed based on *forum non conveniens*. The only connection to Delaware is that some of the parties are organized under Delaware law. Otherwise, the parties' principal places of business are in New York or locations other than Delaware. The conduct

underlying the potential Claim and/or settlement occurred in New York. The bankruptcy of Nine West is pending in the Southern District of New York. The MAIC Excess Policy was issued in New York. Premiums were paid in New York. New York law will apply to coverage determinations. Given the strong connections this dispute has to New York, it should be dismissed to allow for it to be re-filed in New York.

MAIC respectfully requests that this Court dismiss with prejudice Counts II and III as to MAIC and without leave to replead pursuant to Superior Court Rules of Civil Procedure 12(b)(1) and/or 12(b)(6), or in the alternative, dismiss this action based on *forum non conveniens*.

## II.   FACTUAL BACKGROUND

### A.   Nature of the Proceedings

Sycamore has filed the Complaint asserting causes of action against MAIC for declaratory judgment. MAIC moves to dismiss the Complaint under Superior Court Rules of Civil Procedure 12(b)(1) due to lack of ripeness and 12(b)(6) for failure to state a claim on which relief may be granted. MAIC is also seeking dismissal based on *forum non conveniens.*

B.    Statement of Relevant Facts

1.    ***The Policies of Underlying Insurance***

MAIC issued to Sycamore Partners Management, L.P., as the Named Insured, an Excess Follow Form Policy, No. MKLM6EL0002892 (the "MAIC Excess Policy") for the Policy Period of December 31, 2015 to June 30, 2018.  The MAIC Excess Policy, except as stated otherwise, "shall provide the Insureds with insurance in accordance with the terms, conditions and exclusions set forth in the Followed Policy and, to the extent coverage is further limited or restricted thereby, in any other Underlying Insurance."  Amended Insuring Agreement (Form MAUB 1503 01 15).  MAIC's obligations, if any, are triggered "only after the insurers of the Underlying Insurance, an excess difference–in–conditions ("DIC") insurer, the Insureds, or parties on behalf of the Insureds pay in legal currency as loss covered under the Underlying Insurance the full amount of the Underlying Limit." *Id.* MAIC's maximum aggregate liability for all Loss covered under its policy is $10,000,000 excess of $50,000,000.

The Followed Policy was issued by Endurance American Insurance Company ("Endurance")[1] and has aggregate combined Limits of Liability for all Loss, including Defense Expenses, of $10,000,000 per Claim and in the aggregate excess of a $500,000 Retention.   The Underlying Insurance consists of the

---

[1] Endurance is now a member of the Sompo International Companies ("Sompo").

4

Followed Policy plus four other excess policies of insurance, each of which has aggregate Limits of Liability of $10,000,000.[2]

## 2.    *Allegations of the Complaint*

Sycamore is a private equity group, located at 9 West 57th Street, New York, New York, that consists of entities that, respectively, manage and hold investments in portfolio companies through a variety of strategies, including leveraged buyouts, distressed buyouts, corporate carve-outs, and debt investments. (Compl. ¶ 2.)  Starting in August of 2017, various parties began to assert claims against Sycamore alleging that Sycamore and various Sycamore Individuals (as those terms are defined in the Complaint) committed wrongful acts in connection with Sycamore's investment in and transactions involving a portfolio company called Nine West Holdings, Inc. ("Nine West").  (Compl. ¶ 5.)  Over the following months, creditors of Nine West asserted additional Claims against Sycamore and Sycamore Individuals, including but not limited to in various proposed "restructuring agreements" of Nine West, which demanded that Sycamore pay settlement funds to compensate for the alleged damages caused by Sycamore and the Sycamore Individuals to Nine West and its creditors. (Compl. ¶ 42.)

---

[2] The insurers of the Underlying Insurance are Endurance, Continental Casualty Company, Zurich American Insurance Company, XL Specialty Insurance Company and Starr Indemnity & Liability Company.

Nine West and certain affiliated companies subsequently filed for Chapter 11 petitions on April 6, 2018 in the United States Bankruptcy Court for the Southern District of New York, at which time the Nine West bankruptcy estate became empowered to pursue claims against Sycamore and the Sycamore Individuals and negotiate potential settlement of such claims.[3]   (Compl. ¶ 5.) Specifically, the Nine West bankruptcy estate — through the disinterested directors of Nine West — became empowered to pursue all Claims against Sycamore and the Sycamore Individuals (again, the "Nine West Claims") and to negotiate potential settlements of the Nine West Claims with Sycamore.  The Nine West Claims include, among others, alleged fraudulent conveyances, breaches of fiduciary duty and aiding and abetting breaches of fiduciary duty.  (Compl. ¶ 43.)

On September 11, 2018, the disinterested directors of Nine West and the Committee of Unsecured Creditors of Nine West sent a written demand letter to Sycamore.  This demand letter reiterated and alleged the Nine West Claims against Sycamore and the Sycamore Individuals, including various alleged breaches of fiduciary duties and aiding and abetting of breaches of fiduciary duties. (Compl. ¶ 44.)  The demand letter further provided that it was not intended to express each

---

[3] This allegation may not be accurate, as it is MAIC's understanding that the Bankruptcy Court has not yet provided its authority to creditors and/or a trustee to pursue any claims.

and every claim that may be asserted against the Sycamore Defendants or others, nor to detail every relevant fact or even to highlight the most important facts.

Allegedly, Sycamore has already incurred several million dollars of Defense Expenses in the investigation and defense of the claims asserted against Sycamore and the Sycamore Individuals (the "Nine West Claims") and continues to incur substantial Defense Expenses. (Compl. ¶¶ 6, 45.)   By this action, Plaintiffs accordingly seek declarations that (a) the Insurers are obligated to provide coverage for all Defense Expenses incurred for the Nine West Claims and (b) the Insurers are obligated to provide coverage for any settlement of the Nine West Claims.  (Compl. ¶ 9.)

## III.   ARGUMENT

A declaratory judgment action presents an actual controversy if "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941).  Under Superior Court Civil Rule 12(b)(6), the Court may dismiss a plaintiff's claim for "failure to state a claim upon which relief can be granted." Super. Ct. Civ. R. 12(b)(6).  "The Court must determine whether the claimant may recover under any reasonably conceivable set of circumstances susceptible of proof [and] accept as true all non-conclusory, well-pleaded

7

allegations." *LaFayette v. Christian*, No. N12C-04-163 MMJ, 2012 WL 3608690, at *1 (Del. Super. Aug. 21, 2012) (internal citation and quotation marks omitted). The Court may consider documents attached to or incorporated by reference in the complaint, matters "integral" to the complaint, and facts of which a court may take judicial notice, such as publicly-filed documents and matters that are not the subject of reasonable dispute. *See Cornell Glasgow v. LaGrange Props., LLC*, No. N11C-07-160 JRS CCLD, 2012 WL 3157124, at *3 n.28 (Del. Super. Aug. 1, 2012); *Prather v. Doroshow, Pasquale, Krawitz & Bhaya*, No. 11 C-02-139 RRC, 2011 WL 1465520, at *1 n.2 (Del. Super. Apr. 14, 2011). Conclusions "will not be accepted as true without specific allegations of fact to support them." *In re Tri-Star Pictures, Inc. Litig.*, 634 A.2d 319, 326 (Del. 1993).

"Unlike the standards employed in Rule 12(b)(6) analysis, the guidelines for the Court's review of [a] Rule 12(b)(1) motion are far more demanding of the non-movant. The burden is on Plaintiffs to prove jurisdiction exists. Further, the Court need not accept Plaintiffs['] factual allegations as true and is free to consider facts not alleged in the complaint." *Appriva S'holder Litig. Co. v. ev3, Inc.*, 937 A.2d 1275, 1284 n.14 (Del. 2007) (first alteration in original) (citation omitted).

A. Counts II and III, As Alleged Against MAIC, Are Not Ripe For Adjudication And Based On Their Prematurity Should Be Dismissed.

Count II of the Complaint seeks a declaration that MAIC, as an Excess Insurer, is required to pay all Defense Expenses in excess of the $10,000,000 limit

8

of the primary, Followed Policy (Compl. ¶ 66.)  Count III seeks a declaration that the Defendant Insurers, including MAIC, are obligated to provide coverage to Sycamore for any settlement of the Nine West Claims.  (Compl. ¶ 75.)  However, as these two counts apply to MAIC, neither claim presents a justiciable controversy because there are too many unknown factors and contingencies relative to the exhaustion of the $50,000,000 in insurance underlying the MAIC Excess Policy, which is required to be exhausted prior to any obligation on the part of MAIC. Indeed, MAIC's current participation in this action is premature and a waste of this Court's limited resources.

In order for a claim to present an actual case or controversy, "the issue involved in the controversy must be ripe for judicial declaration." *Monsanto Co. v. Aetna Casualty and Surety Co*., 565 A.2d 268, 274 (Del. Super. 1989).  "Ripeness, the simple question of whether a suit has been brought at the correct time, goes to the very heart of whether a court has subject matter jurisdiction." *Bebchuk v. CA, Inc*., 902 A.2d 737, 740 (Del. Ch. 2006) (quoting 15 James W. Moore *et al*., *Moore's Federal Practice and Procedure* § 101.70[1] (3d ed. 2006)).  If a case is not ripe, it is not justiciable because a decision would result only in an advisory opinion. *Energy P'rs, Ltd. v. Stone Energy Corp*., No. 2402, 2006 WL 2947483, at *6 (Del. Ch. Oct. 11, 2006) ("Delaware courts must decline to exercise jurisdiction

over cases in which a controversy has not yet matured, to avoid rendering advisory opinions.") (internal quotation marks omitted).

In determining whether an issue is ripe, Delaware courts employ a five-part balancing test that involves:

> (1) a practical evaluation of the legitimate interests of the plaintiff in a prompt resolution of the question presented; (2) the hardship that further delay may threaten; (3) the prospect of future factual development that might affect the determination made; (4) the need to conserve scarce resources; and (5) a due respect for identifiable policies of law touching upon the subject matter in dispute.

*Monsanto*, 565 A.2d at 274.  More generally, "[t]he Court must use its judicial discretion based on the factors of each case to weigh the interests of an early resolution of the controversy, judicial economy and legal stability which, when taken together, may in some cases require dismissal of the declaratory judgment action." *Id.*  In this case, the five "ripeness" factors favor dismissal.

As applied to MAIC, both Counts II and III of the Complaint fail the "ripeness" requirement.  Specifically, with respect to the first "ripeness" factor, Sycamore has not alleged any current liability on behalf of MAIC for Defense Expenses that even remotely approach MAIC's $10,000,000 excess of $50,000,000 Limit of Liability.  Likewise, Sycamore has not alleged that any hypothetical settlement will exhaust the Underlying Insurance and trigger coverage under the MAIC Excess Policy.  In fact, Sycamore's Complaint acknowledges that there is

10

presently no settlement for which it is seeking indemnification.  *See* Compl. ¶ 9 (stating "Insurers are obligated to provide coverage for any settlement of the Nine West Claims" as opposed to the settlement because there is no settlement); ¶ 42 (proposed "restricting agreements" of Nine West, which demanded that Sycamore pay settlement funds to compensate for the alleged damages"); ¶ 43 ("[T]he Nine West bankruptcy estate . . . became empowered to . . . negotiate potential settlements . . . .").  As exhaustion is required to trigger the MAIC Excess Policy, which has neither occurred nor been alleged, there is thus no "legitimate interest[] . . . in a prompt resolution of the question," *Monsanto*, 565 A.2d at 274, of MAIC's obligation to reimburse Defense Expenses and/or contribute to an unknown settlement under the MAIC Excess Policy at this time.  Any request by Sycamore is therefore premature. Accordingly, because Sycamore cannot have a "legitimate interest" in pursuing a tentative and non-binding determination, the first "ripeness" factor favors dismissal.

Second, Sycamore will suffer no "hardship" from any delay in resolving its claims against MAIC.  It is too early to know if Sycamore's claims against the Defendant Insurers generally, and MAIC specifically, will ripen.  The Defendant Insurers' liability to Sycamore is entirely contingent upon numerous factors, which may or may not ever materialize, making Sycamore's Defense Expense and indemnification claims unripe.  As there is no settlement for which Sycamore can

seek indemnification, adjudicating the Defendant Insurers' indemnification obligations prospectively in these circumstances would be inappropriate and could only result in an impermissible advisory opinion. MAIC is not liable to Sycamore at this time and its absence from this litigation does no harm. However, so long as MAIC remains a defendant, it will be forced to incur substantial litigation costs defending itself in this premature action. Thus, it is MAIC, not Sycamore, which will suffer "hardship" if the claims against it are not dismissed. *See Monsanto*, 565 A.2d at 274.

Third, "the prospect of future factual development that might affect the determination made" also strongly favors MAIC. Not until the Defendants understand and appreciate the facts of the specific Claim for which Sycamore may ultimately be seeking coverage can such coverage be determined. Sycamore's simplistic assertions that by its mere purchase of a policy of insurance, it is guaranteed coverage, misses the mark. Coverage under the Policies applies subject to their terms, conditions and exclusions, which need to be considered in conjunction with the details of the Claim to determine the existence, if any, of coverage. For example, each of the Polices issued by the Excess Insurers requires exhaustion, and the Complaint does not allege, and cannot allege, that exhaustion has in fact occurred. Also, the Policies are reimbursement policies and not duty to defend policies and provide reimbursement only for reasonable, covered Defense

Expenses. Therefore, the Defendant Insurers have no duty to defend or contemporaneously reimburse Defense Expenses. All the Defendant Insurers are required to do is to pay covered Loss for covered Claims. There is no allegation or indication that any of the Defense Expenses are reasonable and covered. None of the invoices have been submitted for the Defendants or this Court to consider. How can the Court make the determination of covered Loss without seeing the invoices or other information relative to the incurred amounts?

In addition, the request for this Court to declare that the Defendant Insurers are required to indemnify all amounts of any settlement is without basis. The MAIC Excess Policy includes a Pending and Prior Litigation Exclusion that precludes coverage for any Claims made against Sycamore "based upon, arising from, or in consequence of any demand, suit, or other proceeding pending, or order, decree or judgment entered against any Insured prior to [December 31, 2016], or the same or substantially the same fact, circumstance or situation underlying or alleged therein." Pending and Prior Litigation Endorsement (Form MGEM 4303 12 15). Also, at the time of the issuance of certain excess policies, Sycamore warranted that it had no knowledge of any facts or circumstances that may give rise to a Claim. This preliminarily appears to be a false statement, and a determination of whether any indemnity is owing could center on the knowledge of various individuals within Sycamore—presumably, none of whom reside in

Delaware or are subject to subpoena by Delaware courts.[4]  Sycamore also agreed that "any claim based upon, arising from, or [] any act, error, omission of which any such person has any actual knowledge or information will be excluded from coverage under the [MAIC Excess Policy]."  December 31, 2016 Warranty Letter. Because this lawsuit is premature, there is no way to know if any potential Claim or settlement for which Sycamore demands reimbursement and indemnification will fall within the parameters of the aforementioned exclusion or warranty.[5] Currently, it is impossible to guess what facts may bear on the availability of coverage.  Thus, the third "ripeness" factor also favors dismissal.

Fourth, for all of the reasons stated herein, "the need to conserve scarce resources" factor also strongly favors MAIC's dismissal in order to spare MAIC from having to incur the costs of futile litigation and having this Court manage the needless litigation.

Finally, a "due respect for identifiable policies of law touching upon the subject matter in dispute" cautions against premature judgment, wasteful litigation and what would amount to an unenforceable determination as to MAIC's liability. One "identifiable polic[y] of law" in the evaluation of this fifth prong of the

---

[4] It is conceivable given the intense factual issues that would arise regarding indemnity coverage, in light of the warranty by Sycamore, that Sycamore would move to stay this litigation.

[5] MAIC believes that the September 11, 2018 demand letter sets forth facts which, if true, would constitute knowledge and a breach of the warranty.

"ripeness" test is the risk of an incorrect decision or error in the development of the law. *See Schick Inc. v. Amalgamated Clothing & Textile Workers Union*, 533 A.2d 1235, 1239 (Del. Ch. 1987) ("To address a matter before the facts surrounding the dispute are fully developed necessarily not only increases the risk of an incorrect judgment in the particular case, but risks, as well, an inappropriate or unnecessary step in the incremental law building process itself."). Due to the fact there is no judgment or settlement for the Defendant Insurers to consider whether indemnification is even warranted pursuant to the express terms of the Policies, the risk of an incorrect judgment is inherently increased. Accordingly, the fifth "ripeness" factor requires dismissal of Counts II and III as alleged against MAIC.

B.     Sycamore Failed To Allege Exhaustion As Required By The Terms Of The Policies.

Coverage under the MAIC Excess Policy has not been triggered by exhaustion of the Underlying Insurance, which is an indispensable condition precedent. *See, e.g., Qualcomm, Inc. v. Certain Underwriters at Lloyd's, London*, 161 Cal. App. 4th 184, 195 (2008) (no excess coverage absent exhaustion of underlying insurance by actual payment).[6] Sycamore appears to contend that it is entitled to coverage, be it reimbursement for Defense Expenses or indemnity for a

---

[6] New York law is not materially different from California regarding exhaustion of an excess policy requiring payment of its underlying limits whether by the Insurers or other parties. *See Cooper v. Certain Underwriters at Lloyd's, London*, No.: 2:14-cv-07475-FMO-MAN, 2018 WL 1548208, at *1 (9th Cir. Mar. 30, 2018).

settlement, from an excess insurer even when the insured has not received payment from the primary insurer sufficient to exhaust the underlying primary limit. Thus, in contravention of legal authority and the express terms of the Policies, Sycamore seeks a declaration that MAIC's excess coverage obligations to Sycamore are not contingent upon exhaustion of the limit of the underlying insurance and that the Excess Insurers are obligated to pay all Defense Expenses and any settlement. However, the "[p]lain policy language on exhaustion . . . will control." *Intel Corp. v. Am. Guar. & Liability Ins. Co.*, 51 A.3d 442, 450 (Del. 2012).

Sycamore contends that MAIC, as an Excess Carrier, must pay all submitted invoices for Defense Expenses notwithstanding the MAIC Excess Policy does not provide for that. The Defendants, including MAIC, are only obligated to pay reasonable and covered Defense Expenses incurred by Sycamore. There is no indication in Sycamore's Complaint that Defense Expenses are or ever will approach the layer of the MAIC Excess Policy, which would require Sycamore to incur more than $50,000,000 in Defense Expenses (plus Sycamore's $500,000 retention). Therefore, MAIC has no obligation under the MAIC Excess Policy until a determination has been made that Defense Expenses are reasonable and covered and all Underlying Insurance has been exhausted.

Any obligation MAIC has under the MAIC Excess Policy is triggered "only after the insurers of the Underlying Insurance, an excess difference-in-conditions

16

("DIC") insurer, the Insureds, or parties on behalf of the Insureds pay in legal currency as loss covered under the Underlying Insurance, the full amount of the Underlying Limit." Amended Insuring Agreement (Form MAUB 1503 01 15). Therefore, specifically, MAIC's coverage obligation as to Count II and/or Count III is not triggered until exhaustion of the $50 million Underlying Insurance plus Sycamore's $500,000 retention, and nowhere in the Complaint does Sycamore allege as much and there is no evidence to suggest exhaustion has occurred. Accordingly, Sycamore fails to state a claim for relief as to Count II and Count III.

C.  This Action Should Be Dismissed Based On *Forum Non Conveniens.*

As the Delaware Supreme Court recently reiterated, there are three "procedural postures of *forum non conveniens* disputes: a first-filed Delaware case with no case pending elsewhere (the *Cryo-Maid* test); a second-filed Delaware case with another first-filed case pending elsewhere (the *McWane* test); and . . . a later-filed Delaware case after another jurisdiction had dismissed a first-filed case for *forum non conveniens*." *Aranda v. Philip Morris USA Inc.*, No. 525, 2016, 183 A.3d 1245, 1250 (Del. 2018).

In this instance, arguably, with the pendency of the Nine West Bankruptcy action, there is a first-filed action in another forum, and the *McWane* test controls. To that end, the Delaware Supreme Court has long held that Delaware courts have broad discretion to dismiss an action in a later-filed lawsuit where there are earlier

filed actions regarding similar issues in a foreign jurisdiction.  *See McWane Cast Iron Pipe Corp. v. McDowell-Wellman Eng'g Co.*, 263 A.2d 281, 283 (Del. 1970) ("[A]s a general rule, litigation should be confined to the forum in which it is first commenced, and a defendant should not be permitted to defeat the plaintiffs choice of forum in a pending suit by commencing litigation involving the same cause of action in another jurisdiction of its own choosing . . . .").

### 1.    *The Application Of The McWane Test*

The first *McWane* factor considers whether there is a prior action pending elsewhere.  Arguably, the Nine West Bankruptcy action pending in the Southern District of New York is inextricably intertwined with this action and should be viewed as first-filed.  It is that Bankruptcy Court that will ultimately control the ability to bring or settle the litigation against Sycamore—the same litigation for which Sycamore seeks coverage in this action.  In addition, any disputes regarding any such potential litigation and settlement will be appealed from the Bankruptcy Court to the District Court of the Southern District of New York.  Subsequent to the Nine West Bankruptcy action, Sycamore filed this action despite the fact reactive lawsuits are disfavored in Delaware.  *See Dura Pharms., Inc. v. Scandipharm, Inc.*, 713 A.2d 925, 929 (Del. Ch. 1998) (allowing a "second-filed reactive Delaware action [to] succeed in ousting a foreign plaintiff of its choice of forum . . . would undermine the very considerations of comity and efficiency on

which the general rule of *McWane* is based . . . .").  This factor favors dismissal of this action in favor of another forum.

The second *McWane* factor is whether the prior action is in a court capable of doing prompt and complete justice.  Any coverage litigation should take place in the Southern District of New York based on the factors noted herein.  The District Court is fully capable of providing prompt and complete justice.  New York law should apply to the coverage dispute.  The Plaintiffs' principal place of business is in New York.  The conduct underlying the Nine West Bankruptcy action and any coverage litigation occurred in New York.  The great majority of witnesses relevant to the coverage dispute reside in New York and virtually all relevant documents are maintained in New York.  There is no question that the District Court of the Southern District of New York can do prompt and complete justice.

The third *McWane* factor is whether the two actions involve the same parties and substantially the same issues.  "Consistent with the *McWane* doctrine generally, the 'same parties, same issues' analysis focuses on substance over form." *Kurtin v. KRE LLC*, 2005 WL 1200188, at *4 (Del. Ch. May 16, 2005).  "The captions need not be exact replicas, nor must the counts in each complaint be identical." *Diedenhofen-Lennartz v. Diedenhofen*, 931 A.2d 439, 446 (Del. Ch. 2007); *see also Gen. Video Corp v. Kertesz*, 2006 WL 2051023, at *4 (Del. Ch.

July 19, 2006) ("An absolute identity of the parties and issues is not necessary for a dismissal or stay under *McWane*.").

Once the Nine West Bankruptcy action has authorized litigation against Sycamore, the two actions will both involve Sycamore. More importantly, the substantive issues involved in each action are substantially similar. Both actions will focus on the underlying conduct of Sycamore for purposes of litigation against Sycamore based on the Nine West Bankruptcy action and for a determination of coverage under the policies of insurance issued by the Defendant Insurers. Simply put, the subsequent coverage litigation arises out of the same set of facts as the Nine West Bankruptcy action. This factor favors dismissal of this action.

### 2. *The Application of the Cryo-Maid Test*

Should this Court determine that the Nine West Bankruptcy action is not a first-filed action, then the *Cryo-Maid* test applies to determine dismissal. The *Cryo-Maid* test requires consideration of:

> (1)   the relative ease of access to proof;
> (2)   the availability of compulsory process for witnesses;
> (3)   the possibility of the view of the premises;[7]
> (4)   whether the controversy is dependent upon the application of Delaware law, which the courts of this State more properly should decide than those of another jurisdiction;
> (5)   the pendency or non-pendency of a similar action or actions in another jurisdiction; and
> (6)   all other practical problems that would make the trial of the case easy, expeditious and inexpensive.

---

[7] This factor is not impacted in this matter.

*Martinez v. E.I. DuPont de Nemours and Co., Inc*., 86 A.3d 1102, 1104 (Del. 2014) (citing *Gen. Foods Corp. v. Cryo-Maid, Inc.*, 198 A.2d 681 (Del. 1964)).

However, the Delaware Supreme Court has noted that the issue is not the number of factors favoring one side or the other, but "whether any or all of the *Cryo-Maid* factors establish that defendant will suffer overwhelming hardship and inconvenience if forced to litigate in Delaware." *Chrysler First Bus. Credit Corp. v. 1500 Locust Ltd. Partnership*, 669 A.2d 104, 108 (Del. 1995). Furthermore, this Court "may permissibly exercise its discretion under *Cryo-Maid* to weigh appropriately the [Defendant Insurers'] interest in obtaining an authoritative ruling from the relevant foreign courts on the legal issue on which its liability hinges, as distinguished from a predictive, non-authoritative ruling by our courts." *Martinez*, 86 A.3d at 1111; *see also Williams Gas Supply Co. v. Apache Corp.*, No.: 90C-AU-1, 1991 WL 18091, at *4 (Del. Super. Feb. 12, 1991) ("This Court recognizes that the interests of other States in a dispute should not be usurped by Delaware, where the only nexus to Delaware is the incorporation of one or both of the parties.").

### i. The Evidence And Witnesses Are Located In New York.

As set forth in the Complaint, all of the parties' principal places of business are located in places other than Delaware. *See* Compl. ¶¶ 10-12: Plaintiffs—New York; ¶¶ 13, 17, 21: Defendants Endurance, Starr, and Ironshore—New York;

21

¶¶ 14, 15: Defendants CNA and Zurich—Illinois; ¶ 16: Defendant XL—Connecticut; ¶ 18: Defendant MAIC—Virginia; ¶ 19: Defendant Argonaut—Texas; ¶ 20: Defendant Great American—Ohio; ¶ 22: Defendant Everest—New Jersey.  As these entities are not located in in Delaware, none of the witnesses or evidence is located in Delaware.  This factor weighs in favor of dismissal.

> ii.  *Determinations Of Coverage Under The Policies Would Be Governed By New York Law.*

As the Policies were negotiated and issued to an insured located in New York and the conduct at issue occurred in New York, it is only reasonable that the claims are governed by New York law.  *See Williams*, 1991 WL 18091, at *3 ("While it is not unusual for courts of this State to deal with questions arising under the law of other jurisdictions, the fact that Delaware law will likely not apply does weigh in favor of the defendant's motion.").  Accordingly, as Delaware law will not apply to resolution of the coverage issues, this factor favors dismissal.

> iii.  *Practical Problems That Would Make the Case Easy, Expeditious and Inexpensive to Try.*

Any litigation in this action against any of the Defendant Insurers has to be authorized by the United States Bankruptcy Court for the Southern District of New York in which the Nine West Bankruptcy action is pending.  Further, any settlement of this action has to be approved by the United States Bankruptcy Court for the Southern District of New York.  Should litigation be approved by the

22

Bankruptcy Court and a settlement thereof, they would both be subject to the views of all of the other constituencies in the bankruptcy, none of whom may be located in Delaware.

<div align="center">

*iv.*      *Pendency Of Another Action.*

</div>

As discussed above, the Nine West Bankruptcy action is a prior pending action.  As a result, this Court should dismiss this case and order that it should be properly filed in New York.  This factor therefore also favors dismissal.

## IV.    CONCLUSION

Because Sycamore's Complaint, specifically the two Counts alleged against MAIC, fails to state a claim on which relief may be granted, and because Sycamore has failed to and cannot meet its burden to demonstrate the existence of a ripe controversy within this Court's jurisdiction, MAIC respectfully requests that the Court dismiss Counts II and III of the Complaint as alleged against MAIC with prejudice and without the right to replead.

In the alternative, this Court should dismiss this action based on *forum non conveniens* for the reasons set forth herein.

YOUNG CONAWAY STARGATT
 & TAYLOR, LLP

OF COUNSEL:

*/s/ Elena  C. Norman*

LOCKE LORD LLP

Elena C. Norman (No. 4780)

Michael F. Perlis

Rodney Square

Cary J. Economou

1000 North King Street

300 S. Grand Avenue

Wilmington, DE 19899

Suite 2600

(302) 571-6600

Los Angeles, CA 90071

(213) 485-1500

*Counsel for Defendant Markel*

Dated:  October 15, 2018

*American Insurance Company*

24

This page has been intentionally left blank

Defendant Markel American Insurance Company's Brief in Support of Its Motion to Dismiss

# General Information

**Court**                        Delaware Superior Court, New Castle County

**Docket Number**                N18C-09-211

© 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service



**EFiled: Oct 15 2018 02:41PM EDT
Transaction ID 62559794
Case No. N18C-09-211 AML CCLD**

ROCKEFELLER CENTER

Elena C. Norman
P 302.571.5029
F 302.576.3402
enorman@ycst.com

October 15, 2018

**HAND DELIVERY AND
FILEANDSERVEXPRESS**

The Honorable Abigail M. LeGrow
Superior Court of the State of Delaware
Leonard L. Williams Justice Center
500 North King Street
Wilmington, DE 19801

Re: *Sycamore Partners Management, L.P., et al. v. Endurance American
Insurance Company, et al.* N18C-09-211-AML (CCLD)

Dear Judge LeGrow:

Enclosed please find two courtesy copies of (1) Defendant Markel

American Insurance Company's Motion to Dismiss, and (2) Defendant Markel

American Insurance Company's Brief in Support of its Motion to Dismiss.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Abigail M. LeGrow
October 15, 2018
Page 2

   Counsel is available at the Court's convenience if Your Honor has any

questions regarding the enclosed.

        Respectfully submitted,

        */s/ Elena C. Norman*

        Elena C. Norman (No. 4780)


Enclosures

cc: David Baldwin, Esq. (via e-filing)
  Carla Jones, Esq. (via e-filing)

Letter to The Honorable Abigail M. LeGrow from Elena C. Norman enclosing copies of

# General Information

| | |
|---|---|
| **Court** | Delaware Superior Court, New Castle County |
| **Docket Number** | N18C-09-211 |

© 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

EFiled:  Oct 15 2018 04:48PM EDT
Transaction ID 62560934
Case No. N18C-09-211 AML CCLD

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| SYCAMORE PARTNERS MANAGEMENT, L.P. (F/K/A SYCAMORE PARTNERS MANAGEMENT, L.L.C.), SYCAMORE PARTNERS, L.P., and SYCAMORE PARTNERS A, L.P., <br><br> Plaintiffs, <br><br> v. <br><br> ENDURANCE AMERICAN INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, ZURICH AMERICAN INSURANCE COMPANY, XL SPECIALTY INSURANCE COMPANY, STARR INDEMNITY & LIABILITY COMPANY, MARKEL AMERICAN INSURANCE COMPANY, ARGONAUT INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, IRONSHORE INDEMNITY INC., and EVEREST NATIONAL INSURANCE COMPANY, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> C.A. No. N18C-09-211 AML CCLD <br><br> **TRIAL BY JURY OF TWELVE DEMANDED** |

## AMENDMENT TO COMPLAINT
## <u>UNDER SUPERIOR COURT RULE 4(h)</u>

| | |
|---|---|
| STATE OF DELAWARE | ) |
| | ) ss: |
| COUNTY OF NEW CASTLE | ) |

BE IT REMEMBERED, that on this 15th day of October, 2018, did personally

appear before me the Subscriber, a Notary for the State and County aforesaid,

DAVID J. BALDWIN, who, being by me duly sworn according to law, did depose and say:

1.    That he is an attorney duly licensed to practice before the Courts of the State of Delaware and is a partner with the firm of Potter Anderson & Corroon LLP, counsel for plaintiff herein.

2.    That on October 4, 2018, a copy of the Summons and Complaint filed by plaintiff in the above-captioned matter, together with a transmittal letter advising said defendant that service had been made upon it pursuant to the provisions of 10 *Del. C.* § 3104(d)(3), was mailed by Certified Mail, Return Receipt Requested, to Argonaut Insurance Company, a non-resident defendant in the above-captioned matter.

3.    That attached hereto as Exhibit A is the postal service receipt that he received on October 4, 2018, and that evidences mailing of the documents by Certified Mail pursuant to the provisions of 10 *Del. C.* § 3104(d)(3) to defendant Argonaut Insurance Company, c/o an Officer, a Managing or General agent, 175 East Houston Street – Suite 1300, San Antonio, TX  78205.

2

5957918/45380

4.      That attached hereto as Exhibit B is Argonaut Insurance Company's

return receipt received on October 9, 2018, which evidences receipt of the

Documents by defendant Argonaut Insurance Company.

_____

David J. Baldwin

Sworn and Subscribed Before Me
This 15th day of October, 2018

_____
Notary Public

My Commission Expires: 4/4/19



3

5957918/45380

This page has been intentionally left blank

# General Information

**Court**                                  Delaware Superior Court, New Castle County

**Docket Number**              N18C-09-211

© 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

EFiled:  Oct 15 2018 04:48PM EDT
Transaction ID 62560934
Case No. N18C-09-211 AML CCLD

# EXHIBIT A



7017 1450 0001 1211 8058

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $

Postage
$

Total Postage and Fees
$

Sent To
Argonaut Insurance Company
c/o an Officer, a Managing or
Street and Apt. No.
General agent
175 East Houston Street, Suite 1300
City, State, ZIP+4®
San Antonio, TX 78205

PS Form 3800,

# General Information

**Court**                      Delaware Superior Court, New Castle County

**Docket Number**              N18C-09-211

Bloomberg Law®

EFiled: Oct 15 2018 04:48PM EDT
Transaction ID 62560934
Case No. N18C-09-211 AML CCLD

# EXHIBIT B

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Argonaut Insurance Company
c/o an Officer, a Managing or
General agent
175 East Houston Street, Suite 1300
San Antonio, TX 78205

9590 9402 3737 7335 1878 77

2. Article Number (Transfer from service label)

7017 1450 0001 1211 8058

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X [signature]
☐ Agent
☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

USPS TRACKING #

9590 9402 3737 7335 1878 77

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

*Potter Anderson & Corroon*
*P.O. Box 951*
*1313 N. Market Street*
*Wilmington, De. 19899-0951*

DJB/MA

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

ALERT: USPS SERVICES ARE DISRUPTED IN SOME FLORIDA PANHANDLE AREAS I...

# USPS Tracking®   FAQs › (https://www.usps.com/faqs/uspstracking-faqs.htm)

## Track Another Package  +

**Tracking Number:** 70171450000112118058                    Remove ✕

Your item was delivered to the front desk or reception area at 2:37 pm on October 9, 2018 in SAN ANTONIO, TX 78205.

☑ **Delivered**

October 9, 2018 at 2:37 pm
Delivered, Front Desk/Reception
SAN ANTONIO, TX 78205

Get Updates ⌄

Feedback

| Text & Email Updates | ⌄ |
|---|---|

| Tracking History | ⌄ |
|---|---|

| Product Information | ⌄ |
|---|---|

See Less ⌃

# Can't find what you're looking for?

This page has been intentionally left blank

# General Information

| | |
|---|---|
| **Court** | Delaware Superior Court, New Castle County |
| **Docket Number** | N18C-09-211 |

© 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

**EFiled:  Oct 15 2018 04:48PM EDT**
**Transaction ID 62560934**
**Case No. N18C-09-211 AML CCLD**

## <u>CERTIFICATE OF SERVICE</u>

David J. Baldwin hereby certifies that, on this 15th day of October 2018, he

caused to be filed, via File & Serve*Xpress*, an electronic version of the foregoing

document and to be served, via File & Serve*Xpress*, upon the Delaware Counsel of

record identified below:

| | |
|---|---|
| Elena C. Norman, Esq.<br>Young Conaway Stargatt<br>  & Taylor, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE  19801<br><br>*Attys. for Markel American Insurance Company* | |

/s/ David J. Baldwin
David J. Baldwin (No. 1010)
Carla M. Jones (No. 6046)

5959313/45380

This page has been intentionally left blank

Certificate of Service for Amendment to Complaint Under Superior Court Rule 4(h) for

# General Information

| | |
|---|---|
| **Court** | Delaware Superior Court, New Castle County |
| **Docket Number** | N18C-09-211 |

© 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

EFiled:  Oct 15 2018 04:55PM EDT
Transaction ID 62561048
Case No. N18C-09-211 AML CCLD

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| SYCAMORE PARTNERS MANAGEMENT, L.P. (F/K/A SYCAMORE PARTNERS MANAGEMENT, L.L.C.), SYCAMORE PARTNERS, L.P., and SYCAMORE PARTNERS A, L.P., | ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| ENDURANCE AMERICAN INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, ZURICH AMERICAN INSURANCE COMPANY, XL SPECIALTY INSURANCE COMPANY, STARR INDEMNITY & LIABILITY COMPANY, MARKEL AMERICAN INSURANCE COMPANY, ARGONAUT INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, IRONSHORE INDEMNITY INC., and EVEREST NATIONAL INSURANCE COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

C.A. No. N18C-09-211 AML CCLD

**TRIAL BY JURY OF TWELVE DEMANDED**

## AMENDMENT TO COMPLAINT
## UNDER SUPERIOR COURT RULE 4(h)

| | |
|---|---|
| STATE OF DELAWARE | ) |
| | ) ss: |
| COUNTY OF NEW CASTLE | ) |

BE IT REMEMBERED, that on this 15th day of October, 2018, did personally

appear before me the Subscriber, a Notary for the State and County aforesaid,

DAVID J. BALDWIN, who, being by me duly sworn according to law, did depose and say:

1.      That he is an attorney duly licensed to practice before the Courts of the State of Delaware and is a partner with the firm of Potter Anderson & Corroon LLP, counsel for plaintiff herein.

2.      That on October 4, 2018, a copy of the Summons and Complaint filed by plaintiff in the above-captioned matter, together with a transmittal letter advising said defendant that service had been made upon it pursuant to the provisions of 10 *Del. C.* § 3104(d)(3), was mailed by Certified Mail, Return Receipt Requested, to Great American Insurance Company, a non-resident defendant in the above-captioned matter.

3.      That attached hereto as Exhibit A is the postal service receipt that he received on October 4, 2018, and that evidences mailing of the documents by Certified Mail pursuant to the provisions of 10 *Del. C.* § 3104(d)(3) to defendant Great American Insurance Company, c/o an Officer, a Managing or General agent, 301 E. Fourth Street, Cincinnati, OH  45202.

2

5957868/45380

4.      That attached hereto as Exhibit B is Great American Insurance

Company's return receipt received on October 9, 2018, which evidences receipt of

the Documents by defendant Great American Insurance Company.

David J. Baldwin

Sworn and Subscribed Before Me
This 15th day of October, 2018

Notary Public

My Commission Expires: 4/4/19



3

5957868/45380

This page has been intentionally left blank

# General Information

| | |
|---|---|
| **Court** | Delaware Superior Court, New Castle County |
| **Docket Number** | N18C-09-211 |

EFiled:  Oct 15 2018 04:55PM EDT
Transaction ID 62561048
Case No. N18C-09-211 AML CCLD

# EXHIBIT A



# General Information

| | |
|---|---|
| **Court** | Delaware Superior Court, New Castle County |
| **Docket Number** | N18C-09-211 |

© 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

Sycamore Partners Management, L.P., et al. v. Endurance American Insurance Company, et al., Docket No. N18C-09-211 (Del.

Current on Bloomberg Law as of Oct. 22, 2018 20:29:00

**Delaware Superior Court**
**New Castle County**
**Docket for Case #: N18C-09-211 AML CCLD**

# Sycamore Partners Management, L.P., et al. v. Endurance American Insurance Company, et al.

Date Filed:        Sept 24, 2018
Status:           Active
Assigned to:      Abigail M LeGrow
Case Type:       Civil-Complex Commercial - CCLD - Complex Commercial Litigation Division

## Parties and Attorneys

| Plaintiff | Sycamore Partners A, L.P. | |
|---|---|---|
| Representation | **Baldwin, David J**<br>*Potter Anderson & Corroon LLP-Wilmington*<br>1313 N Market St Fl 6<br>Wilmington, DE 19801<br>phone: (302) 984-6000<br>dbaldwin@potteranderson.com<br>Bar Id: DE/1010 | **Carla Jones**<br>phone: (302) 984-6000<br>fax: (302) 658-1192 |

| Plaintiff | Sycamore Partners Management, L.P. (f/k/a Sycamore Partners Management, L.L.C.) | |
|---|---|---|
| Representation | **Baldwin, David J**<br>*Potter Anderson & Corroon LLP-Wilmington*<br>1313 N Market St Fl 6<br>Wilmington, DE 19801<br>phone: (302) 984-6000<br>dbaldwin@potteranderson.com<br>Bar Id: DE/1010 | **Carla Jones**<br>phone: (302) 984-6000<br>fax: (302) 658-1192 |

| Plaintiff | Sycamore Partners, L.P. | |
|---|---|---|
| Representation | **Baldwin, David J**<br>*Potter Anderson & Corroon LLP-Wilmington*<br>1313 N Market St Fl 6<br>Wilmington, DE 19801<br>phone: (302) 984-6000<br>dbaldwin@potteranderson.com<br>Bar Id: DE/1010 | **Carla Jones**<br>phone: (302) 984-6000<br>fax: (302) 658-1192 |

| Defendant | Argonaut Insurance Company |
|---|---|

© 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

Sycamore Partners Management, L.P., et al. v. Endurance American Insurance Company, et al., Docket No. N18C-09-211 (Del.

| | |
|---|---|
| Defendant | Continental Casualty Company |
| Defendant | Endurance American Insurance Company |
| Defendant | Everest National Insurance Company |
| Defendant | Great American Insurance Company |
| Defendant | Ironshore Indemnity Inc. |
| Defendant | Markel American Insurance Company |
| Representation | Elena C Norman<br>phone: (302) 571-6680<br>fax: (302) 571-3341 |
| Defendant | Starr Indemnity & Liability Company |
| Defendant | XL Specialty Insurance Company |
| Defendant | Zurich American Insurance Company |

# Docket Entries

| Entry # | Filing Date | Description | | | |
|---|---|---|---|---|---|
| BL-1 | Sept 24, 2018 | Complaint | | | |
| | **Date** | **Time** | **Type** | **Status** | |
| | Sep 25, 2018 | 10:16:08 | Complaint | Accepted | |
| BL-2 | Sept 24, 2018 | Case Information Statement . | | | |
| | **Date** | **Time** | **Type** | | **Status** |
| | Sep 25, 2018 | 10:16:08 | Case Information Statement | | Accepted |
| BL-3 | Sept 24, 2018 | Praecipe | | | |
| | **Date** | **Time** | **Type** | **Status** | |
| | Sep 25, 2018 | 10:16:08 | Praecipe | Accepted | |
| BL-4 | Sept 24, 2018 | Summons Under 10 Del. C. Section 3104 | | | |

© 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

Sycamore Partners Management, L.P., et al. v. Endurance American Insurance Company, et al., Docket No. N18C-09-211 (Del.

|       | Date          | Time             | Type              | Status   |
|-------|---------------|------------------|-------------------|----------|
|       | Sep 25, 2018  | 10:16:08         | Summons           | Accepted |

| BL-5  | Sept 24, 2018 | Summons Insurance Commissioner |  |  |
|-------|---------------|--------------------------------|--|--|
|       | **Date**      | **Time**         | **Type**          | **Status** |
|       | Sep 25, 2018  | 10:16:08         | Summons           | Accepted |

| BL-6  | Sept 24, 2018 | Summons Registered Agent |  |  |
|-------|---------------|--------------------------|--|--|
|       | **Date**      | **Time**         | **Type**          | **Status** |
|       | Sep 25, 2018  | 10:16:09         | Summons           | Accepted |

| BL-7  | Oct 5, 2018   | (31) Writs issued on 10-2-2018. |  |  |
|-------|---------------|---------------------------------|--|--|
|       | **Date**      | **Time**         | **Type**          | **Status** |
|       | Oct 5, 2018   | 15:43:17         | Writ(s) Issued    | Accepted |

| BL-8  | Oct 9, 2018   | Entry of Appearance of Elena C. Norman, Esq. of Young Conaway Stargatt & Taylor, LLP on behalf of Defendant Markel American Insurance Company with certificate of service |  |  |
|-------|---------------|--------------------------|--|--|
|       | **Date**      | **Time**         | **Type**          | **Status** |
|       | Oct 10, 2018  | 13:46:32         | Entry of Appearance | Accepted |

| BL-9  | Oct 9, 2018   | Perlis, Michael F.: Motion for Admission Pro Hac Vice to represent Defendant Markel American Insurance Company with certificate of service |  |  |
|-------|---------------|--------------------------|--|--|
|       | **Date**      | **Time**         | **Type**          | **Status** |
|       | Oct 10, 2018  | 13:46:32         | Motion for Pro Hac Vice | Accepted |

| BL-10 | Oct 9, 2018   | Perlis, Michael F.: Notice of Motion for Admission Pro Hac Vice to represent Defendant Markel American Insurance Company to be presented at the convenience of the Court. |  |  |
|-------|---------------|--------------------------|--|--|
|       | **Date**      | **Time**         | **Type**          | **Status** |
|       | Oct 10, 2018  | 13:46:33         | Notice            | Accepted |

| BL-11 | Oct 9, 2018   | Perlis, Michael F.: Certification Pursuant to Superior Court Civil Rule 90.1(B) to Motion for Admission Pro Hac Vice to represent Defendant Markel American Insurance Company |  |  |
|-------|---------------|--------------------------|--|--|
|       | **Date**      | **Time**         | **Type**          | **Status** |
|       | Oct 10, 2018  | 13:46:33         | Certification     | Accepted |

| BL-12 | Oct 9, 2018   | Perlis, Michael F. : [Proposed] Order to Motion for Admission Pro Hac Vice to represent Defendant Markel American Insurance Company |  |  |
|-------|---------------|--------------------------|--|--|
|       | **Date**      | **Time**         | **Type**          | **Status** |
|       | Oct 10, 2018  | 13:46:33         | Proposed Order - Pro Hac Vice | Accepted |

| BL-13 | Oct 9, 2018   | Economou, Cary J.: Motion for Admission Pro Hac Vice to represent Defendant Markel American Insurance Company |  |  |
|-------|---------------|--------------------------|--|--|
|       | **Date**      | **Time**         | **Type**          | **Status** |
|       | Oct 10, 2018  | 13:46:33         | Motion for Pro Hac Vice | Accepted |

**Bloomberg Law**®

© 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

Sycamore Partners Management, L.P., et al. v. Endurance American Insurance Company, et al., Docket No. N18C-09-211 (Del.

| BL-14 | Oct 9, 2018 | Economou, Cary J.: Notice of Motion for Admission Pro Hac Vice to represent Defendant Markel American Insurance Company to be presented at the convenience of the Court |
|---|---|---|

| Date | Time | Type | Status |
|---|---|---|---|
| Oct 10, 2018 | 13:46:33 | Notice | Accepted |

| BL-15 | Oct 9, 2018 | Economou, Cary J.: Certification Pursuant to Superior Court Civil Rule 90.1(B) to Motion for Admission Pro Hac Vice to represent Defendant Markel American Insurance Company |
|---|---|---|

| Date | Time | Type | Status |
|---|---|---|---|
| Oct 10, 2018 | 13:46:33 | Certification | Accepted |

| BL-16 | Oct 9, 2018 | Economou, Cary J. : [Proposed] Order to Motion for Admission Pro Hac Vice to represent Defendant Markel American Insurance Company |
|---|---|---|

| Date | Time | Type | Status |
|---|---|---|---|
| Oct 10, 2018 | 13:46:33 | Proposed Order - Pro Hac Vice | Accepted |

| BL-17 | Oct 11, 2018 | Failla, John E.: Motion for Admission Pro Hav Vice on behalf of Plaintiffs Sycamore Partners Management, L.P., et al. |
|---|---|---|

| Date | Time | Type | Status |
|---|---|---|---|
| Oct 11, 2018 | 12:50:37 | Motion for Pro Hac Vice | Accepted |

| BL-18 | Oct 11, 2018 | Failla, John E.: Notice of Motion for Admission Pro Hav Vice on behalf of Plaintiffs Sycamore Partners Management, L.P., et al. to be presented at the convenience of the Court |
|---|---|---|

| Date | Time | Type | Status |
|---|---|---|---|
| Oct 11, 2018 | 12:50:37 | Notice | Accepted |

| BL-19 | Oct 11, 2018 | Failla, John E.: Proposed Order granting the Motion for Admission Pro Hav Vice on behalf of Plaintiffs Sycamore Partners Management, L.P., et al. |
|---|---|---|

| Date | Time | Type | Status |
|---|---|---|---|
| Oct 11, 2018 | 12:50:37 | Proposed Order - Pro Hac Vice | Accepted |

| BL-20 | Oct 11, 2018 | Failla, John E.: Certification for Admission Pro Hav Vice on behalf of Plaintiffs Sycamore Partners Management, L.P., et al. |
|---|---|---|

| Date | Time | Type | Status |
|---|---|---|---|
| Oct 11, 2018 | 12:50:37 | Certification | Accepted |

| BL-21 | Oct 11, 2018 | Failla, John E.: Certificate of Service for Motion for Admission Pro Hav Vice on behalf of Plaintiffs Sycamore Partners Management, L.P., et al. |
|---|---|---|

| Date | Time | Type | Status |
|---|---|---|---|
| Oct 11, 2018 | 12:50:37 | Certificate of Service | Accepted |

| BL-22 | Oct 11, 2018 | Lander, Nathan R.: Motion for Admission Pro Hac Vice on behalf of Plaintiffs Sycamore Partners Management, L.P., et al. |
|---|---|---|

| Date | Time | Type | Status |
|---|---|---|---|
| Oct 11, 2018 | 12:57:13 | Motion for Pro Hac Vice | Accepted |

| BL-23 | Oct 11, 2018 | Lander, Nathan R.: Notice of Motion for Admission Pro Hac Vice on behalf of |
|---|---|---|

© 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

Sycamore Partners Management, L.P., et al. v. Endurance American Insurance Company, et al., Docket No. N18C-09-211 (Del.

Plaintiffs Sycamore Partners Management, L.P., et al to be presented at the convenience of the Court

| | Date | Time | Type | Status |
|---|---|---|---|---|
| | Oct 11, 2018 | 12:57:13 | Notice | Accepted |

| | | | | | |
|---|---|---|---|---|---|
| BL-24 | Oct 11, 2018 | Lander, Nathan R.: Proposed Order granting the Motion for Admission Pro Hac Vice on behalf of Plaintiffs Sycamore Partners Management, L.P., et al | | | |

| | Date | Time | Type | Status |
|---|---|---|---|---|
| | Oct 11, 2018 | 12:57:13 | Proposed Order - Pro Hac Vice | Accepted |

| | | | | | |
|---|---|---|---|---|---|
| BL-25 | Oct 11, 2018 | Lander, Nathan R.: Certification for Admission Pro Hac Vice on behalf of Plaintiffs Sycamore Partners Management, L.P., et al | | | |

| | Date | Time | Type | Status |
|---|---|---|---|---|
| | Oct 11, 2018 | 12:57:13 | Certification | Accepted |

| | | | | | |
|---|---|---|---|---|---|
| BL-26 | Oct 11, 2018 | Lander, Nathan R.: Certificate of Service for Motion for Admission Pro Hac Vice on behalf of Plaintiffs Sycamore Partners Management, L.P., et al | | | |

| | Date | Time | Type | Status |
|---|---|---|---|---|
| | Oct 11, 2018 | 12:57:13 | Certificate of Service | Accepted |

| | | | | | |
|---|---|---|---|---|---|
| BL-27 | Oct 12, 2018 | Granted (Lander, Nathan R.: Proposed Order granting the Motion for Admission Pro Hac Vice on behalf of Plaintiffs Sycamore Partners Management, L.P., et al) | | | |

| | Date | Time | Type | Status |
|---|---|---|---|---|
| | Oct 15, 2018 | 13:23:09 | Order - Pro Hac Vice | Accepted |

| | | | | | |
|---|---|---|---|---|---|
| BL-28 | Oct 12, 2018 | Granted (Failla, John E.: Proposed Order granting the Motion for Admission Pro Hav Vice on behalf of Plaintiffs Sycamore Partners Management, L.P., et al.) | | | |

| | Date | Time | Type | Status |
|---|---|---|---|---|
| | Oct 15, 2018 | 13:23:40 | Order - Pro Hac Vice | Accepted |

| | | | | | |
|---|---|---|---|---|---|
| BL-29 | Oct 12, 2018 | Granted (Perlis, Michael F. : [Proposed] Order to Motion for Admission Pro Hac Vice to represent Defendant Markel American Insurance Company) | | | |

| | Date | Time | Type | Status |
|---|---|---|---|---|
| | Oct 15, 2018 | 13:26:38 | Order - Pro Hac Vice | Accepted |

| | | | | | |
|---|---|---|---|---|---|
| BL-30 | Oct 12, 2018 | Granted (Economou, Cary J. : [Proposed] Order to Motion for Admission Pro Hac Vice to represent Defendant Markel American Insurance Company) | | | |

| | Date | Time | Type | Status |
|---|---|---|---|---|
| | Oct 15, 2018 | 13:26:38 | Order - Pro Hac Vice | Accepted |

| | | | | | |
|---|---|---|---|---|---|
| BL-31 | Oct 15, 2018 | Defendant Markel American Insurance Company's Motion to Dismiss with certificate of service | | | |

| | Date | Time | Type | Status |
|---|---|---|---|---|
| | Oct 15, 2018 | 14:18:53 | Motion to Dismiss | Accepted |

| | | | | | |
|---|---|---|---|---|---|
| BL-32 | Oct 15, 2018 | [Proposed] Order to Defendant Markel American Insurance Company's Motion to Dismiss | | | |

| | Date | Time | Type | Status |
|---|---|---|---|---|

**Bloomberg Law**®

© 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

Sycamore Partners Management, L.P., et al. v. Endurance American Insurance Company, et al., Docket No. N18C-09-211 (Del.

| | Oct 15, 2018 | 14:18:53 | Proposed Order | Accepted |
|---|---|---|---|---|

| BL-33 | Oct 15, 2018 | Defendant Markel American Insurance Company's Brief in Support of Its Motion to Dismiss with certificate of service | | |
|---|---|---|---|---|

| Date | Time | Type | Status |
|---|---|---|---|
| Oct 15, 2018 | 14:18:53 | Opening Brief | Accepted |

| BL-34 | Oct 15, 2018 | Letter to The Honorable Abigail M. LeGrow from Elena C. Norman enclosing copies of Defendant Markel American Insurance Company's Motion to Dismiss and Brief | | |
|---|---|---|---|---|

| Date | Time | Type | Status |
|---|---|---|---|
| Oct 16, 2018 | 08:30:46 | Letter | Accepted |

| BL-35 | Oct 15, 2018 | Amendment to Complaint Under Superior Court Rule 4(h) for Argonaut Insurance Company pursuant to 10 Del. C. Section 3104(d)(3) | | |
|---|---|---|---|---|

| Date | Time | Type | Status |
|---|---|---|---|
| Oct 16, 2018 | 08:45:44 | Amendment to the Complaint | Accepted |

| BL-36 | Oct 15, 2018 | Exhibit A to Amendment to Complaint Under Superior Court Rule 4(h) for Argonaut Insurance Company pursuant to 10 Del. C. Section 3104(d)(3) | | |
|---|---|---|---|---|

| Date | Time | Type | Status |
|---|---|---|---|
| Oct 16, 2018 | 08:45:44 | Exhibits | Accepted |

| BL-37 | Oct 15, 2018 | Exhibit B to Amendment to Complaint Under Superior Court Rule 4(h) for Argonaut Insurance Company pursuant to 10 Del. C. Section 3104(d)(3) | | |
|---|---|---|---|---|

| Date | Time | Type | Status |
|---|---|---|---|
| Oct 16, 2018 | 08:45:44 | Exhibits | Accepted |

| BL-38 | Oct 15, 2018 | Certificate of Service for Amendment to Complaint Under Superior Court Rule 4(h) for Argonaut Insurance Company pursuant to 10 Del. C. Section 3104(d)(3) | | |
|---|---|---|---|---|

| Date | Time | Type | Status |
|---|---|---|---|
| Oct 16, 2018 | 08:45:44 | Certificate of Service | Accepted |

| BL-39 | Oct 15, 2018 | Amendment to Complaint Under Superior Court Rule 4(h) for Great American Insurance Company pursuant to 10 Del. C. Section 3104(d)(3) | | |
|---|---|---|---|---|

| Date | Time | Type | Status |
|---|---|---|---|
| Oct 16, 2018 | 08:46:34 | Amendment to the Complaint | Accepted |

| BL-40 | Oct 15, 2018 | Exhibit A to Amendment to Complaint Under Superior Court Rule 4(h) for Great American Insurance Company pursuant to 10 Del. C. Section 3104(d)(3) | | |
|---|---|---|---|---|

| Date | Time | Type | Status |
|---|---|---|---|
| Oct 16, 2018 | 08:46:34 | Exhibits | Accepted |

| BL-41 | Oct 15, 2018 | Exhibit B to Amendment to Complaint Under Superior Court Rule 4(h) for Great American Insurance Company pursuant to 10 Del. C. Section 3104(d)(3) | | |
|---|---|---|---|---|

| Date | Time | Type | Status |
|---|---|---|---|
| Oct 16, 2018 | 08:46:34 | Exhibits | Accepted |

| BL-42 | Oct 15, 2018 | Certificate of Service for Amendment to Complaint Under Superior Court Rule 4(h) for Great American Insurance Company pursuant to 10 Del. C. Section 3104(d)(3) | | |
|---|---|---|---|---|

Sycamore Partners Management, L.P., et al. v. Endurance American Insurance Company, et al., Docket No. N18C-09-211 (Del.

|  | Date | Time | Type | Status |
|---|---|---|---|---|
|  | Oct 16, 2018 | 08:46:34 | Certificate of Service | Accepted |

| BL-43 | Oct 15, 2018 | Amendment to Complaint Under Superior Court Rule 4(h) for Ironshore Indemnity Inc. pursuant to 10 Del. C. Section 3104(d)(3) | | |
|---|---|---|---|---|
|  | Date | Time | Type | Status |
|  | Oct 16, 2018 | 10:05:38 | Amendment to the Complaint | Accepted |

| BL-44 | Oct 15, 2018 | Exhibit A to Amendment to Complaint Under Superior Court Rule 4(h) for Ironshore Indemnity Inc. pursuant to 10 Del. C. Section 3104(d)(3) | | |
|---|---|---|---|---|
|  | Date | Time | Type | Status |
|  | Oct 16, 2018 | 10:05:38 | Exhibits | Accepted |

| BL-45 | Oct 15, 2018 | Certificate of Service for Amendment to Complaint Under Superior Court Rule 4(h) for Ironshore Indemnity Inc. pursuant to 10 Del. C. Section 3104(d)(3) | | |
|---|---|---|---|---|
|  | Date | Time | Type | Status |
|  | Oct 16, 2018 | 10:05:38 | Certificate of Service | Accepted |

| BL-46 | Oct 15, 2018 | Amendment to Complaint Under Superior Court Rule 4(h) for Starr Indemnity & Liability Company pursuant to 10 Del. C. Section 3104(d)(3) | | |
|---|---|---|---|---|
|  | Date | Time | Type | Status |
|  | Oct 16, 2018 | 10:06:48 | Amendment to the Complaint | Accepted |

| BL-47 | Oct 15, 2018 | Exhibit A to Amendment to Complaint Under Superior Court Rule 4(h) for Starr Indemnity & Liability Company pursuant to 10 Del. C. Section 3104(d)(3) | | |
|---|---|---|---|---|
|  | Date | Time | Type | Status |
|  | Oct 16, 2018 | 10:06:48 | Exhibits | Accepted |

| BL-48 | Oct 15, 2018 | Exhibit B to Amendment to Complaint Under Superior Court Rule 4(h) for Starr Indemnity & Liability Company pursuant to 10 Del. C. Section 3104(d)(3) | | |
|---|---|---|---|---|
|  | Date | Time | Type | Status |
|  | Oct 16, 2018 | 10:06:48 | Exhibits | Accepted |

| BL-49 | Oct 15, 2018 | Certificate of Service for Amendment to Complaint Under Superior Court Rule 4(h) for Starr Indemnity & Liability Company pursuant to 10 Del. C. Section 3104(d)(3) | | |
|---|---|---|---|---|
|  | Date | Time | Type | Status |
|  | Oct 16, 2018 | 10:06:48 | Certificate of Service | Accepted |

| BL-50 | Oct 16, 2018 | Letter to Judge LeGrow from Elena C. Norman regarding Corrected Brief in Support of Defendant MAIC's Motion to Dismiss | | |
|---|---|---|---|---|
|  | Date | Time | Type | Status |
|  | Oct 17, 2018 | 08:39:13 | Letter | Accepted |

| BL-51 | Oct 16, 2018 | EXHIBIT A: Redline of Corrected Brief in Support of Defendant MAIC's Motion to Dismiss | | |
|---|---|---|---|---|
|  | Date | Time | Type | Status |
|  | Oct 17, 2018 | 08:39:13 | Exhibits | Accepted |

|  | Oct 16, 2018 | Corrected Brief in Support of Defendant MAIC's Motion to Dismiss with certificate of |

Sycamore Partners Management, L.P., et al. v. Endurance American Insurance Company, et al., Docket No. N18C-09-211 (Del.

**BL-52**

service

| Date | Time | Type | Status |
|------|------|------|--------|
| Oct 17, 2018 | 08:39:13 | Opening Brief | Accepted |

**BL-53**   Oct 22, 2018   Amendment to Complaint Under Superior Court Rule 4(h) for Continental Casualty Company pursuant to 10 Del. C. Section 3104(d)(3)

| Date | Time | Type | Status |
|------|------|------|--------|
| Oct 22, 2018 | 15:23:42 | Amendment to the Complaint | Accepted |

**BL-54**   Oct 22, 2018   Exhibit A to Amendment to Complaint Under Superior Court Rule 4(h) for Continental Casualty Company pursuant to 10 Del. C. Section 3104(d)(3)

| Date | Time | Type | Status |
|------|------|------|--------|
| Oct 22, 2018 | 15:23:42 | Exhibits | Accepted |

**BL-55**   Oct 22, 2018   Exhibit B to Amendment to Complaint Under Superior Court Rule 4(h) for Continental Casualty Company pursuant to 10 Del. C. Section 3104(d)(3)

| Date | Time | Type | Status |
|------|------|------|--------|
| Oct 22, 2018 | 15:23:42 | Exhibits | Accepted |

**BL-56**   Oct 22, 2018   Certificate of Service for Amendment to Complaint Under Superior Court Rule 4(h) for Continental Casualty Company pursuant to 10 Del. C. Section 3104(d)(3)

| Date | Time | Type | Status |
|------|------|------|--------|
| Oct 22, 2018 | 15:23:42 | Certificate of Service | Accepted |

This does not constitute the official record of the court. The information is provided "as is" and may be subject to errors or omissions.

Sycamore Partners Management, L.P., et al. v. Endurance American Insurance Company, et al., Docket No. N18C-09-211 (Del.

# General Information

| | |
|---|---|
| **Court** | Delaware Superior Court, New Castle County |
| **Docket Number** | N18C-09-211 |